IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

OHIO CASUALTY                    )
INSURANCE COMPANY,               )
                                 )
            Plaintiff,           )
v.                               )        CASE NO. 3:06-cv-977-MEF
                                 )
MANIFOLD CONSTRUCTION,           )
LLC, JACK MANIFOLD,              )
WHITTELSEY PROPERTIES, INC.,     )
and C.S. WHITTELSEY, IV,         )
                                 )
            Defendants.          )

PLAINTIFF'S BRIEF IN
RESPONSE TO DEFENDANTS'
<u>MOTIONS TO DISMISS</u>

Comes now the Plaintiff, Ohio Casualty Insurance Company, and in response to the Defendants' Motions to Dismiss states as follows:

**FACTS**

1.     As the Defendants allege, on February 24, 2005, Defendants Whittelsey Properties, Inc., and C.S. Whittelsey, IV (the "Whittelsey Defendants") filed suit in the Circuit Court of Lee County, Alabama, against Defendants Manifold Construction, LLC and Jack Manifold (the "Manifold Defendants") making tort and contract claims relating to alleged acts and omissions by the Manifold Defendants in connection with

1

the performance of a construction contract relating to a subdivision. (Defendants' Brief, pp. 2 and 3).

2.    Because of the identity of the parties, all of the Lee County Judges recused themselves, causing logistical difficulties and financial pressures on an already strapped state court system and requiring the Alabama Administrative Office of Court to select a judge from outside the Circuit to travel to and preside over the case. (SJIS Docket Sheet attached as Exhibit A).

3.    Plaintiff Ohio Casualty Insurance Company ("Ohio Casualty") provided a defense to the Manifold Defendants subject to a reservation of rights.

4.    Plaintiff Ohio Casualty was never party to the state court action and the interpretation of its liability policy vis-a-vis the Manifold Defendants and the Whittelsey Defendants was never made an issue for adjudication in the state court action (Defendants Brief, Exhibit B).

5.    Plaintiff Ohio Casualty did *attempt* the least invasive form of intervention -- a Motion for Limited Intervention to propound special interrogatories to the jury -- but it did not ever seek a declaratory judgment from the Circuit Court.

6.    Significantly, both Defendants have chosen not to make this Court aware that they objected to even this limited intervention by Plaintiff Ohio Casualty and were successful in preventing intervention from being achieved. Specifically, Defendants

2

herein argued that Ohio Casualty's Motion should be denied because, inter alia, it had no right to intervene and because intervention would violate ARCP 18(c). (Exhibit B hereto). Although the Circuit Court inadvertently granted the Motion for Limited Intervention on April 19, 2006, it on April 26, 2006, entered an order withdrawing the order granting the Motion and stating that it "will reconsider when the case is set for trial[1]. (Exhibit C hereto).

7.     However, when the Circuit Court failed to address the Motion for Limited Intervention at the beginning of the trial of the State Court action on October 30, 2006, Plaintiff Ohio Casualty filed this declaratory judgment action on October 31, 2006.

8.     Contrary to the Defendants' assertions, this action does not in any way "mirror" the Motion for Limited Intervention which merely sought the ability to procure the Circuit Court to submit interrogatories to the jury.

9.     In any event, when the Circuit Judge finally took up the Motion for Limited Intervention on November 2, 2006, the instant declaratory judgment action was already pending and so the Motion was withdrawn.

10.     Moreover, as of the date the Defendants filed these patently frivolous Motions

---

[1]The Circuit Judge later explained that he withdrew his order granting the Motion to Intervene at the request of legal counsel for Whittelsey and Manifold based upon their assertion that intervention would impede efforts to settle the case.

3

to Dismiss in the instant case, they *knew* there was no parallel state action involving the same issues and parties, and that there never had been.

11.    The Defendants' Briefs do not contain any argument that this declaratory judgment action was filed because of some improper motive, that it will not fully and effectively clarify and settle the obligations of the parties under the subject liability policies, or that it will somehow interfere with the State Court action, which has already gone to judgment.

## ARGUMENT

### A

### There Was No Waiver

The Defendants assert that "[b]y withdrawing its motion for limited intervention, Ohio Casualty waived any right it may have had to pursue a declaratory judgment as to the same issues raised in its motion for limited intervention." (Defendants' Brief, p. 4). They go on to state that "Ohio Casualty chose to avoid the most cost effective avenue to resolve the issues as raised in its motion for limited intervention and in its complaint for declaratory judgment." (*Id.*, p. 5).

The Defendant's argument is not only unsupported by the facts and the law, but borders on being disingenuous. As the evidence submitted by the Defendants makes clear, Plaintiff Ohio Casualty did not seek declaratory relief in the State Court action.

4

Instead it merely sought to intervene to submit interrogatories to the jury regarding certain facts, with the intention of using those answers in a separate, subsequently filed declaratory judgment action. *See, e.g., Farmers Ins. Exchange v. Raine,* 905 So.2d 832 (Ala. Civ. App. 2004).

Contrary to their current assertion that even declaratory relief could have been obtained in that State Court action, the Defendants vehemently objected to even the limited intervention that Plaintiff Ohio Casualty sought, and they *never* withdrew those objections. As a result, the Defendants were successful in preventing intervention and are now judicially estopped from asserting that a significantly more invasive request in that State Court action for declaratory relief by way of intervention would have passed without their objection. *New Hampshire v. Maine,* 532 U.S. 742, 749-750 (2001) (discussing judicial estoppel)[2].

In any event, Plaintiff Ohio Casualty's decision to throw up its hands and file this declaratory judgment action and then withdraw its Motion for Limited Intervention to submit interrogatories was obviously not, and never could be, a waiver of a right to seek declaratory relief from this Court. By filing this declaratory judgment action, Plaintiff Ohio Casualty made crystal clear its intention to seek full

---

[2]Among other things, ARCP 18(c) would preclude a joint trial of the Whittelsey claims against the Manifold Defendants, with claims for liability insurance, and there are myriad problems with attempting to address all of those claims on a bifurcated basis in the same action. Neither Defendant herein ever agreed to waive those objections.

blown declaratory relief regarding its rights and obligations under its liability insurance policies, and the subsequent withdrawal of the Motion for Limited Intervention shortly thereafter did not express or imply any different intention.

## B

### *AMERITAS* IS INAPPLICABLE TO THIS CASE

In *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005), the issue was whether a federal district court had the discretion to abstain from adjudicating a declaratory judgment action because of the pendency of a State court action involving the same issues and the same parties. Significantly, the Eleventh Circuit did not hold that a district court had unlimited discretion to do so. Instead, it gave certain "guideposts" for consideration and affirmed abstention under the particular facts of that case. However, none of the circumstances present in *Ameritas* are present in the instant action.

In affirming the District Court in that case, the Eleventh Circuit noted that "the state court action encompassed the complete controversy" while the District Court "had before it only an incomplete set of parties and claims...". *Id*, at 1331. In the instant case, however, there is no pending state court action encompassing any of the insurance coverage issues, much less all of them. Moreover, each of the issues and

necessary parties[3] are currently before this Court, and the Defendants do not even argue that this Court cannot satisfactorily adjudicate the claims of all of the parties and fully settle the controversy.

In *Ameritas* the Eleventh Circuit also noted that there was a difficult question of subject matter jurisdiction present. That is not the case in the instant litigation and the Defendants do not argue otherwise.

The Eleventh Circuit in *Ameritas* further observed that "to allow the declaratory action to proceed would amount to the unnecessary and inappropriate 'gratuitous interference' with the more encompassing and currently pending state action...", *Id.*, at 1332. However, and as previously mentioned, there is no "currently pending state action," much less one that is "more encompassing" than this action, and there never has been. Therefore, the Defendants' contention that "Ohio Casualty's present action mirrors its motion for limited intervention..." is baseless. (Defendant's Brief, p. 6)[4].

Finally, without citing any supporting evidence, the Defendants herein argue that "[i]t seems Ohio Casualty attempted to avoid further state court proceedings by

---

[3]Because Melissa Manifold and C.S. Whittelsey, III, were not parties to the verdict entered in the State Court action, they are not necessary parties to this action.

[4]Defendants assert that "a declaratory judgment action is not necessary in federal court as the issues raised in Ohio Casualty's complaint could be addressed in state court under Alabama's Direct Action Statute. See, *Ala. Code* 1975 § 27-23-2." However, that statute, which would permit the Whittelsey Defendants to assert a claim directly against Ohio Casualty, has not been invoked by them. Even if it was, by virtue of FRCP 13 such a claim would constitute a compulsory counterclaim in the instant action and, as the Defendants themselves point out (Defendant's Brief, p. 7) *Ala. Code* § 6-5-440 (1975) would prevent its simultaneous assertion in State court.

7

racing to federal court." (Defendant's Brief, pp. 6-7). If Plaintiff Ohio Casualty was engaged in a "race" to the federal courthouse, it certainly would not have filed its Motion for Limited Intervention in state court and delayed for over seven months to file the instant action. Thanks to the Defendants' objections, however, Plaintiff Ohio Casualty was met with a stone wall in State Court.

Thus, none of what the Eleventh Circuit classified at page 1332 of its opinion as being "primary factors" justifying abstention are present in the instant case. Further, the other, presumably secondary, factors are insufficient to justify abstention. *See, generally, Pennsylvania Lumbermen Mut. Ins. Co. v. T.R. Mill Co., Inc.*, 2006 WL 276964 (S.D. Ala. 2006) (denying motion to dismiss a declaratory judgment action seeking an interpretation of an insurance policy issued to an Alabama insured even though Alabama state law governed the dispute).

## C

### *Ala. Code* § 6-5-440 Is Inapplicable To The Instant Case

There is not a single Alabama case which even intimates that *Ala. Code* § 6-5-440 precludes a liability insurance carrier from simultaneously pursuing a declaratory action seeking a judicial declaration of its rights and obligations under a liability insurance policy while at the same time seeking merely to propound interrogatories to a jury in an action for damages against its insured, the answers to which would

8

constitute evidence in the declaratory judgment action.  Indeed, by virtue of ARCP 18(c), that is sometimes necessary.

In any event, and as the Defendants herein well knew when they filed this frivolous motion, the Motion For Limited Intervention had previously been withdrawn and is no longer pending.  Therefore, even if a Motion For Limited Intervention was erroneously deemed to be an "action" under § 6-5-440, that statute does not require or even justify the dismissal of this case.

## CONCLUSION

For the reasons stated hereinabove, the Plaintiff respectfully submits that the Defendants' Motions to Dismiss are due to be denied.

*/s/ Christopher Lyle McIlwain*

Christopher Lyle McIlwain (MCI-002)
Attorney for Plaintiff
Ohio Casualty Insurance Company

**OF COUNSEL:**

HUBBARD, SMITH, McILWAIN,
 BRAKEFIELD & BROWDER, P. C.
808 Lurleen Wallace Blvd., N.
P. O. Box 2427
Tuscaloosa, AL  35403
Telephone: (205) 345-6789

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.

<u>s/ Christopher Lyle McIlwain</u>

# EXHIBIT "A"



**Settings** | **Parties** | **Case Action Summary** | **Witness List** | **Financial** | **Consolidated CAS**

| County | 43 | Case Number | CV 2005 000137 00 | JID | XXX | Trial | J |
|---|---|---|---|---|---|---|---|
| Style | **WHITTELSEY PROPERTIES, INC, C SHELDON WHITTELSEY, III, C SHELDON WHITT** | | | | | | |
| Code | TOXX | Type | FRAUDULENT MISREPRES | Filed | 02242005 | Track | |
| Amount | | Status | **ACTIVE** | Plaintiffs | 003 | Defendants | 003 |
| DJID | | Court Action | 00000000 | | | For | |
| Damages-Comp | | Damages-Pun | | Damages-Gen | | No | |
| Trial Days | | Lien | | | | Damages | |

| Date 1 | | Que 1 | | Time 1 | | Description | |
|---|---|---|---|---|---|---|---|
| Date 2 | | Que 2 | | Time 2 | | Description | |
| Date 3 | 10302006 | Que 3 | 001 | Time 3 | 0900 A | Description | JTRL TRIAL - JURY |
| Date 4 | 04172006 | Que 4 | 001 | Time 4 | 1000 A | Description | SCHC SCHEDULE CONFERENCE |
| Cont Date | | Why | | | | Cont # | |
| RevJmt | | Admin Date | | Why | | | |
| Appeal Date | | CRT | | Case | 0000 000000 00 | | |
| TBNV1 | | TBNV2 | | DSDT | | DTYP | |
| Comment 1 | | | | | | | |
| Comment 2 | | | | | | | |

| Party | C 001 | Name | WHITTELSEY PROPERTIES, INC | Type | BUSINESS |
|---|---|---|---|---|---|
| INDX | D MANIFOLD CON | ANAM | | JID | XXX |
| SSN | | Address 1 | | Sex | |
| DOB | | Address 2 | | Race | |
| Country | US | City | AL 00000 0000 | Phone | 334 000 0000 |
| Atty 1 | WHITTELSEY DAVIS B | Atty 2 | | Atty 3 | | Atty 4 |
| Atty 5 | | Atty 6 | | | | |
| Issued | | Type | | Reissue | | Type |
| Return | | Type | | Return | | Type |
| Service | | Type | | Serv On | | By |
| Answer | | Type | | NS Not | | NA Not |
| Warrant | | Type | | Arrest | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied |
| Comment | | | | | | |

| Party | C 002 | Name | WHITTELSEY C SHELDON, III | Type | INDIVIDUAL |
|---|---|---|---|---|---|
| INDX | D MANIFOLD CON | ANAM | | JID | XXX |
| SSN | | Address 1 | | Sex | |
| DOB | | Address 2 | | Race | |
| Country | US | City | AL 00000 0000 | Phone | 334 000 0000 |
| Atty 1 | WHITTELSEY DAVIS B | Atty 2 | | Atty 3 | | Atty 4 |
| Atty 5 | | Atty 6 | | | | |
| Issued | | Type | | Reissue | | Type |
| Return | | Type | | Return | | Type |
| Service | | Type | | Serv On | | By |
| Answer | | Type | | NS Not | | NA Not |

| | | | | | | |
|---|---|---|---|---|---|---|
| Warrant | | Type | | Arrest | | |
| CACT | | Date | | For | | |
| AMT | | Cost | | Other | | Exep | O |
| Comment | | | | | | Satisfied |

| | | | | | | |
|---|---|---|---|---|---|---|
| Party | C 003 | Name | WHITTELSEY C SHELDON, IV | | Type | INDIVIDUAL |
| INDX | D MANIFOLD CON | ANAM | | | JID | XXX |
| SSN | | Address 1 | | | Sex | |
| DOB | | Address 2 | | | Race | |
| Country | US | City | AL 00000 0000 | | Phone | 334 000 0000 |
| Atty 1 | WHITTELSEY DAVIS B | Atty 2 | | Atty 3 | Atty 4 | |
| Atty 5 | | Atty 6 | | | | |
| Issued | | Type | | Reissue | | Type |
| Return | | Type | | Return | | Type |
| Service | | Type | | Serv On | | By |
| Answer | | Type | | NS Not | | NA Not |
| Warrant | | Type | | Arrest | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied |
| Comment | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Party | D 001 | Name | MANIFOLD CONSTRUCTION, LLC | | Type | BUSINESS |
| INDX | C WHITTELSEY P | ANAM | | | JID | XXX |
| SSN | | Address 1 | JACK MANIFOLD, AGENT | | Sex | |
| DOB | | Address 2 | 221 COOK STREET | | Race | |
| Country | US | City | AUBURN AL 36830 0000 | | Phone | 334 000 0000 |
| Atty 1 | SMITH BRADLEY JOHNS | Atty 2 | SMITH BRADLEY JOHNS | Atty 3 SMITH BRADLEY JOHNS | Atty 4 | |
| Atty 5 | | Atty 6 | | | | |
| Issued | 02252005 | Type | A PROCESS SERVE | Reissue | | Type |
| Return | | Type | | Return | | Type |
| Service | 02252005 | Type | V PROCESS SERVE | Serv On | | By |
| Answer | 10262006 | Type | U UNKNOWN | NS Not | | NA Not |
| Warrant | | Type | | Arrest | | |
| CACT | D (DISM W/O PREJ) | Date | 09232005 | For | C | Exep | O |
| AMT | | Cost | | Other | | Satisfied |
| Comment | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Party | D 002 | Name | MANIFOLD JACK | | Type | INDIVIDUAL |
| INDX | C WHITTELSEY P | ANAM | | | JID | XXX |
| SSN | | Address 1 | 401 WILLOW CREEK ROAD | | Sex | |
| DOB | | Address 2 | | | Race | |
| Country | US | City | AUBURN AL 36832 0000 | | Phone | 334 000 0000 |
| Atty 1 | SMITH BRADLEY JOHNS | Atty 2 | SMITH BRADLEY JOHNS | Atty 3 | Atty 4 | |
| Atty 5 | | Atty 6 | | | | |
| Issued | 02252005 | Type | A PROCESS SERVE | Reissue | | Type |
| Return | | Type | | Return | | Type |
| Service | 02252005 | Type | V PROCESS SERVE | Serv On | | By |
| Answer | 08242006 | Type | D COMP DENIED | NS Not | | NA Not |
| Warrant | | Type | | Arrest | | |
| CACT | D (DISM W/O PREJ) | Date | 09232005 | For | C | Exep | O |
| AMT | | Cost | | Other | | Satisfied |
| Comment | | | | | | |

| Party | D 003 | Name | MANIFOLD MELISSA | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|
| INDX | C WHITTELSEY P | ANAM | | | JID | XXX |
| SSN | | Address 1 | 401 WILLOW CREEK ROAD | | Sex | |
| DOB | | Address 2 | | | Race | |
| Country | US | City | AUBURN AL 36832 0000 | | Phone | 334 000 0000 |
| Atty 1 | MCLAUGHLIN JAMES DON | Atty 2 | SMITH BRADLEY JOHNS | Atty 3 | Atty 4 | |
| Atty 5 | | Atty 6 | | | | |
| Issued | 02252005 | Type | A PROCESS SERVE | Reissue | Type | |
| Return | | Type | | Return | Type | |
| Service | 02252005 | Type | V PROCESS SERVE | Serv On | By | |
| Answer | | Type | | NS Not | NA Not | |
| Warrant | | Type | | Arrest | | |
| CACT | | Date | | For | Exep | O |
| AMT | | Cost | | Other | Satisfied | |
| Comment | | | | | | |

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 02242005 | 1538 | ASSJ | ASSIGNED TO JUDGE: JOHN V. DENSON II (AV01) | STM |
| 02242005 | 1538 | TDMJ | JURY TRIAL REQUESTED (AV01) | STM |
| 02242005 | 1538 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | STM |
| 02242005 | 1538 | ORIG | ORIGIN: INITIAL FILING (AV01) | STM |
| 02242005 | 1539 | PART | WHITTELSEY PROPERTIES, INC ADDED AS C001 (AV02) | STM |
| 02242005 | 1539 | ATTY | LISTED AS ATTORNEY FOR C001: WHITTELSEY DAVIS B | STM |
| 02242005 | 1539 | PART | WHITTELSEY C SHELDON, III ADDED AS C002 (AV02) | STM |
| 02242005 | 1539 | ATTY | LISTED AS ATTORNEY FOR C002: WHITTELSEY DAVIS B | STM |
| 02242005 | 1539 | PART | WHITTELSEY C SHELDON, IV ADDED AS C003 (AV02) | STM |
| 02242005 | 1539 | ATTY | LISTED AS ATTORNEY FOR C003: WHITTELSEY DAVIS B | STM |
| 02242005 | 1540 | PART | MANIFOLD CONSTRUCTION, LLC ADDED AS D001 (AV02) | STM |
| 02242005 | 1541 | PART | MANIFOLD JACK ADDED AS D002 (AV02) | STM |
| 02242005 | 1541 | PART | MANIFOLD MELISSA ADDED AS D003 (AV02) | STM |
| 02242005 | 1544 | TEXT | VERIFIED COMPLAINT | STM |
| 02242005 | 1544 | TEXT | VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER; | STM |
| 02242005 | 1544 | TEXT | FOR WRIT OF ATTACHMENT AND FOR A PRELIMINARY | STM |
| 02242005 | 1545 | TEXT | AND/OR PERMANENT INJUNCTION | STM |
| 02242005 | 1546 | TEXT | MOTION TO ALLOW DESIGNATED INDIVIDUAL TO SERVE | STM |
| 02242005 | 1546 | TEXT | PROCESS | STM |
| 02252005 | 1410 | TEXT | ORDER DESIGNATNG PERSON 2 SERVE SERVICE OF PROCESS | STM |
| 02252005 | 1410 | TEXT | ORDER SETTING HEARING ON PLF VERIFIED MOTION 4 | STM |
| 02252005 | 1410 | TEXT | TEMPORARY RESTRAINING ORDER ON 3/17/05 AT 9:00AM | STM |
| 02252005 | 1437 | SUMM | PROCESS SERVE ISSUED: 02/25/2005 TO D001 (AV02) | STM |
| 02252005 | 1437 | SUMM | PROCESS SERVE ISSUED: 02/25/2005 TO D002 (AV02) | STM |
| 02252005 | 1453 | SUMM | PROCESS SERVE ISSUED: 02/25/2005 TO D003 (AV02) | STM |
| 02282005 | 1617 | SERC | SERVICE OF PROCESS SERVE ON 02/25/2005 FOR D001 | STM |
| 02282005 | 1617 | SERC | SERVICE OF PROCESS SERVE ON 02/25/2005 FOR D002 | STM |
| 02282005 | 1618 | SERC | SERVICE OF PROCESS SERVE ON 02/25/2005 FOR D003 | STM |
| 03092005 | 1049 | PRTY | PARTY ADDED W001 JACK MANIFOLD AS AGENT & MAN | STM |
| 03092005 | 1049 | ISSD | PARTY W001 ISSUED DATE: 03092005 TYPE: PROCESS SE | STM |
| 03092005 | 1050 | PRTY | PARTY ADDED W002 JACK MANIFOLD (AW21) | STM |
| 03092005 | 1050 | ISSD | PARTY W002 ISSUED DATE: 03092005 TYPE: PROCESS SE | STM |
| 03092005 | 1050 | PRTY | PARTY ADDED W003 MELISSA MANIFOLD (AW21) | STM |
| 03092005 | 1050 | ISSD | PARTY W003 ISSUED DATE: 03092005 TYPE: PROCESS SE | STM |
| 03112005 | 1531 | SERC | SERVICE OF PROCESS SERVER ON 03102005 FOR W001 (A | STM |
| 03112005 | 1531 | SERC | SERVICE OF PROCESS SERVER ON 03102005 FOR W002 (A | STM |

| | | | | |
|---|---|---|---|---|
| 03112005 | 1531 | SERC | SERVICE OF PROCESS SERVER ON 03102005 FOR W003 (A | STM |
| 03162005 | 0941 | TEXT | OPPOSITION 2 PLFS PETITION 4 TEMPORARY RESTRAINING | STM |
| 03162005 | 0941 | TEXT | ORDER AND/OR ATTACHMENT | STM |
| 03162005 | 1626 | TEXT | MOTION COVER SHEET | STM |
| 03162005 | 1626 | TEXT | MOTION 2 DISQUALIFY DAVIS B WHITTELSEY AS ATTY 4 | STM |
| 03162005 | 1626 | TEXT | PLFS | STM |
| 03162005 | 1628 | TEXT | MOTION COVER SHEET | STM |
| 03162005 | 1628 | TEXT | MOTION 2 QUASH SUBPOENA | STM |
| 03172005 | 1628 | ATTY | LISTED AS ATTORNEY FOR D001: MCLAUGHLIN JAMES DON | STM |
| 03172005 | 1628 | ATTY | LISTED AS ATTORNEY FOR D002: MCLAUGHLIN JAMES DON | STM |
| 03172005 | 1628 | ATTY | LISTED AS ATTORNEY FOR D003: MCLAUGHLIN JAMES DON | STM |
| 04142005 | 0946 | TEXT | PLFS 1ST AMENDED COMPLAINT | STM |
| 04262005 | 0814 | TEXT | ANSWER | STM |
| 04272005 | 0815 | ATTY | LISTED AS ATTORNEY FOR D001: SMITH BRADLEY JOHNS | STM |
| 04272005 | 0815 | ATTY | LISTED AS ATTORNEY FOR D002: SMITH BRADLEY JOHNS | STM |
| 04272005 | 0815 | ATTY | LISTED AS ATTORNEY FOR D003: SMITH BRADLEY JOHNS | STM |
| 05042005 | 0756 | TEXT | PLFS 1ST REQUEST 4 PRODUCTION OF DOCUMENTS | STM |
| 05042005 | 1136 | TEXT | MOTION COVER SHEET | STM |
| 05042005 | 1136 | TEXT | MOTION 2 DISMISS | STM |
| 05042005 | 1136 | TEXT | MOTION 4 SCHEDULING CONFERENCE & 2 SET CASE 4 TRIAL | STM |
| 05182005 | 1652 | TEXT | NOTICE 2 CLERK OF THE CIRCUIT COURT | STM |
| 06012005 | 1244 | TEXT | ORDER OF RECUSAL-JUDGE DENSON | STM |
| 06012005 | 1245 | ASSJ | ASSIGNED TO JUDGE: HON. JACOB A. WALKER III (AV01) | STM |
| 06032005 | 0915 | TEXT | MOTION COVER SHEET | STM |
| 06032005 | 0915 | TEXT | MOTION 2 APPOINT A TRIAL JUDGE | STM |
| 06062005 | 0915 | TEXT | ORDER OF RECUSAL-HON JUDGE WALKER | STM |
| 06092005 | 1422 | TEXT | ORDER OF RECUSAL-HON JUDGE BUSH | STM |
| 06092005 | 1422 | ASSJ | ASSIGNED TO JUDGE: ASSIGNED JUDGE (AV01) | STM |
| 06302005 | 1550 | TEXT | ORDER OF RECUSAL/JUDGE LANE | STM |
| 07122005 | 1038 | TEXT | ORDER OF RECUSAL/HON MICHAEL A NIX | STM |
| 08102005 | 1046 | TEXT | ORDER APPOINTING CASE TO HON BRADY E MENDHEIM | STM |
| 08162005 | 0849 | TEXT | ENTIRE FILE MAILED TO HON BRADY MENDHEIM | STM |
| 08162005 | 1636 | TEXT | MOTION COVER SHEET | STM |
| 08162005 | 1636 | TEXT | PLF'S MOTION 4 SCHEDULING CONFERENCE | STM |
| 08242005 | 1437 | TRAN | TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS | STM |
| 09022005 | 1546 | TEXT | NOTICE OF NTENT 2 SERVE SUBP ON NPTY/JIM HOVEY | STM |
| 09062005 | 1441 | TEXT | NOTICE 2 CLERK OF THE CIRCUIT COURT | STM |
| 09232005 | 1204 | TEXT | ORDER DISMISSING THE DEFS JACK & MELISSA MANIFOLD | STM |
| 09232005 | 1204 | TEXT | DEFS MOTION 2 DISQUALIFY DAVIS WHITTELSEY AS ATT | STM |
| 09232005 | 1204 | TEXT | ATTY 4 PLFS IS W/DRAWN. DISCOVERY SHALL B COMPLT | STM |
| 09232005 | 1204 | TEXT | NO LATER THAN FEB 1, 2006. TRIAL SETTING WILL B | STM |
| 09232005 | 1204 | TEXT | DETERMINED AT A LATER DATE | STM |
| 09262005 | 1204 | PDIS | D001 DISPOSED BY (DISM W/O PREJ) ON 09/23/2005 | STM |
| 09262005 | 1204 | PDIS | D002 DISPOSED BY (DISM W/O PREJ) ON 09/23/2005 | STM |
| 10202005 | 1424 | TEXT | NOTICE 2 CLERK OF THE CIRCUIT COURT | STM |
| 10242005 | 1227 | TEXT | PLF'S OBJECTION 2 DEF'S NOTICE OF TAKING 30(B)(5) | STM |
| 10242005 | 1227 | TEXT | DEPOSITION | STM |
| 10262005 | 0817 | TEXT | NOTICE OF FILING DISCOVERY DOCUMENTS | STM |
| 10262005 | 0817 | TEXT | PLFS RESPONSES 2 DEF'S 1ST INTERROGATORIES 2 PLF | STM |
| 10282005 | 0758 | TEXT | MOTION COVER SHEET | STM |
| 10282005 | 0758 | TEXT | MOTION 2 COMPEL RESPONSES 2 MANIFOLD CONSTRUCTIONS | STM |
| 10282005 | 0758 | TEXT | INTERROGATORIES & REQUEST 4 PRODUCTION OF DOCUME | STM |
| 10312005 | 1608 | PRTY | PARTY ADDED W004 JIM HOVEY - PRECAST CONCRETE | STM |
| 10312005 | 1608 | ISSD | PARTY W004 ISSUED DATE: 10312005 TYPE: SHERIFF | STM |

| | | | | |
|---|---|---|---|---|
| 11032005 | 1108 | SERC | SERVICE OF SERVED PERSON ON 11022005 FOR W004 (A | STM |
| 11042005 | 1250 | TEXT | ORDER THAT DEF MANIFOLD CONSTRUCTION IS DIRECTED | STM |
| 11042005 | 1250 | TEXT | 2 RESPOND 2 PLF'S DISCOVERY W/N 14 DAYS | STM |
| 11152005 | 0831 | TEXT | NOTICE OF FILING DISCOVERY DOCUMENTS | STM |
| 11302005 | 0835 | TEXT | NOTICE OF NTENT 2 SERVE SUBP ON NPTY/KENDRICK CONS | STM |
| 11302005 | 0835 | TEXT | NOTICE OF NTENT 2 SERVE SUBP ON NPTY/E AL PAVING | STM |
| 12012005 | 0900 | TEXT | MOTION COVER SHEET | STM |
| 12012005 | 0900 | TEXT | MOTION 2 SET CASE 4 TRIAL | STM |
| 12122005 | 0834 | DAT4 | SET FOR: SCHEDULE CONFERENCE ON 02/21/2006 AT 103 | STM |
| 12292005 | 1122 | TEXT | NOTICE OF NTENT 2 SERVE SUBP ON NPTY/D KENDRICK | STM |
| 12292005 | 1122 | TEXT | NOTICE OF NTENT 2 SERVE SUBP ON NPTY/BROWN AGENCY | STM |
| 12292005 | 1122 | TEXT | NOTICE OF NTENT 2 SERVE SUBP ON NPTY/SOUTHEASTERN | STM |
| 01062006 | 1015 | PRTY | PARTY ADDED W005 EAST ALABAMA PAVING (AW21) | STM |
| 01062006 | 1015 | ISSD | PARTY W005 ISSUED DATE: 01062006 TYPE: SHERIFF | STM |
| 01062006 | 1016 | PRTY | PARTY ADDED W006 KENDRICK CONSTRUCTION (AW21) | STM |
| 01062006 | 1016 | ISSD | PARTY W006 ISSUED DATE: 01062006 TYPE: SHERIFF | STM |
| 01102006 | 0831 | TEXT | NOTICE 2 THE CLERK OF COURT OF FILING DISCOVERY | STM |
| 01112006 | 0934 | TEXT | OBJECTION 2 NOTICE OF TAKING 30(B)(6) DEPOSITION | STM |
| 01112006 | 0935 | TEXT | OBJECTION 2 NOTICE OF TAKING DEPOSITION DUCES | STM |
| 01112006 | 0935 | TEXT | TECUM DIRECTED 2 C SHELDON WHITTELSEY, IV & WHIT | STM |
| 01112006 | 0935 | TEXT | WHITTELSEY | STM |
| 01172006 | 0942 | SERC | SERVICE OF SERVED PERSON ON 01102006 FOR W005 (A | STM |
| 01182006 | 1536 | SERC | SERVICE OF SERVED PERSON ON 01102006 FOR W006 (A | STM |
| 01192006 | 1106 | TEXT | PLFS 2ND AMENDED COMPLAINT | STM |
| 01192006 | 1222 | TEXT | MOTION COVER SHEET | STM |
| 01192006 | 1222 | TEXT | MOTION 2 EXTEND DISCOVERY & DISPOSITIVE MOTIONS | STM |
| 01232006 | 0747 | TEXT | ORDER GRANTING THE MOTION 2 EXTEND DEADLINE & | STM |
| 01232006 | 0747 | TEXT | DISPOSITIVE MOTIONS PENDING A SCHEDULING | STM |
| 01232006 | 0747 | TEXT | CONFERENCE | STM |
| 01232006 | 0757 | TEXT | NOTICE 2 THE CLERK OF COURT OF FILING DISCOVERY | STM |
| 01252006 | 0747 | TRAN | TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS | STM |
| 01252006 | 1259 | PRTY | PARTY ADDED W007 SOUTHEASTERN POND MANAGEMENT | STM |
| 01252006 | 1259 | ISSD | PARTY W007 ISSUED DATE: 01252006 TYPE: SHERIFF | STM |
| 01252006 | 1300 | PRTY | PARTY ADDED W008 BROWN AGENCY (AW21) | STM |
| 01252006 | 1300 | ISSD | PARTY W008 ISSUED DATE: 01252006 TYPE: SHERIFF | STM |
| 01252006 | 1300 | PRTY | PARTY ADDED W009 P KENDRICK CONSTRUCTION (AW21) | STM |
| 01252006 | 1300 | ISSD | PARTY W009 ISSUED DATE: 01252006 TYPE: SHERIFF | STM |
| 02012006 | 1009 | TEXT | NOTICE OF NTENT 2 SERVE SUBP ON NPTY/ALFA MUTUAL | STM |
| 02012006 | 1009 | TEXT | NOTICE OF NTENT 2 SERVE SUBP ON NPTY/ANB INSURANCE | STM |
| 02012006 | 1157 | SERC | SERVICE OF SERVED PERSON ON 01272006 FOR W008 (A | STM |
| 02022006 | 1642 | DAT4 | SET FOR: SCHEDULE CONFERENCE ON 04/17/2006 AT 100 | STM |
| 02132006 | 0829 | TEXT | NOTICE 2 CLERK OF THE CIRCUIT COURT | STM |
| 02132006 | 1008 | TEXT | WHITTELSEY PROPERTIES, INC ET AL'S RESPONSES 2 DEF | STM |
| 02132006 | 1008 | TEXT | 2ND INTERROGATORIES & REQUEST 4 PRODUCTION | STM |
| 02132006 | 1409 | SERC | SERVICE OF SERVED PERSON ON 02032006 FOR W009 (A | STM |
| 02142006 | 0908 | TEXT | NOTICE 2 CLERK OF THE CIRCUIT COURT | STM |
| 02212006 | 1004 | TEXT | ANSWER 2 2ND AMENDED COMPLAINT & AMENDED ANSWER 2 | STM |
| 02212006 | 1004 | TEXT | ORIGINAL & 1ST AMENDED COMPLAINT | STM |
| 02232006 | 1132 | SERC | SERVICE OF SERVED PERSON ON 01302006 FOR W007 (A | STM |
| 03092006 | 1108 | PRTY | PARTY ADDED W010 ANB INSURANCE SERVICES (AW21) | STM |
| 03092006 | 1108 | ISSD | PARTY W010 ISSUED DATE: 03092006 TYPE: SHERIFF | STM |
| 03092006 | 1109 | PRTY | PARTY ADDED W011 ALFA MUTUAL INSURANCE CO (AW21) | STM |
| 03092006 | 1109 | ISSD | PARTY W011 ISSUED DATE: 03092006 TYPE: SHERIFF | STM |
| 03152006 | 0911 | TEXT | NOTICE OF NTENT 2 SERVE SUBPOENA ON NPTY/HARLEYSVI | STM |

| | | | | |
|---|---|---|---|---|
| 03172006 1616 | TEXT | PLFS RESPONSE 2 MOTION 4 LIMITED INTERVENTION BY | STM |
| 03172006 1616 | TEXT | OHIO CASUALTY INSURANCE COMPANY | STM |
| 03222006 1231 | TEXT | NOTICE OF SERVICE OF DISCOVERY DOCUMENTS | STM |
| 03232006 1541 | SERC | SERVICE OF SERVED PERSON ON 03142006 FOR W011 (A | STM |
| 03232006 1622 | TEXT | OPPOSITION 2 MOTION 4 LIMITED INTERVENTION | STM |
| 03242006 0810 | TEXT | MOTION 4 LIMITED INTERVENTION BY OHIO CASUALTY | STM |
| 03242006 0810 | TEXT | INS CO-NO COVER SHEET | STM |
| 03312006 1628 | TEXT | ORDER SETTING PENDING MOTIONS 4 HEARING APR 17, | STM |
| 03312006 1628 | TEXT | 2006 AT 10:00 | STM |
| 03312006 1628 | TRAN | TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS | STM |
| 04062006 1600 | TEXT | MOTION COVER SHEET/MOTION 4 LIMITED INTERVENTION | STM |
| 04172006 0936 | TEXT | AMENDMENT 2 MOTION 4 LIMITED INTERVENTION | STM |
| 04192006 1416 | SERC | SERVICE OF SERVED PERSON ON 04052006 FOR W010 (A | STM |
| 04202006 1518 | TEXT | ORDER GRANTING MOTION 4 LIMITED INTERVENTION | STM |
| 04202006 1519 | TRAN | TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS | STM |
| 04252006 0827 | TEXT | PETITION 4 LETTERS ROGATORY | STM |
| 04282006 1600 | TEXT | ORDER W/DRAWING ITS PREVIOUS ORDER GRANTING THE | STM |
| 04282006 1600 | TEXT | MOTION 2 INTERVENE & WILL RECONSIDER WHEN THE | STM |
| 04282006 1600 | TEXT | CASE IS SET 4 TRIAL | STM |
| 05022006 1443 | TEXT | ORDER GRANTING PETITION 4 LETTERS ROGATORY | STM |
| 05022006 1601 | TRAN | TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS | STM |
| 06192006 0903 | DAT3 | SET FOR: TRIAL - JURY ON 10/30/2006 AT 0900A(AV01) | STM |
| 06192006 0903 | TRAN | TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS | STM |
| 07102006 0928 | TEXT | NOTICE OF NTENT 2 SERVE SUBP ON NPTY/CITY OF OPELI | STM |
| 07132006 1246 | TEXT | MOTION COVER SHEET | STM |
| 07132006 1246 | TEXT | MOTION 4 LEAVE 2 FILE 3RD AMENDED COMPLAINT | STM |
| 07132006 1631 | TEXT | NOTICE OF NTENT 2 SERVE SUBP ON NPTY/CITY OF | STM |
| 07132006 1631 | TEXT | OPELIKA, CITY OF AUBURN, AL LICENSING BOARD 4 | STM |
| 07132006 1631 | TEXT | GENERAL CONTRACTORS, CITY OF MONTGOMERY | STM |
| 07182006 1512 | TEXT | ORDER ALLOWING POST 3RD AMENDED COMPLAINT | STM |
| 07202006 1403 | TEXT | RENEW MOTION 2 FILE ATTACHED 3RD AMENDED COMPLAINT | EUM |
| 07242006 1153 | TEXT | PLFS FINAL 3RD AMENDED COMPLAINT | STM |
| 07242006 1507 | TEXT | PLF'S 3RD AMENDED COMPLAINT | STM |
| 07242006 1541 | TEXT | DEF MANIFOLD CONSTRUCTION'S OPPOSITION 2 PLF'S 3RD | STM |
| 07242006 1541 | TEXT | AMENDED COMPLAINT | STM |
| 07252006 0852 | TEXT | ORDER ALLOWING POST 3RD AMENDED COMPLAINT | STM |
| 07262006 1533 | PRTY | PARTY ADDED W012 CITY OF OPELIKA (AW21) | STM |
| 07262006 1533 | ISSD | PARTY W012 ISSUED DATE: 07262006 TYPE: PROCESS SE | STM |
| 07312006 1416 | PRTY | PARTY ADDED W013 CITY OF MONTGOMERY (AW21) | STM |
| 07312006 1416 | ISSD | PARTY W013 ISSUED DATE: 07282006 TYPE: UNKOWN | STM |
| 07312006 1417 | PRTY | PARTY ADDED W014 CITY OF AUBURN (AW21) | STM |
| 07312006 1417 | ISSD | PARTY W014 ISSUED DATE: 07282006 TYPE: UNKOWN | STM |
| 07312006 1418 | PRTY | PARTY ADDED W015 CITY OF OPELIKA (AW21) | STM |
| 07312006 1418 | ISSD | PARTY W015 ISSUED DATE: 07282006 TYPE: UNKOWN | STM |
| 07312006 1419 | PRTY | PARTY ADDED W016 AL LICENSING BOARD FOR (AW21) | STM |
| 07312006 1419 | ISSD | PARTY W016 ISSUED DATE: 07282006 TYPE: UNKOWN | STM |
| 08102006 0757 | SERC | SERVICE OF CERTIFIED MAIL ON 08022006 FOR W016 (A | STM |
| 08102006 0757 | SERC | SERVICE OF CERTIFIED MAIL ON 08012006 FOR W013 (A | STM |
| 08162006 1213 | TEXT | REPORT OF MEDIATOR | STM |
| 08182006 1600 | TEXT | MOTION COVER SHEET | STM |
| 08182006 1600 | TEXT | MOTION 4 LEAVE 2 FILE 4TH AMENDED COMPLAINT ADDING | STM |
| 08182006 1600 | TEXT | AND/OR SUBSTITUTING JACK MANIFOLD 4 FICTITIOUS | STM |
| 08182006 1600 | TEXT | PARTY DEF "A" AND/OR OTHERWISE JOINING JACK | STM |
| 08182006 1600 | TEXT | MANIFOLD AS AN ADDITIONAL PARTY DEF HEREIN | STM |

| Date | Time | Type | Description | Code |
|---|---|---|---|---|
| 08212006 | 0958 | TEXT | ACCEPTANCE OF SERVICE | STM |
| 08242006 | 1412 | ATTY | LISTED AS ATTORNEY FOR D001: SMITH BRADLEY JOHNS | AJA |
| 08242006 | 1412 | ANSW | ANSWER OF COMP DENIED ON 08/24/2006 FOR D001(AV02) | AJA |
| 08242006 | 1414 | ATTY | LISTED AS ATTORNEY FOR D002: SMITH BRADLEY JOHNS | AJA |
| 08242006 | 1414 | ANSW | ANSWER OF COMP DENIED ON 08/24/2006 FOR D002(AV02) | AJA |
| 08252006 | 0744 | TEXT | ORDER ALLOWING 4TH AMENDED COMPLAINT | STM |
| 08302006 | 1555 | TEXT | PLF'S MOTION 4 DESIGNATION OF EXPERT WITNESSES- | STM |
| 08302006 | 1556 | TEXT | NO COVER SHEET | STM |
| 08312006 | 0955 | TEXT | DEFS RULE 26 DISCLOSURE OF EXPERT WITNESS | STM |
| 09072006 | 1235 | TEXT | NOTICE 2 CLERK OF THE CIRCUIT COURT | STM |
| 09072006 | 1235 | TEXT | NOTICE 2 CLERK OF THE CIRCUIT COURT | STM |
| 09122006 | 1645 | ATTY | LISTED AS ATTORNEY FOR D001: SMITH BRADLEY JOHNS | AJA |
| 10162006 | 1552 | TEXT | PLAINTIFFS WITNESS LIST | MAM |
| 10162006 | 1552 | TEXT | PLAINTIFFS EXHIBIT LIST | MAM |
| 10182006 | 1442 | TEXT | NOTICE 2 CLERK OF THE CIRCUIT COURT | STM |
| 10182006 | 1442 | TEXT | DEF'S WITNESS LIST | STM |
| 10182006 | 1442 | TEXT | DEF'S EXHIBIT LIST | STM |
| 10192006 | 0745 | TEXT | PLFS OBJECTION 2 VARIOUS EXHIBITS LISTED IN DEFS | STM |
| 10192006 | 0745 | TEXT | EXHIBIT LIST & 1ST AMENDED EXHIBIT LIST | STM |
| 10202006 | 0830 | PRTY | PARTY ADDED W017 WALTER "DOC" DORSEY (AW21) | STM |
| 10202006 | 0830 | ISSD | PARTY W017 ISSUED DATE: 10192006 TYPE: PROCESS SE | STM |
| 10202006 | 0830 | PRTY | PARTY ADDED W018 BRADY POLLOCK (AW21) | STM |
| 10202006 | 0830 | ISSD | PARTY W018 ISSUED DATE: 10192006 TYPE: PROCESS SE | STM |
| 10202006 | 0831 | PRTY | PARTY ADDED W019 LAURA ALLEN (AW21) | STM |
| 10202006 | 0831 | ISSD | PARTY W019 ISSUED DATE: 10192006 TYPE: PROCESS SE | STM |
| 10202006 | 0831 | PRTY | PARTY ADDED W020 TROY GODWIN (AW21) | STM |
| 10202006 | 0831 | ISSD | PARTY W020 ISSUED DATE: 10192006 TYPE: PROCESS SE | STM |
| 10202006 | 0832 | PRTY | PARTY ADDED W021 ROBERT WILLIAMS (AW21) | STM |
| 10202006 | 0832 | ISSD | PARTY W021 ISSUED DATE: 10192006 TYPE: PROCESS SE | STM |
| 10202006 | 0833 | PRTY | PARTY ADDED W022 TOMMY BRASWELL (AW21) | STM |
| 10202006 | 0833 | ISSD | PARTY W022 ISSUED DATE: 10192006 TYPE: CERTIFIED | STM |
| 10202006 | 0834 | PRTY | PARTY ADDED W023 BRET MCNALLY (AW21) | STM |
| 10202006 | 0834 | ISSD | PARTY W023 ISSUED DATE: 10192006 TYPE: PROCESS SE | STM |
| 10202006 | 0834 | PRTY | PARTY ADDED W024 MARRELL MCNEAL (AW21) | STM |
| 10202006 | 0834 | ISSD | PARTY W024 ISSUED DATE: 10192006 TYPE: PROCESS SE | STM |
| 10202006 | 0835 | PRTY | PARTY ADDED W025 JUDGE BILL ENGLISH (AW21) | STM |
| 10202006 | 0835 | ISSD | PARTY W025 ISSUED DATE: 10192006 TYPE: PROCESS SE | STM |
| 10202006 | 0837 | PRTY | PARTY ADDED W026 BILLY OGLETREE (AW21) | STM |
| 10202006 | 0837 | ISSD | PARTY W026 ISSUED DATE: 10192006 TYPE: PROCESS SE | STM |
| 10202006 | 0934 | PRTY | PARTY ADDED W027 GAVIN NAWROCKI (AW21) | STM |
| 10202006 | 0934 | ISSD | PARTY W027 ISSUED DATE: 10202006 TYPE: PROCESS SE | STM |
| 10202006 | 0934 | PRTY | PARTY ADDED W028 JOHN FULLER (AW21) | STM |
| 10202006 | 0934 | ISSD | PARTY W028 ISSUED DATE: 10202006 TYPE: PROCESS SE | STM |
| 10202006 | 0935 | PRTY | PARTY ADDED W029 MARTY OGRAN (AW21) | STM |
| 10202006 | 0935 | ISSD | PARTY W029 ISSUED DATE: 10202006 TYPE: PROCESS SE | STM |
| 10202006 | 0935 | PRTY | PARTY ADDED W030 PHILLIP KENDRICK (AW21) | STM |
| 10202006 | 0935 | ISSD | PARTY W030 ISSUED DATE: 10202006 TYPE: PROCESS SE | STM |
| 10202006 | 0936 | PRTY | PARTY ADDED W031 DANNY KENDRICK (AW21) | STM |
| 10202006 | 0936 | ISSD | PARTY W031 ISSUED DATE: 10202006 TYPE: PROCESS SE | STM |
| 10202006 | 1436 | TEXT | DEF'S AMENDED WITNESS & EXHIBIT LIST | STM |
| 10232006 | 1629 | TEXT | PLF'S PRE-TRIAL CONTENTIONS | STM |
| 10252006 | 1032 | PRTY | PARTY ADDED W032 DAVID STROBEL (AW21) | STM |
| 10252006 | 1032 | ISSD | PARTY W032 ISSUED DATE: 10242006 TYPE: PROCESS SE | STM |
| 10252006 | 1033 | PRTY | PARTY ADDED W033 MIKE SHANNON (AW21) | STM |

| 10252006 | 1033 | ISSD | PARTY W033 ISSUED DATE: 10242006 TYPE: PROCESS SE | STM |
| 10252006 | 1033 | PRTY | PARTY ADDED W034 MELISSA MANIFOLD (AW21) | STM |
| 10252006 | 1033 | ISSD | PARTY W034 ISSUED DATE: 10242006 TYPE: PROCESS SE | STM |
| 10252006 | 1034 | PRTY | PARTY ADDED W035 MAURICE PATTON (AW21) | STM |
| 10252006 | 1034 | ISSD | PARTY W035 ISSUED DATE: 10242006 TYPE: PROCESS SE | STM |
| 10252006 | 1034 | PRTY | PARTY ADDED W036 DAVID ROUSE (AW21) | STM |
| 10252006 | 1034 | ISSD | PARTY W036 ISSUED DATE: 10242006 TYPE: PROCESS SE | STM |
| 10252006 | 1234 | TEXT | TRIAL CONTENTIONS | STM |
| 10262006 | 1038 | ANSW | ANSWER OF UNKNOWN ON 10/26/2006 FOR D001 (AV02) | AJA |

# EXHIBIT "B"

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

WHITTELSEY PROPERTIES, INC., et al.,          *

      Plaintiffs,                                         *

v.                                                              *          CASE NO.: CV-05-137

MANIFOLD CONSTRUCTION, LLC, et al.,          *

      Defendants.                                       *

## PLAINTIFFS' RESPONSE TO MOTION FOR LIMITED INTERVENTION BY OHIO CASUALTY INSURANCE COMPANY

Come now the Plaintiffs in the above styled cause of action and in response to the motion for limited intervention filed by Ohio Casualty Insurance Company (hereinafter referred to as "Ohio Casualty") show unto this Honorable Court the following:

1.      On or about the 13th day of March, 2006, Ohio Casualty filed its motion for limited intervention for the sole purpose of submitting special interrogatories to the jury relating to insurance coverage.

2.      The request for limited intervention presented by Ohio Casualty's motion is due to be denied. Such requests have been sufficiently addressed by the Alabama Supreme Court in Universal Underwriters Insurance Co. v. East Central Alabama Ford-Mercury, Inc., 574 So.2d 716 (Ala. 1990) and Mutual Assurance, Inc. v. Chancey, 781 So.2d 172 (Ala. 2000). Copies of these cases are attached hereto for the convenience of the Court.

3.      "[A]n insurer 'does not have a direct, substantial, and protectable interest' under Ala.R.Civ.P. 24(a)(2) because its interest is contingent upon the plaintiff's recovery on the underlying claims." Mutual Assurance, Inc. v. Chancey, 781 So.2d 172, 174 (Ala. 2000).

- 1 -

4.      Furthermore, Ala.R.Civ.P. 18(c) does not allow a jury trial of a liability insurance coverage question jointly with the trial of a related damage claim against an insured."

WHEREFORE, the above premises considered, Plaintiffs pray this Honorable Court will deny the motion filed by Ohio Casualty.

Respectfully submitted this the 16th day of March, 2006.

WHITTELSEY, WHITTELSEY & POOLE, P.C.

BY:     DAVIS B. WHITTELSEY (WHI067)
        Attorney for Plaintiffs
        Post Office Box 106
        Opelika, Alabama 36803-0106
        Tel:    (334) 745-7766
        Fax:    (334) 745-7666

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the parties listed below by placing a copy of the same in the United States mail, postage prepaid, to their correct address on this the 16th day of March, 2006.

Christopher Lyle McIlwain
HUBBARD, SMITH, MCILWAIN, BAKERFIELD & BROWDER, P.C.
Post Office Box 2427
Tuscaloosa, Alabama 35403

Bradley J. Smith
CLARK, DOLAN, MORSE, ONCALE & HAIR, P.C.
800 Shades Creek Parkway
Suite 850
Birmingham, Alabama 35209

James D. McLaughlin
Davis & McLaughlin
324 East Magnolia Avenue
Auburn, Alabama 36830

DAVIS B. WHITTELSEY

Westlaw

574 So.2d 716

574 So.2d 716

(Cite as: 574 So.2d 716)

Supreme Court of Alabama.
UNIVERSAL UNDERWRITERS INSURANCE
COMPANY
v.
EAST CENTRAL ALABAMA
FORD-MERCURY, INC., et al.
UNIVERSAL UNDERWRITERS INSURANCE
COMPANY
v.
FORD MOTOR COMPANY, INC., et al.
89-541, 89-613 to 89-622.

Sept. 28, 1990.
As Modified on Denial of Rehearing Jan. 18, 1991.

Automobile buyer brought suit against dealer, claiming fraud, breach of warranty, willful, wanton, and reckless conduct, and conspiracy arising out of resale of automobiles purchased from rental companies. Dealer's insurer sought to intervene. The Circuit Court, Montgomery County, Nos. CV-87-138, CV-87-188, CV-87-271, CV-87-140, CV-87-1955, CV-87-139, CV-87-706, CV-87-526, CV-87-774 and CV-87-164, Charles Price, J., denied the requests for intervention as of right and permissively. Insurer appealed. The Supreme Court, Hornsby, C.J., held that: (1) the insurer did not have a sufficient interest to be entitled to intervene as of right where its interest was contingent on the result in the underlying case; (2) trial court did not abuse its discretion in refusing permissive intervention; and (3) remand was necessary for further proceeding on whether the insurer would be permitted to intervene under new procedures that would allow for bifurcation of the trial.

Affirmed and remanded.

Jones, J., dissented with opinion.

Houston, J., dissented.

West Headnotes

[1] Appeal and Error 95
30k95 Most Cited Cases
Order denying intervention as of right is appealable.
Rules Civ.Proc., Rule 24(a).

[2] Insurance 2926
217k2926 Most Cited Cases
(Formerly 217k514.15)
Defense attorneys hired by insurer to represent its insured can take no action that would be detrimental to insured's interest in action against insured and, therefore, those attorneys could not request special interrogatories and special verdicts on issue of coverage; insurer provided defense but reserved its right to deny coverage after final determination of case, and insurer's obligation to defend extended to all claims, even those not covered by policy.

[3] Parties 40(7)
287k40(7) Most Cited Cases
Insurer did not have direct, substantial, and protectible interest that would entitle it to intervene as of right in action against its insured to obtain determination of coverage issues; insurer's interest was contingent upon result of underlying action, and insurer could litigate coverage issue in separate declaratory judgment action after resolution of underlying action. Rules Civ.Proc., Rule 24(a)(2).

[4] Parties 40(7)
287k40(7) Most Cited Cases
Trial court did not abuse its discretion in refusing to grant insurer's request for permissive intervention in action against insured. Rules Civ.Proc., Rule 24(b).

[5] Trial 3(5.1)
388k3(5.1) Most Cited Cases
(Formerly 388k3(2))
If trial court grants insurer's request for permissive intervention in suit against insured, trial should be

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

574 So.2d 714

574 So.2d 715

(Cite as: 574 So.2d 714)

distributed and issues of liability should be reserved between plaintiff and insured until then, either verdict or judgment against insured, insurer could be allowed to enter and try issue of coverage. Rules Civ.Proc. Rules 24(b)(2), 42(b), 57.

[6] Appeal and Error ⚖ 1144
30k1144 Most Cited Cases
Remand was necessary for further proceedings on whether insurer would be permitted to intervene in action against insured, even though there was no abuse of discretion in denial of permissive intervention, where new procedures
were set forth for permissive intervention and bifurcated trial. Rules Civ.Proc., Rules 24(b)(2), 42(b), 57.

\*17 David E. Allred of Hill, Hill, Carter, France, Cole & Black, Montgomery, and Bibb Allen of Rives & Peterson, Birmingham, for appellants.

H. Dean Mooty, Jr. of Capell, Howard, Knabe & Cobbs, Montgomery, for appellees Auburn Ford Lincoln Mercury, Inc. and Fred Rich.

Susan Shirock DePaola of Samford & Depaola and John N. Pappanastos, Montgomery, for appellee Mamie R. Green.

Edward B. Parker II, Montgomery, for appellee East Central Alabama Ford-Mercury, Inc.

Tabor R. Novak, Jr., Montgomery, for appellee Ford Motor Co. and Ira DeMent, Montgomery, for Youngblood-Perry Lincoln Mercury, Inc.

John W. Haley of Hare, Wynn, Newell & Newton, Birmingham, for amicus curiae Alabama Trial Lawyers Assoc.

Davis, Carr, Pierce, Carr & Alford P.C., Mobile, for amicus curiae Alabama Defense Lawyers Assoc.

HORNSBY, Chief Justice.

This combines three closely related cases concerning the right of Universal Underwriters Insurance to dispute coverage to intervene in actions against defendants insured by

Universal. We affirm the ruling of the trial court in \*18 each case that Universal is not entitled to intervene under the present circumstances, but we remand the case for further proceedings consistent with this opinion.

FACTS

In the first case ("East Central Alabama Ford-Mercury, Inc."), plaintiff Mamie Green sued defendants East Central Alabama Ford-Mercury, Inc., and Auburn Ford Lincoln-Mercury, Inc., claiming fraud; breach of express warranty; violation of the Magnuson-Moss Warranty Act; willful, wanton and reckless conduct; and conspiracy. The plaintiff alleges that the defendants sold automobiles repurchased from rental car companies as "factory executive" automobiles, i.e., as cars not previously owned or titled to anyone other than Ford Motor Company.

Universal, as the defendants' insurer, sought to intervene in the suit for the sole purpose of submitting special interrogatories or a special verdict form to the jury. Universal was attempting to resolve any insurance coverage questions that might be involved in the case without making its presence as an insurer known to the jury. Universal contends that some of the claims might be covered by Universal's policy and some might not be.

Under the insurance policy, Universal is obligated to indemnify for an injury caused by an "occurrence," which is defined under the policy as an accident resulting in injury "neither intended nor expected" by the insured. Universal contends that the intentional acts alleged in Green's complaint do not constitute an "occurrence." Universal also argues that the allegations of breach of express warranty and violation of the Magnuson-Moss Warranty Act are not expressly covered under the policy because each is an allegation of a breach of contract. In addition to its arguments regarding the term "occurrence," Universal argues that the insurance policy specifically excludes fraudulent or intentional acts committed by its insured. In light of its arguments on those issues, it is also argued in the trial court that it was entitled to intervene

Page 2

(Cite as: 574 So.2d 716)

because it said, a determination of its liability
under the insurance policy would be impossible if
the jury returned a general verdict. The trial court,
however, denied the petition to intervene. Universal
appeals.

Consolidated with *East Central Alabama
Ford-Mercury, Inc.* for purposes of this opinion are
several cases in which Universal, as insurer of
Youngblood-Perry Lincoln Mercury, Inc., and
Franklin Perry, appeals from a denial by the trial
court of its motion to intervene. These cases have
previously been consolidated in *Universal
Underwriters Ins. Co. v. Youngblood*, 549 So.2d 76
(Ala.1989); these were before this Court on a
different issue. In July 1989, this Court affirmed
the trial court's ruling in *Youngblood*, holding that
Universal had a duty under its insurance policy to
defend the 10 actions filed against its insureds.
The cases consolidated in *Youngblood* involved
claims alleging breach of contract, negligence,
misrepresentation, and suppression of material facts.

After our ruling in *Youngblood*, Universal sought
to intervene pursuant to A.R.Civ.P. 24(a)(2) and
24(b)(2) for the purpose of presenting to the trial
court either special verdict forms or special
interrogatories to be given to the jury at the end of
the trial. In an argument analogous to its argument
in *East Central Alabama Ford-Mercury, Inc.*
discussed above, Universal contends that it is faced
with a situation where, under Universal's insurance
policy, some of the claims made by the plaintiffs are
covered, but others may not be covered. Universal
argues that the incidents alleged in the contract
counts are excluded from coverage by a provision
in the policy, and that the acts of intentional fraud
alleged in the misrepresentation and
suppression-of-material-facts counts are not
included within the policy's definition of an
"occurrence." Universal further contends that if a
general verdict is returned against the insured
defendants, Universal will have no way to
determine what claims are covered under the policy.
Based on these arguments, Universal asserts that it
had an interest relating to the subject matter of the
action that under the rules of Civ.Proc. 24(a) and
24(b), gives it a right of intervention, or in the

alternative, that permissive intervention should be
allowed. The trial court denied the petition, and
Universal appeals.

## DISCUSSION

[1]  We first note that an order denying intervention
as of right is appealable. *Farmer v. Burson*, 424
So.2d 605 (Ala.1982). Universal claims that
intervention is proper as of right under A.R.Civ.P.
24(a) or permissively under Rule 24(b).

[2]  Universal states that it is providing a defense
for its insureds, East Central Alabama
Ford-Mercury, Inc., Auburn Ford Lincoln-Mercury,
Inc., Youngblood-Perry Lincoln Mercury, Inc., and
Franklin Perry, pursuant to reservation of rights
provisions whereby Universal may deny coverage
after final determination of the case. Universal
notes that under *L & S Roofing Supply Co. v. St.
Paul Fire & Marine Ins. Co.*, 521 So.2d 1298
(Ala.1987), the attorney provided by the insurer to
defend the insured is responsible to and obligated to
the insured solely and not to the insurer. Under *L
& S Roofing Supply*, the attorney provided by the
insurer is constrained by an "enhanced obligation"
to represent *only* the insured. The attorney under
such a duty can take no action that would be
detrimental to the insured's interest. It follows that
defense attorneys hired by Universal for its insureds
cannot represent Universal's interests and,
consequently, cannot request special interrogatories
or special verdicts concerning the coverage issue.
Moreover, Universal is obligated to defend against
all claims advanced by the insureds, even those not
covered by the policy. *Ladner & Co. v. Southern
Guaranty Ins. Co.*, 347 So.2d 100 (Ala.1977).

Universal argues that its interest will not be
adequately protected unless it is allowed to
intervene for the limited purpose of proposing
special interrogatories or submitting special verdict
forms to the jury so that the theories on which the
jury's verdict is based can be determined. In
support of this contention, Universal relies heavily
on this Court's decision in *Alabama Hospital
Association Trust v. Alabama Hospital Association*,
unnumbered 574 So.2d 2 (Ala.1990). In that case,
Alabama Hospital Association Trust ("AHAT")

appealed from a summary judgment entered in favor
of Mutual Assurance Society of Alabama
("MASA"). The claim arose from a prior medical
malpractice judgment against certain doctors, who
were insured by MASA, and Lloyd Noland
Hospital, who was insured by AHAT. Both
insurers provided attorneys for their insureds.
After the trial, the "[c]ase was then submitted to the
jury on plaintiff Mays's claim against Lloyd Noland
based at least in part, if not wholly, on the
negligence of Habachy and Park.' " *Id.* at 1211
(quoting the trial court's opinion). The attorneys
failed to request any special findings of fact by the
jury, and the jury returned a general verdict in favor
of May and against the hospital. AHAT paid part
of the judgment and MASA paid part.
Subsequently, AHAT claimed that it was a subrogee
of the hospital for the recovery from MASA for the
portion of the judgment that had been paid by
AHAT. AHAT argued that the claim and the
subsequent judgment against the hospital were
based only on the negligence of the doctors, and
that as a result, MASA, as the doctors' insurer, was
the primary insurer and AHAT was the secondary
insurer. In support of its argument, AHAT
presented an affidavit of Jerry Argo, the foreman of
the jury that had rendered the general verdict
against the hospital. The affidavit, however, was
executed more than three years after the verdict had
been rendered.

The trial court stated that " '[b]y submitting the
affidavit of the foreman of the jury, AHAT sought
in effect to establish special findings of fact by the
jury verdict more than three years after the verdict
was rendered... [Such affidavit] cannot be admitted
in evidence after the trial for the purpose of
establishing the negligent conduct which was the
basis of the jury verdict.' " *Id.* at 1212 (quoting the
trial court's opinion citations omitted). The trial
court further stated:

"In the present case now before this Court, the
affidavits and answers of the [*]20 jurors to
questionnaires make evident the reason for the
rule disallowing the use of juror affidavits to
explain their verdict or to in other ways make special
findings of fact with respect to their verdict.

"Counsel representing Lloyd Noland and supplied

... AHAT could have asked the Court to require
the jury to make special findings of fact at the
time the case was submitted to the jury. AHAT
and Lloyd Noland elected not to do so. They
cannot now ask this Court to determine from the
affidavits of the jurors or the other evidence
submitted at the trial whether the verdict against
Lloyd Noland was based on the negligence of
Habachy and Park or whether the verdict against
Lloyd Noland was based on evidence concerning
the negligence of other physicians or employees
of Lloyd Noland."
*Id.* at 1213. [FN1]

FN1. This Court notes that under the facts
of *Alabama Hospital Association Trust*,
there was no issue presented regarding the
enhanced obligation of the insurer to the
insured. If, however, counsel representing
Lloyd Noland and supplied by AHAT had
requested special findings of fact at the
time the case was submitted to the jury, a
determination under the enhanced
obligation criteria enunciated in *L & S
Roofing Supply Co. v. St. Paul Fire &
Marine Ins. Co.*, 521 So.2d 1298
(Ala.1988), would have been necessary.

This Court agreed with the rationale of the trial
court:

"The issue in this case is whether the verdict in
the May case against Lloyd Noland was based
upon the jury's finding that Lloyd Noland was
liable because of the negligence of the two
medical doctors, Habachy and Park. This is
impossible to resolve, because the verdict of the
jury was a general one and because there was
evidence from which the jury could have found
liability as to Lloyd Noland based upon the
negligence of other employees of Lloyd Noland.
Absent a special verdict, the fact of coverage is
impossible to prove."
*Id.* at 1213.

Universal argues that the Court recognized the
impossibility of going behind a general verdict to
determine the negligence upon which the jury based its
verdict and that it used the court's jury instructions

574 So.2d 716
574 So.2d 716
(Cite as: 574 So.2d 716)

for a cure to his problem-- asking "the court to
require the jury to make special findings of fact at
the time the case [is, submitted to the jury."
*Alabama Hospital Association Trust, supra,* at
1265. Universal further argues that *Alabama
Hospital Association Trust* is on "all fours" with the
present case, except that in *Alabama Hospital
Association Trust* the secondary insurer was seeking
indemnity from the primary insurer. Universal
states that even though it wishes to submit
interrogatories or special verdict forms to the jury,
it does not intend to participate in the jury phase of
the trial. Therefore, Universal argues, its limited
participation would not affect the cases presented
by the plaintiffs.

Further, Universal asserts that *Alabama Hospital
Association Trust* overrules *United States Fidelity
& Guaranty Co. v. Adams,* 485 So.2d 720
(Ala.1986), wherein the Court affirmed the trial
court's denial of USF & G's motion to intervene in
the underlying suit filed by the plaintiffs. In *Adams,*
the plaintiffs sued Alabama Elk River Development
Agency for damages suffered as a result of
construction defects in a house purchased from Elk
River. Elk River filed a third-party complaint
against Highland Rim Constructors, Inc., the
contractor; USF & G, insurer for Highland Rim,
moved to intervene in the action pursuant to Rule
24(a)(2).

"USF & G ... requested that it be allowed to
intervene for the sole purpose of petitioning the
trial court to submit the action to the jury on
special verdicts with interrogatories. USF & G
argued that its insurance policy with Highland
Rim provided coverage for claims for damage as
a result of faulty workmanship to the owners'
personal property in the house, but excluded
coverage for claims made for damage to the
structure itself. USF & G asserted that, if the
jury returned a general verdict, it would be
impossible for USF & G to discern what portion
of the verdict was awarded as a result of damage
to personal property and what portion was for
damage to *[*721 the structure. Therefore, USF &
G contended the court should give the jury
special interrogatories to specify how much of the
sum should was for damage to the personal

property in the house, as this is all it would be
liable for under its policy with Highland Rim.'

*Id.* at *721. The trial court, however, denied the
motion and further denied USF & G's motion to
reconsider. The trial court based its decision upon
the determination that under Rule 24(a)(2), USF &
G did not have an 'interest' in the action. The trial
court stated, and this Court agreed, that " '[t]he
Petitioner does not have an interest in the
transaction the subject of this lawsuit' and that
'[i]ts interest is contingent upon the Plaintiffs'
recovery of a verdict in the underlying action. The
Petitioner may, by subsequent litigation, determine
its liability in the event of the Plaintiffs' recovery.' "
*Id.* (quoting the trial court's order).

The *Adams* Court also relied on *Restor-A-Dent
Dental Laboratories, Inc. v. Certified Alloy
Products, Inc.,* 725 F.2d 871 (2d Cir.1984), in
which the court found that the interest asserted by
the insurance company was contingent upon the
jury's verdict and the determination of
indemnification of certain types of losses under the
policy. The court in *Restor-A-Dent* focused
primarily on whether the insurer had an interest
sufficient to trigger the application of Fed.R.Civ.P.
24(a)(2). Although the court noted that the term
"interest" was not easily definable, it deferred to the
United States Supreme Court's statement that the
interest necessary to support intervention of right
must be "significantly protectable." See
*Donaldson v. United States,* 400 U.S. 517, 521, 91
S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). That is,
the interest must be direct and not remote or
contingent. This Court concluded in *Adams* that
USF & G had no interest in the transaction because
the interest was contingent upon whether the
plaintiffs recovered a judgment.

Universal argues that *Alabama Hospital
Association Trust* overrules *Adams* because
*Alabama Hospital Association Trust* postdates
*Adams* and because *Adams* is based on A.R.Civ.P.
24(a)2, which requires a finding of an 'interest.'
Universal bases its argument on the premise that the
*Alabama Hospital Association Trust* Court
recognized the insurer's dilemma and that the
insurer was not a party to the underlying lawsuit

(Cite as: 574 So.2d 7(n))

As a result, Universal maintains that the Court recognized the trial court's suggestion for a form of way of special findings of fact as the only method in which the insurer could determine its contract obligation. Universal attempts to distinguish *Adams* by arguing that the court in *Adams* specifically found that the insurer did not have the interest required under Rule 24(a)(2) while the trial court in the present case made no such finding and summarily denied Universal's petition.

In her brief, Plaintiff Mamie Green argues that *Adams* controls and that Universal misinterprets *Alabama Hospital Association Trust*. In *Alabama Hospital Association Trust*, there was no motion to intervene, nor was there any suggestion that intervention would be proper.

We conclude that *Adams* and *Alabama Hospital Association Trust* involve different issues. In *Alabama Hospital Association Trust*, the insurer attempted to establish special findings of facts--an evidentiary finding--three years after the jury had rendered its general verdict. In *Adams*, however, this Court, following the trial court's findings, concluded that the insurer did not have a sufficient interest under A.R.Civ.P. 24(a)(2) because its interest was contingent upon the plaintiffs' recovery in the underlying action. Further, the *Alabama Hospital Association Trust* Court considered the issue of subrogation or indemnity against another insurer, but not the issue of intervention. Because *Alabama Hospital Association Trust* and *Adams* involve different issues, we conclude that *Adams* was not overruled by *Alabama Hospital Association Trust*. We note further that *Alabama Hospital Association Trust* is not applicable to the present case because that case did not address the issue of intervention under A.R.Civ.P. 24(a)(2) and 24(b)(2). The analysis in *722 Adams* is directly applicable to the issue of intervention.

Universal also contends that it has a sufficient interest under Rule 24(a)(2) because it has agreed to indemnify the defendant for certain contingent liability that may arise under the terms and conditions of its policies with the defendant. Universal argues that under the principles of

indemnity, it has an interest sufficient to warrant intervention as of right and that that interest is not contingent.

Plaintiff Green argues, in opposition, that *Adams supra* controls because the interest here like the interest in *Adams* is contingent upon Green's recovery in the underlying action. Moreover, Green notes that when an insurer refuses to defend or defends under a reservation of rights, the insurer is not precluded from determining the coverage issue in a declaratory judgment action either before or after the resolution of the underlying action. See also *L & S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co., supra*, at 1303-04 (relying on *Tank v. State Farm Fire & Casualty Co.*, 105 Wash.2d 381, 715 P.2d 1133 (1986)). Additionally, as noted by Auburn Ford Lincoln-Mercury, Inc., the insureds would be prejudiced by further delay if Universal were allowed to intervene at such a late date in the proceedings.

A. INTERVENTION

In these consolidated cases, Universal moved to intervene under either A.R.Civ.P. 24(a)(2) or 24(b)(2). Rule 24(a)(2) provides for intervention of right:

"Upon timely application, anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Rule 24(b)(2) provides for permissive intervention:

"Upon timely application, anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

Rule 24(a)(2)--Intervention of Right

[1] Intervention is not regulated at the discretion of the

Cite as: 574 So.2d 716(?)

concerning Universal's right of intervention is a determination of the 'interest' necessary to sustain that right. In *State ex rel. Wilson v. Wilson*, 475 So.2d 74, Ala.Civ.App.(1985), the Department of Pensions and Security ("DPS") sought to intervene in a contempt proceeding brought by a mother against the father in an action seeking child support. The mother had assigned her child support rights to the State of Alabama in an agreement whereby DPS would establish, collect, and enforce the child support.

The Court of Civil Appeals held that under Rule 24(a)(2) DPS had an interest sufficient to enable it to intervene. The court stated:

"To intervene in a proceeding under Rule 24(a)(2) , the intervenor must have a *direct, substantial, and legally protectable interest in the proceeding. United States v. Perry County Board of Education,* 567 F.2d 277 (5th Cir.1978) . There is no 'clear-cut test' to determine if such an interest exists. Rather, courts should use a flexible approach, which focuses on the circumstances of each application for intervention. *Perry County Board of Education,* 567 F.2d at 279."

*Id.* at 196 (emphasis added). The court found that as an assignee, DPS had a sufficient interest in collecting the child support payments regardless of whether DPS made payments to the mother and regardless of whether the assignment took place before the divorce. Moreover, the court indicated that it was doubtful that DPS could be adequately represented in the contempt proceeding without intervention. The court further stated, "We must adopt an approach to Rule 24(a)(2) which measures the right to intervene by a practical rather than a technical yardstick.'" *Id.* at 197. The court noted that the legislature intended that §§ 38-10-1 through ... Ala.Code '1723 .075 which provide for the enforcement and collection of child support were to be construed broadly to effectuate the purpose of helping to ... not the state, support their children.

This issue has also been analyzed in the other cases. *State ex rel. Carrington v. Rivers*, 475 So.2d ... Ala.1985; payment of sheriff's much more... in any funds was a sufficient interest to allow the...

county intervention as of right in the sheriff's suit against the state for collection of his salary; and *Blue Cross & Blue Shield of Alabama v. ...* 526 So.2d 545, Ala.Civ.App.(1988) insurer's interest in the possible recovery of previously paid medical expense payments did not entitle it to intervene as of right in an underlying workmen's compensation case. See also *United States Fidelity & Guaranty Co. v. Adams, supra.*

This Court has held that an insurer does not have an interest when that interest is contingent upon the recovery in another action. *United States Fidelity & Guaranty Co. v. Adams, supra.* We find no rationale to distinguish *Adams* from the present case. In light of the foregoing authority, we find that Universal does not have a direct, substantial, and protectable interest. Because Universal lacks such an interest under Rule 24(a)(2), it may not intervene as of right. Nevertheless, nothing in our law would bar Universal from litigating the coverage issue in a declaratory judgment action after the resolution of the underlying cases in this matter.

## 2. Rule 24(b)(2)—Permissive Intervention

[4] Permissive intervention under Rule 24(b)(2) is within the broad discretion of the trial judge. See *Restor-A-Dent Dental Laboratories, Inc., supra.* The standard for determining whether permissive intervention should have been allowed is whether the trial judge abused his or her discretion.

In *Restor-A-Dent,* the trial judge denied the insurer's motion to intervene under Rule 24(b)(2) because such intervention would burden the litigation in progress because of the delay. In affirming the trial judge's decision, the Court of Appeals noted that if this were the only reason for denying the motion then there would be an abuse of discretion. However, the Court of Appeals held that the trial court properly denied the motion because of additional reasons, including: (1) that the insurer had no great need for the relief it sought; (2) that there was no assurance that the main action would not be delayed; and (3) that the intervention of an insurer would confuse the insured's attorney...

574 So.2d ___

574 So.2d ___

(Cite as: 574 So.2d 716)

could deter a settlement or could create a conflict of interest. The court noted that trial court had the discretion to grant intervention and that if intervention was granted, then "in view of the economy of time and effort inherent in the use of interrogatories in this situation" the limited use of interrogatories to the jury would not be an abuse of discretion. *Id.* at 677.

Unlike Rule 24(a)(2), Rule 24(b)(2) is a discretionary tool to be used by the trial courts. In the present case, we find no abuse of discretion in the trial court's order denying intervention. Although the present case may be completely resolved if a jury in the underlying cases returns a verdict for the defendants, or if the plaintiffs proceed on undisputed claims, we, nevertheless, recognize the dilemma faced by insurers. Because of this dilemma, we set forth a procedure by which permissive intervention may be allowed in this and similar cases.

## PROCEDURE

[5] Under this alternative procedure for permissive intervention, the trial would be bifurcated. In the first phase of the trial, the jury or judge would resolve issues of liability between the plaintiff and the insured defendant. The second phase would occur only if the jury or judge in the first phase rendered a verdict or judgment against the insured defendant. In the second phase, the insurance company would be allowed to enter and try, before the same jury or judge, only the insurance coverage issue. We emphasize that because of the many factors involved, a bifurcated *724 trial is not a matter of right for the insurer, but, rather, the decision of whether to allow intervention under this alternative procedure will rest within the discretion of the trial court as governed by the interests of justice and those factors articulated in A.R.Civ.P. 42(b). In order to avail itself of this remedy the insurer must make, within a reasonable time, a motion to intervene under this procedure. The motion should be similar to a complaint for declaratory judgment made pursuant to A.R.Civ.P. 57. Should the trial court choose to allow intervention under this procedure the insurer would be included in the discovery process with all parties

in the underlying action. We note, particularly, that the insurer would be required to make available to the plaintiff in the underlying action, all facts discoverable pursuant to the Alabama Rules of Civil Procedure, as well as the relevant insurance policy or policies. During the first phase, neither the jury nor the judge would consider the insurer's participation or the coverage issue. The jury would become aware of the insurer and the coverage issue only in the event that it rendered a verdict in the plaintiff's favor in the first phase. The judge would consider the coverage issue only if he or she rendered a judgment for the plaintiff in the first phase. If such a verdict or judgment occurs, then the trial would proceed to the second phase. In the second phase, the same jury or judge would hear and decide the coverage issue between the defendant insured and the insurer.

Bifurcated trials are not unusual in Alabama and are recognized under A.R.Civ.P. 42(b):

"The court, *in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy,* may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, *or of any separate issue or of any number of claims,* cross-claims, counterclaims, third-party claims or *issues,* always preserving inviolate the right of trial by jury as declared by Article 1, Section 11 of the Alabama Constitution of 1901."

*Id.* (emphasis added.) The comments to Rule 42(b) further emphasize that a trial court has broad freedom to order separate trials on different issues or with respect to different parties in order to effectuate the goals of justice and judicial economy. This Court recognized in *Coburn v. American Liberty Insurance Co.,* 341 So.2d 717 (Ala.1977), that Rule 42(b) may be used to separate the issues of liability from those of damages in a negligence case. The Court noted that the trial court is in a "position to evaluate within the posture of the case the matter of trial convenience and to shape the order of trial." See also, *Ex parte S. B. Sprague & Associates, Inc.,* 464 So.2d 54 (Ala.1985). Rule 42(b) gives the trial court great flexibility in conducting litigation and "is intended to further the parties' convenience, avoid delay and

between separation and severance.

In addition to Rule 42(b), the Alabama Rules of Civil Procedure provide for separation of liability insurance coverage claims from damage claims. A.R.Civ.P. 18(c) provides as follows:

"In no event shall this or any other rule be construed to permit a jury trial of a liability insurance coverage question jointly with the trial of a related damage claim against an insured."

The comments to Rule 18(c) add:

"The provisions of Rule 18(c) have been inserted to prevent a joint trial on the issue of insurance coverage and a related damage claim in those actions wherein the provisions of Rule 18 have permitted joinder of those claims for pleading purposes or where such an issue is presented by third party action, counterclaim, cross-claim or in a declaratory judgment proceeding."

In *Desroches v. Complete Auto Transit, Inc.*, 409 So.2d 417 (Ala.1982), the trial court ordered separate trials on the issue of liability and the issue of the validity of release agreements. In *Desroches*, the plaintiff signed release agreements and covenants not to sue and accepted money from the insurance company. She later retained counsel and sought to return the money and rescind the release agreements, *725 but the insurance company refused, and an action ensued. The defendants successfully moved the trial court to order separate trials on the issues of liability and of the validity of the release agreements. The plaintiff argued that the trial court exceeded its authority under Rule 42 in ordering separate trials. This Court, however, stated that "[f]or resolution of this issue we need look no further than subsection (c) of Rule 18 A.R.C.P." *Id.* at 418. See also *Holloway v. Nationwide Mutual Ins. Co.*, 376 So.2d 690, ___ (___) recommendation on remand that A.R.Civ.P. Rules 21 and 42(b) be utilized to avoid problems encountered at trial. Clearly, separate trials are recognized and used in Alabama procedure in furtherance of convenience or to avoid prejudice, or in other instances of convenience and economy. A.R.Civ.P. 42(b).

Although we recognize that Rule 42(b) and the

are primarily applicable to joinder issues, we view those rules as instructive. The trial courts should consider the foregoing as guidance in deciding whether to allow permissive intervention under the procedure announced in this case.

We take special note of the distinction made in *Key v. Robert M. Duke Ins. Agency, supra*, between an order of severance and an order for separate trials. As stated in *Key*, severed claims become independent actions with judgments entered independently, while separate trials lead to one judgment. *Key* held that A.R.Civ.P. 54(b) applied "to actions in which 'separate trials' are ordered pursuant to Rule 42(b)," but did not apply to claims severed from the original action. *Id.* at 783. [FN2] Because of the distinction between a severance and an order of separate trials and because of this Court's reliance on Rule 42(b) for the alternative procedure, we envision that this procedure for permissive intervention would result in *separate trials*--a first trial on the issue of liability and a second trial on the issue of insurance coverage. The logical result of the distinction made in *Key* between separate trials and severance is that the case would be final and appealable only when the necessary trials are completed.

FN2. A.R.Civ.P. 54(b) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims

or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Other jurisdictions have also recognized the utility of bifurcated trials. In California, the Court of Appeal in *Equitable Life Assurance Society v. Berry*, 212 Cal.App.3d 832, 260 Cal.Rptr. 819 (1989) held that bifurcation of trial to try the issue of insurance coverage was proper. See also *Ahmed v. Peterson*, 186 Cal.App.3d 374, 230 Cal.Rptr. 636 (1986) (bifurcation of breach of contract claim from negligence claim for purposes of introducing evidence was proper remedy); *Wheels & Brakes, Inc. v. Capital Ford Truck Sales, Inc.*, 167 Ga.App. 532, 307 S.E.2d 13 (1983) (severance is a matter of discretion for the trial judge.). See generally Page & Sigel, *Bifurcated Trials in Texas Practice: The Advantages of Greater Use of Texas Rule of Civil Procedure 174(b)*, appearing in 9 Rev. Litigation 49 (1990) and 53 Tex.B.J. 318 (April 1990) (expounding on the benefits of bifurcated trials under Rule 174(b), Texas Rules of Civil Procedure--a provision similar to A.R.Civ.P. 42(b)).

In addition, we note that the Wisconsin legislature and judiciary have recognized the dilemma faced by insurance companies on insurance coverage disputes and have provided a remedy similar to the one enunciated in the present case. The Wisconsin legislature provided:

*726 "If an insurer is made a party defendant pursuant to this section and it appears at any time before or during the trial that there is or may be a cross issue between the insurer and the insured or any issue between any other person and the insurer involving the question of the insurer's liability if judgment should be rendered against the insured, the court may, upon motion of any defendant in the action, cause the person who may be liable upon such cross issue to be made a party defendant to the action, and all the issues involved in the cross issue be determined in the trial of the action or any 3rd party may be impleaded as provided in s. This Stat. § 803.05 ... [unreadable]

providing the trial court when directing and conducting separate trials at the issue of liability to the plaintiff or other party seeking affirmative relief on the issue of whether the insurance policy in question affords coverage, any party may move for such separate trials and if the court orders separate trials it shall specify in its order the sequence in which such trials shall be conducted."

Wis.Stat. § 803.04(2)(b) (1988) (emphasis added).

In *Mowry v. Badger State Mut. Casualty Co.*, 129 Wis.2d 496, 385 N.W.2d 171 (1986), a case involving breach of contract and bad faith failure to settle within the insurance policy limits, the Wisconsin Supreme Court recognized the competing interests between an insured, an insurer, and a plaintiff in an action for damages:

"When an insurer is certain of its insured's liability for an accident and where damages to the victim exceed policy limits, the insurer would normally be responsible for indemnifying its insured to the extent of its policy limits. The insurer, however, experiences a conflict of interests whenever an offer of settlement within policy limits is received where a legitimate question of coverage under the policy also exists.

The insurer will be reluctant to settle within policy limits if there is a likelihood that coverage does not exist...."

129 Wis.2d at 507-512, 385 N.W.2d at 177-78 (citations omitted). The court in *Mowry* found that the insurance company did not act in bad faith in refusing to settle the claim within the policy limits, because the issue of coverage was fairly debatable. *Id.* at 512-16, 385 N.W.2d at 179-80. The court further noted:

"[T]his court has endorsed the use of the separation mechanism to avoid conflicts of interest between the insured and the insurer. The separation procedure is to some extent mutually beneficial. The insurer is able to ascertain whether coverage exists prior to any indemnification of the insured; the insured is able to ascertain prior to the insurer's undertaking of his defense whether the defense would have had any taint of a conflict of interest due to a coverage dispute."

574 So.2d 716
574 So.2d 716
(Cite as: 574 So.2d 716)

"... Section 6-5-442(a) authorizes the trial court to sever and try issues separately, at its discretion. The statute does not on its face affect the rights and duties to a contract. As we mentioned above, however, the existence of coverage under a contract precedes an insurer's duty to settle. The precise reason an insurer litigates a coverage issue is to release itself from any settlement and defense obligations. To require it to settle prior to the coverage trial is antithetical to the purpose of the bifurcation statute. Thus, the mere fact that an insurer refuses an offer to settle within policy limits during the pendency of a coverage trial does not mean that the insurer has breached a duty owed to its insured."
*Id.* 385 N.W.2d at 183-84. [FN3]

> FN3. The dissent in *Mowry* argued that, unlike the policy holder, the insurance company could better protect itself from liability for damages exceeding the policy limits by *timely* litigating the coverage issue before a settlement offer is made, and therefore the insurer, and not the insured, should bear the loss. As noted by the dissent, the insurer did not litigate the coverage issue in the bifurcated proceeding until a year and a half after the commencement of the action. *Id.* at 191 (Abrahamson, J., dissenting).

Because the present case introduces an alternative method for permissive intervention, *727 the trial court on remand may, in its discretion, grant or deny Universal's motion to intervene in a bifurcated action. If the trial court grants the motion to intervene for bifurcated trials, it should permit discovery with respect to Universal by the plaintiff and schedule the proceedings for completion and trial by a set date. In the future, however, the insurer must file its motion to intervene in a bifurcated action within a reasonable time of its determination that insurance coverage dispute may exist. As with any discretionary device, the trial court's denial of such motion will be measured under the abuse of discretion standard. If

addition, insurers and insureds in the present case and in future cases may have separate counsel. We emphasize that the trial courts must take extreme care so as to prevent inconsistent verdicts through the use of this procedure.

## CONCLUSION

[6] In light of the law under *United States Fidelity & Guaranty Co. v. Adams, supra,* and its progeny, we hold that Universal has not shown the required interest under A.R.Civ.P. 24(a)(2) to entitle it to intervene as of right. Further, we find no abuse of discretion in the trial court's denial of permissive intervention under A.R.Civ.P. 24(b)(2). However, in light of the alternative procedure set forth herein, we remand the case to the trial court for further consideration. Accordingly, the orders denying intervention are affirmed, and the cases are remanded for further proceedings consistent with this opinion.

AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

MADDOX, ALMON, SHORES and ADAMS, JJ., concur.

JONES, J., dissents, with opinion.

HOUSTON, J., dissents.

JONES, Justice (dissenting).

The majority opinion gives new meaning to the old expression "Too much sugar for a dime." "Overkill" is a mild description for the complicated bifurcated procedure prescribed by the majority as a substitute for the simple use of Rule 49, A.R.Civ.P. Having voluntarily offered to submit itself to the jurisdiction of the court, and thus having agreed to be bound by the jury verdict in the trial by the plaintiff against its potential insured, Universal, the insurer asks simply to be allowed to intervene for the limited purpose of invoking Rule 49, which authorizes the jury's use of special interrogatories to adjudicate under which, if any, of the claims it might be the plaintiff.

574 So.2d 716
574 So.2d 716
(Cite as: 574 So.2d 716)

Page 12

One would have thought, or at least I did, that the intervention prescribed in *Lowe v. Nationwide Ins. Co.*, 521 So.2d 1309 (Ala.1988), would be interpreted as direct authority if, indeed, common sense was not of itself sufficient authority for the proposition that Universal's interest in the outcome of the instant litigation, albeit both limited and contingent, would permit intervention concomitant with its limited interest. Indeed, Nationwide's interest in the *Lowe* case was equally limited and contingent.

The insurer's interest in both this case and in *Lowe*, in a broad sense, deals with the issue of coverage. In *Lowe*, the insured had no underinsured coverage (and, thus, the insurer had no liability) unless the jury's verdict for the plaintiff exceeded the amount of the primary coverage. Here, the insurer has no liability to the plaintiff, unless the jury awards the plaintiff damages under a theory of liability for which the policy provides coverage. A general verdict for this plaintiff may be sufficient for execution against these defendants, but, because certain of the plaintiff's theories are clearly outside the coverage provided by the policy, it would obviously not be sufficient for execution against Universal. This, then, is the classic case for the invocation of Rule 49.

*728 To be sure, its use may not answer all of the coverage questions necessary for the final disposition of questions regarding Universal's liability, but it will do all that ought to be done in the present litigation; and, if necessary, it will furnish a concrete basis for any future litigation between the plaintiff and the defendant's insurer. For example, a verdict for the plaintiff under the fraud claim may not answer the ultimate "occurrence" issue.

With all its sophistication, the majority's scheme for bifurcation leaves unanswered myriad problems. For example, the opinion seems oblivious to the fact that, once the trial is over, if we assume the plaintiff wins, the trial can not proceed with the same battery of lawyers. That trial must now vary goodbye to those lawyers who lost the first round and usher in a new set of lawyers to try the second

round. How does this awkward and time-consuming procedure square with the goals of judicial economy and caseload reduction, when compared with the simple invocation of Rule 49 which in most instances will dispose of the entire case?

In conclusion, I make three additional observations:

1. In answer to the plaintiff's fears that to allow intervention under these circumstances would permit the intervenor to clutter the lawsuit with a variety of interrogatories and thus confuse the jury, I would answer simply that trial judges know how to draft fair and impartial jury instructions, including interrogatories contemplated by Rule 49.

2. I cannot understand how the plaintiff will be prejudiced rather than aided by the trial court's granting of the petition for limited intervention. If the plaintiff intends to execute judgment only against the defendants (the insureds), the plaintiff can strip the insurer of any interest, and thus defeat the right of intervention, by merely confessing of record its intention not to proceed against the insurance company. If, on the other hand (as is most likely the case), the plaintiff intends to collect any judgment from the insurer, a general verdict that is based on multiple claims or theories, any one of which is not covered by the insurance policy, will avail the plaintiff nothing; and any further proceedings to clarify the coverage issue will not only require a retrial of the issues of liability, but will also risk a contrary result. If any two of the claims submitted to the jury are mutually exclusive, a general verdict for the plaintiff must be set aside as inconsistent. *National Security Fire & Cas. Co. v. Vintson*, 454 So.2d 942 (Ala.1984); and, even if the claims are cumulative, if any one is determined not to be covered by the policy, there is no way of knowing that the jury based its verdict on a covered claim. Perhaps this is the reason legal commentators refer to Rule 49 as the judge's rule: lawyers refuse to use it even when it would be in their best interest.

3. If the trial judge, under circumstances where to have a general verdict is inappropriate, uses jury

574 So.2d 716

574 So.2d 716

(Cite as: 574 So.2d 716)

their initiative and avoid a bifurcated trial simply by invoking the procedure authorized by Rule 40.

ON APPLICATION FOR REHEARING

HORNSBY, Chief Justice.

OPINION MODIFIED; APPLICATION FOR REHEARING OVERRULED.

MADDOX, ALMON, SHORES and ADAMS, JJ., concur.

574 So.2d 716

END OF DOCUMENT

Copr. © West No Claim to Orig. U.S. Govt. Works

Westlaw

781 So.2d 172

781 So.2d 172

(Cite as: 781 So.2d 172)

Supreme Court of Alabama.
MUTUAL ASSURANCE, INC.
v.
Philip CHANCEY and Beth Chancey.
1982101.

May 26, 2000.
Opinion Modified on Denial of Rehearing
Sept. 29, 2000.

Liability insurer sought to intervene for purpose of
requesting interrogatories or special verdict forms
in suit by patient against insured physician and
medical practice. The Montgomery Circuit Court,
No. CV-98- 2355, Eugene W. Reese, J., denied
insurer's motion to intervene, and insurer appealed.
The Supreme Court, Cook, J., held that: (1) insurer
was not entitled to intervention as of right, and (2)
trial court did not abuse its discretion in denying
insurer's request for permissive intervention.

Affirmed.

Lyons, J., concurred specially and filed opinion.

Houston and See, JJ., dissented and filed opinions.

West Headnotes

[1] Parties 41
287k41 Most Cited Cases
Liability insurer was not entitled to intervention as
of right, for purposes of requesting interrogatories or
special verdict forms in medical-malpractice action
against its insured, as insurer could litigate coverage
issue in declaratory-judgment action after resolution
of underlying claims against its insured. Rules
Civ.Proc., Rule 24(a)(2).

[2] Appeal and Error 95
30k95 Most Cited Cases
An order denying intervention as of right is

appealable.

[3] Declaratory Judgment 45
118Ak45 Most Cited Cases
Jurisdiction of a declaratory-judgment action will
not be entertained if there is pending at the time of
the declaratory-judgment action another action or
proceeding to which the same persons are parties,
and in which are involved and may be adjudicated
the same identical issues that are involved in the
declaratory-judgment action.

[4] Parties 41
287k41 Most Cited Cases
Trial court's denial of liability insurer's motion for
permissive intervention in medical-malpractice
action against insureds for purposes of requesting
interrogatories or special verdict forms was not
abuse of discretion, as insurer failed to demonstrate
how alternative procedure, which allowed insurer to
enter case and try insurance coverage issue after
liability had been found, would not allow it to
determine whether judgment would fall within
scope of insured's coverage. Rules Civ.Proc., Rule
24(b)(2).

[5] Appeal and Error 949
30k949 Most Cited Cases

[5] Parties 38
287k38 Most Cited Cases
Permissive intervention is within the broad
discretion of the trial court and the court's ruling on
a question of permissive intervention will not be
reversed unless the court clearly abuses its
discretion. Rules Civ.Proc., Rule 24(b)(2).
*173 Bibb Allen, Deborah Alley Smith, and Susan
Scott Hayes of Rives & Peterson, P.C.,
Birmingham for appellant.

Frank H. Hawthorne, Jr., and C. Gibson Vance of
Hawthorne, Hawthorne & Vance, L.L.C.,
Montgomery, and David G. Wirtes, Jr., and George

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(Cite as: 783 So.2d 172)

M. Dern III of Cunningham, Bounds, Yance, Crowder & Brown, L.L.P., Mobile, for appellee Phillip Chancey and Beth Chancey.

Stanley Rodgers and Jeffrey T. Kelly of Lanier Ford Shaver & Payne, P.C., Huntsville, for appellee Kimberly Whitehard.

Mirian K. Wright and Sybil Vogtle Abbot of Starnes & Atchison, L.L.P., Birmingham, for appellee East Alabama Behavioral Medicine, P.C.

Carol Ann Smith and J. Tobias Dykes of Smith & Ely, L.L.P., Birmingham, for amicus curiae Alabama Defense Lawyers Ass'n.

COOK, Justice.

Phillip Chancey and his wife Beth Chancey sued Dr. Kimberly Whitehard and her employer, East Alabama Behavioral Medicine ("EABM"), stating claims based primarily on theories of negligence, wantonness, and "abandonment." Mutual Assurance, Inc., the defendants' liability insurer, moved to intervene. The trial court denied the motion to intervene, and Mutual Assurance appealed from the denial. We affirm.

Mutual Assurance sought to intervene for the purpose of requesting interrogatories or special verdict forms so that it could ascertain the basis of the jury's verdict in case the jury finds against its insureds. Mutual Assurance contends that it is seeking to resolve any questions regarding coverage so that if a judgment is rendered against its insureds, it will know if the judgment falls within the scope of the insureds' coverage.

Mutual Assurance states in its brief:

"During 1996, Mutual Assurance had in force a policy of liability insurance insuring Kimberly Whitehard and EABM. The policy provides that it will pay all sums that the insureds become legally liable to pay as damages because of a medical incident which is reported during the policy period or any extended reporting part of the policy period, defines medical incident as a single act or omission or a series of related acts or

omissions arising out of the rendering of, or the failure to render professional services to any one person ... by the named insured or any person for whose acts or omissions the Named Insured is legally responsible ... which results or is likely to result in damages or a claim or suit. The policy defines professional services as the provision of medical opinions or medical advice.... The policy excludes liability arising out of any willful, wanton, fraudulent, criminal or malicious act or omission.' Exclusion (e) of the policy eliminates coverage for liability 'arising out of sexual activity, or acts *174 in the furtherance of sexual activity on the part of the Named Insured or any person for whose acts the Named Insured is legally responsible, whether under the guise of treatment or not, and provided that this exclusion shall not apply to the defense of suits for which coverage is otherwise afforded.' Liability arising out of the intentional acts of the Insured is excluded in exclusion (d)."

Appellant's Brief, p. 2. [FN1]

FN1. Mutual Assurance's insurance policy is not included in the record on appeal.

Mutual Assurance contends that the trial court abused its discretion in denying its motion to intervene. It urges this Court to overrule *Universal Underwriters Insurance Co. v. East Central Alabama Ford-Mercury, Inc.* ("Universal I "), 574 So.2d 716 (Ala.1990), and *United States Fidelity & Guaranty Co. v. Adams,* 485 So.2d 720 (Ala.1986), and to recognize on the part of a defendant's liability insurer an absolute right to intervene in order to request interrogatories or special verdict forms to ascertain the basis of any verdict against the defendant. Mutual Assurance asserts that, absent intervention, it will not be able to ascertain whether a judgment against its insureds falls within the scope of their coverage.

781 So.2d 172

781 So.2d 172

(Cite as: 781 So.2d 172)

"Upon timely application, anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

As Mutual Assurance points out, we addressed this issue in *Universal I* and in *Adams*, holding that an insurer has no absolute right to intervene in an action against its insured. Mutual Assurance asks us to overrule *Universal I* and *Adams* and their progeny and to recognize an insurer's right to intervene because, it argues, (1) a liability insurer has a sufficiently direct interest to support a right to intervene in an action against its insured if the claims may or may not be covered by the insurance policy, [FN2] and (2) a declaratory-judgment action is an insufficient alternative in cases where the question of coverage is dependent upon the factual basis of a jury's verdict.

> FN2. Mutual Assurance urges this Court to adopt Justice Jones's dissenting opinion in *Universal I*.

We decline Mutual Assurance's request to overrule *Universal I* and *Adams*. In *Universal I*, as in the instant case, the defendant's insurer sought to intervene in an action brought against its insured; it sought intervention "for the sole purpose of submitting special interrogatories or a special verdict form to the jury." 574 So.2d at 718. We concluded that an insurer "does not have a direct, substantial, and protectable interest" under Ala. R. Civ. P. 24(a)(2) because its interest is contingent upon the plaintiff's recovery on the underlying claims. See also *Adams*, *supra* ... We find no basis on which to distinguish this present case from *Universal* and its progeny and no compelling reason to overrule *Universal I*. Therefore, in this case, as we held in *Universal I* and *Adams*, the trial court correctly denied the insurer's motion to intervene as of right. See also ...

---

754 F.2d at ... (2d Cir. 198-)

In *Universal I* we stated that the insurer would not be barred from litigating the coverage issue in a declaratory-judgment action after the resolution of the underlying claims against its insured. See *Universal I* 574 So.2d at 723. Mutual Assurance contends that a declaratory-judgment action litigating the coverage issue following the resolution of this action based on the claims against its insureds will be insufficient because, it says, the declaratory action could involve the same factual issues that are to be adjudicated in this action against its insureds. Mutual Assurance argues that a declaratory-judgment action would be dismissed because it would present an issue that had been presented in this present action against its insureds.

[3] " 'Jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the declaratory judgment action another action or proceeding to which the same persons are parties, and in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action.' " *Home Ins. Co. v. Hillview 78 West Fire District*, 395 So.2d 43, 44 (Ala.1981), quoting *Mathis v. Auto-Owners Ins. Co.*, 387 So.2d 166, 167 (Ala.1980). See also *Ex parte Breman Lake View Resort, L.P.*, 729 So.2d 849 (Ala.1999). However, the threshold issue of coverage in a potential declaratory-judgment action by Mutual Assurance and the issues presented in this underlying action against the insureds are not the same. Therefore, a declaratory-judgment action to determine the coverage issue would not be foreclosed.

B.

[4] Mutual Assurance also argues that the trial court abused its discretion in denying Mutual Assurance's motion for permissive intervention under Rule 24(b)(2). It argues that even though, if the jury in the present action finds against its insureds it would have the right to file a declaratory-judgment action, a declaratory-judgment action it would not allow it to determine what the jury relied on in finding against the insureds.

781 So.2d 172

781 So.2d 172
Page -

(Cite as: 781 So.2d 172)

Rule 24-b permits permissive intervention "Upon timely application ... 2 when an applicant's claim or defense and the main action have a question of law or fact in common." That rule provides that "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

.5]. We also addressed this issue in *Universal I*, supra, in which we held that it was not an abuse of discretion for a trial court to deny an insurance company's motion for permissive intervention for the purpose of requesting special verdict forms or interrogatories for submission to the jury. See also *Universal Underwriters Insurance Co. v. Anglen* (" *Universal II* "), 630 So.2d 441 (Ala.1993). Permissive intervention is within the broad discretion of the trial court and the court's ruling on a question of permissive intervention will not be reversed unless the court clearly abuses its discretion. *Universal II*, 630 So.2d at 443. Although Mutual Assurance argues that it cannot, under our present "alternative procedure," inquire of the jury the *176 basis for its finding, Mutual Assurance has not demonstrated to this Court why that alternative procedure, set forth in *Universal I*, will not allow it to achieve its objective. [FN3] The alternative procedure would allow Mutual Assurance to accomplish its objective *after* the resolution of the underlying claims against its insureds, without prejudicing the plaintiffs or the defendants in this action presenting those claims.

FN3. In *Universal I*, we developed the following alternative procedure allowing permissive intervention.
"Under this alternative procedure for permissive intervention, the trial would be bifurcated. In the first phase of the trial, the jury or judge would resolve issues of liability between the plaintiff and the insured defendant. The second phase would occur only if the jury or judge in the first phase rendered a verdict or judgment against the insured defendant. In the second phase, the insurance company would be allowed to enter and try, before

the same jury or judge only the insurance coverage issue. We emphasize that because of the many factors involved, a bifurcated trial is not a matter of right for the insurer, but, rather, the decision of whether to allow intervention under this alternative procedure will rest within the discretion of the trial court as governed by the interests of justice and those factors articulated in [Ala.] R. Civ. P. 42(b). In order to avail itself of this remedy, the insurer must make, within a reasonable time, a motion to intervene under this procedure. The motion should be similar to a complaint for declaratory judgment made pursuant to [Ala.] R. Civ. P. 57. Should the trial court choose to allow intervention under this procedure, the insurer would be included in the discovery process with all parties in the underlying action. We note particularly that the insurer would be required to make available to the plaintiff in the underlying action, all facts discoverable pursuant to the Alabama Rules of Civil Procedure, as well as the relevant insurance policy or policies. During the first phase, neither the jury nor the judge would consider the insurer's participation or the coverage issue. The jury would become aware of the insurer and the coverage issue only in the event that it rendered a verdict in the plaintiff's favor in the first phase. The judge would consider the coverage issue only if he or she rendered a judgment for the plaintiff in the first phase. If such a verdict or judgment occurs, then the trial would proceed to the second phase. In the second phase, the same jury or judge would hear and decide the coverage issue between the defendant insured and the insurer."

*Universal I*, 675 So.2d at 883-84.

Based on the facts of this case, we conclude that the trial court did not abuse its discretion in denying Mutual Assurance's motion to intervene. We see no compelling reason to overrule *Universal I* and

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

781 So.2d 172

781 So.2d 172
(Cite as: 781 So.2d 172)

Adams, or to reject the alternative procedure we set out in that case (by which permissive intervention may be allowed). The order denying intervention is affirmed, based on the authority of Universal & Universal II and Adams.

**AFFIRMED.**

MADDOX, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.

LYONS, J., concurs specially.

HOUSTON and SEE, JJ., dissent.

LYONS, Justice (concurring specially).

Whether to allow an insurer permissive intervention, pursuant to Rule 24(b), Ala. R. Civ. P., in a tort action against its insured, so that the insurer can invoke Rule 49, Ala. R. Civ. P., and thereby obtain clarification of coverage issues, falls within the sound discretion of the trial court. Allowing such intervention, therefore, would not constitute an abuse of discretion. Further, even if the court denies the motion to intervene, the trial court could use Rule 49 in submitting the tort claim to the jury. Finally, a trial court could deny the intervention motion conditionally, based upon the condition that the party opposing *177 intervention acquiesces in the use of Rule 49, so long as the substantial rights of other parties are not affected.

HOUSTON, Justice (dissenting).

I would reverse and remand, because I would overrule Universal Underwriters Ins. Co. v. East Central Alabama Ford-Mercury, Inc., 574 So.2d 716 (Ala.1990), and United States Fidelity & Guaranty Co. v. Adams, 485 So.2d 720 (Ala.1986). USF & G v. Adams was decided by a division of this Court; because I was not a member of that division, I had no opportunity to vote on the opinion in that case. I dissented in Universal Underwriters; and although the case it reversed did not show that I joined Justice Jones's dissenting opinion, I did. See Universal Underwriters Ins. Co. v. East Cent. Ala. Ford-Mercury, Inc., [Ms. ___, ___ So.2d ___, ___, ___ (Ala.1987) (Houston, J., concurring

and in part and dissenting in part). A liability insurer has a right to intervene in an action against its insured when that action asserts both covered and noncovered claims, to ascertain, through the use of a special verdict form or interrogatories to the jury, the factual basis of any verdict returned against its insured.

Mutual Assurance should not be precluded from seeking a change in the law by reason of its not having requested relief under Rule 24(a), Ala. R. Civ. P., to which it was not entitled under existing law and which the trial court could not have granted under existing law. "Alabama law does not require the performance of a vain or useless act." Mutual Assurance, Inc. v. Wilson, 716 So.2d 1160, 1165 (Ala.1998). See Goodyear Tire & Rubber Co. v. Vinson, 749 So.2d 393, 403 (Ala.1999) (on application for rehearing) (Houston, J., dissenting, joined by Maddox, J.).

SEE, Justice (dissenting).

The majority concludes correctly that our precedent requires an affirmance of the trial court's order denying Mutual Assurance's motion to intervene in this action. See Universal Underwriters Ins. Co. v. East Cent. Alabama Ford-Mercury, Inc., 574 So.2d 716 (Ala.1990). However, I agree with Justice Houston that this Court should overrule Universal Underwriters. As this Court has recognized, "[a]bsent a special verdict, the fact of coverage is impossible to prove." Alabama Hospital Ass'n Trust v. Mutual Assurance Soc'y of Alabama, 538 So.2d 1209, 1216 (Ala.1989). This Court's attempt to craft an alternative by permitting the insurer to litigate the issue of coverage before the same jury that decided liability, see Universal Underwriters, 574 So.2d at 723-24, requires that the insurer litigate its claim before a jury it had no role in selecting, (2) that the insurer's counsel overcome the rapport opposing counsel has developed with the jury, and (3) that the insurer face the potential prejudice inherent in having the jury that determined the plaintiff was entitled to recover also determine whether the defendant's insurance covers that liability. When an action against an insured includes both covered and

781 S. 2d 172

781 S. 2d 172

(Cite as: 781 So.2d 172)

noncovered claims the insurer should be permitted
to intervene in that action for the limited purpose of
requesting a special verdict form or special
interrogatories in order to discern the factual basis
of any verdict against the insured. I respectfully
dissent.

781 So.2d 172

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "C"

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

WHITTELSEY PROPERTIES, INC.,  )
ET AL.,                        )
                               )
        Plaintiffs,            )
                               )
V.                             )        CASE NO.:  CV 2005-137
                               )
MANIFOLD CONSTRUCTION, LLC.,   )
ET AL.,                        )
                               )
        Defendants.            )

## ORDER

The Court inadvertently granted the *Motion to Intervene*.  Upon further review of the submissions of the parties, the Court withdraws its previous order and will reconsider when the case is set for trial.

**ORDERED** this the ____26____ day of April 2006.



**BRAD MENDHEIM**
**ACTING CIRCUIT JUDGE**
**LEE COUNTY**

FILED

APR 2 8 2006

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK