IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

OHIO CASUALTY INSURANCE COMPANY,    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        Civil Action No. 3:06-cv-977-MEF
                                    )
MANIFOLD CONSTRUCTION, LLC, et al., )
                                    )
            Defendants.             )

## ANSWER

COME NOW the Defendants, Manifold Construction, LLC (hereinafter "Manifold") and Jack Manifold (hereinafter "Jack"), and in response to Plaintiff's complaint for declaratory judgment, reserving the right to amend or supplement upon the discovery of additional facts, defenses and/or claims, state as follows:

1.      Manifold and Jack admit the allegations contained in paragraph 1 of Plaintiff's Complaint for Declaratory Judgment.

2.      Manifold and Jack admit the allegations contained in paragraph 2 of Plaintiff's Complaint for Declaratory Judgment.

3.      Manifold and Jack admit the allegations contained in paragraph 3 of Plaintiff's Complaint for Declaratory Judgment.

4.      Manifold and Jack admit the allegations contained in paragraph 4 of Plaintiff's Complaint for Declaratory Judgment.

5.      Although said defendants did file suit against Manifold and Jack in the Circuit Court of Lee County, Alabama, on or about February 23, 2005, Manifold and Jack deny the

1

remaining allegations contained in paragraph 5 of Plaintiff's Complaint for Declaratory Judgment and demand strict proof thereof.

6.    Manifold and Jack admit the allegations contained in paragraph 6 of Plaintiff's Complaint for Declaratory Judgment.

7.    Manifold and Jack deny the allegations contained in paragraph 7 of the Plaintiff's Complaint for Declaratory Judgment and demand strict proof thereof.

Furthermore, Manifold and Jack specifically deny that Plaintiff is entitled to any of the relief requested and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    Manifold and Jack plead the general issue.

### SECOND AFFIRMATIVE DEFENSE

2.    Manifold and Jack plead waiver.

### THIRD AFFIRMATIVE DEFENSE

3.    Manifold and Jack plead estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4.    Manifold and Jack plead breach of contract.

### FIFTH AFFIRMATIVE DEFENSE

5.    Manifold and Jack plead fraud.

### SIXTH AFFIRMATIVE DEFENSE

6.    Manifold and Jack plead deceit.

### SEVENTH AFFIRMATIVE DEFENSE

7.    Manifold and Jack plead that the Plaintiff has acted in bad faith.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Manifold and Jack plead that the Plaintiff has acted in abnormal bad faith with respect to them.

## NINTH AFFIRMATIVE DEFENSE

9.      Manifold and Jack plead that Plaintiff has breached its enhanced obligation of good faith owed to them.

## TENTH AFFIRMATIVE DEFENSE

10.      Manifold and Jack adopt and incorporate by reference each and every one of the defenses set forth in their Motion to Dismiss and brief in support of said motion.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      Manifold and Jack reserve the right to amend these affirmative defenses to include any defenses discovered in the course of this litigation.

## JURY DEMAND

12.      Manifold and Jack demand trial by jury.

## COUNTERCLAIM

COME NOW Manifold and Jack, and for their claims against the Plaintiff set forth and say as follows:

1.      Plaintiff is a corporation, organized and existing under the laws of the State of Ohio, and engaged in the business of issuing insurance policies.

2.       Plaintiff issued to Manifold and Jack a liability insurance policy bearing policy number BKO (05) 52 93 09 06 with a coverage period of June 7, 2004, to June 7, 2005 (hereinafter the "Policy").

3.       On or about the 23rd day of February, 2005, Defendants, Whittelsey Properties, Inc. and C.S. Whittelsey, IV (hereinafter collectively referred to as "Whittelsey"), filed suit against Manifold and Jack in the Circuit Court of Lee County, Alabama, in case number CV-05-137 (hereinafter the "State case"), alleging various claims including negligence, wantonness and reckless fraud which occurred during the above said policy period.

4.       Manifold and Jack demanded that Plaintiff provide a legal defense and indemnity of the above said suit pursuant to the terms of the Policy.

5.       Pursuant to said demand, Plaintiff began defending against Whittelsey's claims, although said defense was pursuant to a reservation of rights.

6.       On the 2nd day of November, 2006, a jury returned a verdict against Manifold and Jack finding Manifold guilty of wantonness; assessing compensatory damages of $275,000.00 against Manifold and Jack; and assessing punitive damages against Manifold in the amount of $1,500,000.00 and Jack in the amount of $1,000,000.00.

7.       On the second day of trial in the State case which resulted in the above said verdict, Plaintiff filed the present action against Manifold and Jack.

8.       Both prior to trial and after the verdict in the State case, Whittelsey, Manifold, Jack and Plaintiff engaged in mediation.  Although Whittelsey offered to settle the case within policy limits at mediation, Plaintiff would not settle the state case.

4

9.      After the post verdict mediation and prior to the trial court's final judgment in the State case, Whittelsey offered to settle the State case for policy limits, provided that settlement would be reached before the trial court's issuance of a final judgment.

10.      Prior to the jury's verdict, mediation and the trial court's final judgment, Manifold and Jack demanded Plaintiff to settle the State case with Whittelsey.  Plaintiff failed to settle the State case within policy limits when it had an ample opportunity to do so.

11.      On or about the 29th day of May, 2007, the Circuit Court of Lee County, Alabama, issued a final judgment in Whittelsey's favor and against Manifold and Jack in the State case for the total amount of One Million Nine Hundred Twenty-Five Thousand and No/100s ($1,925,000.00) Dollars, plus interest and costs in case number CV-05-137.

12.      On or about the 10th day of July, 2007, Manifold and Jack filed their notice of appeal from the above said judgment to the Alabama Supreme Court.

13.      At the time Manifold and Jack filed the above said notice of appeal, a supersedeas bond was not filed by the Plaintiff.

14.      Manifold and Jack requested Plaintiff to file a supersedeas bond to prevent Whittelsey from filing the final judgment in the Lee County Probate Court and taking direct action to execute on the judgment.  Plaintiff refused to post a supersedeas bond.

## COUNT I

### Breach of Contract

15.      Manifold and Jack adopt and incorporate by reference the allegations set forth in paragraphs 1 through 14 of their Counterclaim as if the same were set forth fully herein.

16.     Plaintiff issued to Manifold and Jack a liability insurance policy bearing policy number BKO (05) 52 93 09 06 with a coverage period of June 7, 2004, to June 7, 2005 (hereinafter the "Policy").

17.     Pursuant to the terms of said Policy, Plaintiff is required to perform certain duties when the insured is faced with a lawsuit.  Such duties include, but are not limited to, an enhanced obligation of good faith; the providing of a competent defense; paying all amounts the insured becomes legally obligated to pay; settlement of claims within the policy limits; and, if an appeal is taken, to post a supersedeas bond to protect the assets of the insured.

18.     In the present case, Plaintiff has breached its contract with Manifold and Jack by failing to perform its duties under the Policy.

19.     As a direct result of the Plaintiff's breach, Manifold and Jack were caused to:

(a)     Lose substantial sums of money in the form of premiums paid to Plaintiff for said Policy, from which Manifold and Jack received no benefit;

(b)     Incur a substantial judgment which negatively affected the credit rating of both Manifold and Jack;

(c)     Lose substantial sums of money and free and clear title to property due to the substantial judgment entered against Manifold and Jack; and

(d)     Suffer severe mental anguish and emotional distress, by Jack individually.

WHEREFORE, Manifold and Jack demand judgment against Plaintiff for compensatory and punitive damages plus interest and costs, in an amount that a jury deems reasonable and just.

## COUNT II

### Bad Faith – Intentional Failure to Determine

20.     Manifold and Jack adopt and incorporate by reference the allegations set forth in paragraphs 1 through 19 of their Counterclaim as if the same were set forth fully herein.

21.     Plaintiff issued to Manifold and Jack a liability insurance policy bearing policy number BKO (05) 52 93 09 06 with a coverage period of June 7, 2004, to June 7, 2005 (hereinafter the "Policy").

22.     Pursuant to said Policy, Plaintiff is required to perform certain duties when the insured is faced with a lawsuit.  Such duties include, but are not limited to, an enhanced obligation of good faith; the providing of a competent defense; paying all amounts the insured becomes legally obligated to pay; settlement of claims within the policy limits; and, if an appeal is taken, to post a supersedeas bond to protect the assets of the insured.

23.     Plaintiff intentionally failed to perform its duties under the Policy.

24.     Plaintiff's failure to perform its duties under the Policy was not based upon any reasonably legitimate, arguable or debatable reason.

25.     Plaintiff either knew or should have known that there was no reasonably legitimate, arguable or debatable reason for its failure to perform its duties under the Policy.

26.     Plaintiff intentionally failed to determine whether or not there was a reasonably legitimate, arguable or debatable reason for its failure to perform its duties under the Policy.

27.     Plaintiff acted in bad faith in failing to perform its duties under the Policy.

28.     As a direct result of the Plaintiff's bad faith, Manifold and Jack were caused to:

(a)     Lose substantial sums of money in the form of premiums paid to Plaintiff for said Policy from which Manifold and Jack received no benefit;

(b)    Incur a substantial judgment which negatively affected the credit rating of both Manifold and Jack;

(c)    Lose substantial sums of money and free and clear title to property due to the substantial judgment entered against Manifold and Jack; and

(d)    Suffer severe mental anguish and emotional distress, by Jack individually.

29.    Due to the willful and intentional or gross and reckless nature of the Plaintiff's actions, Manifold and Jack claim punitive damages of the Plaintiff.

WHEREFORE, Manifold and Jack demand judgment against Plaintiff for compensatory and punitive damages plus interest and costs, in an amount that a jury deems reasonable and just.

## COUNT III

### Bad Faith – Actual Knowledge

30.    Manifold and Jack adopt and incorporate by reference the allegations set forth in paragraphs 1through 29 of their Counterclaim as if the same were set forth fully herein.

31.    Plaintiff issued to Manifold and Jack a liability insurance policy bearing policy number BKO (05) 52 93 09 06 with a coverage period of June 7, 2004, to June 7, 2005 (hereinafter the "Policy").

32.    Pursuant to said Policy, Plaintiff is required to perform certain duties when the insured is faced with a lawsuit.  Such duties include, but are not limited to, an enhanced obligation of good faith; the providing of a competent defense; paying all amounts the insured becomes legally obligated to pay; settlement of claims within the policy limits; and, if an appeal is taken, to post a supersedeas bond to protect the assets of the insured.

33.    In the present case, Plaintiff intentionally failed to perform its duties under the Policy.

34.    Plaintiff's failure to perform its duties under the Policy was not based upon any reasonably legitimate, arguable or debatable reason.

35.    Plaintiff had actual knowledge that there was no reasonably legitimate, arguable or debatable reason for its failure to perform its duties under the Policy.

36.    Plaintiff acted in bad faith in failing to perform its duties under the Policy.

37.    As a direct result of the Plaintiff's bad faith, Manifold and Jack were caused to:

(a)    Lose substantial sums of money in the form of premiums paid to Plaintiff for said Policy from which Manifold and Jack received no benefit;

(b)    Incur a substantial judgment which negatively affected the credit rating of both Manifold and Jack;

(c)    Lose substantial sums of money and free and clear title to property due to the substantial judgment entered against Manifold and Jack; and

(d)    Suffer severe mental anguish and emotional distress, by Jack individually.

38.    Due to the willful and intentional or gross and reckless nature of the Plaintiff's actions, Manifold and Jack claim punitive damages of the Plaintiff.

WHEREFORE, Manifold and Jack demand judgment against Plaintiff for compensatory and punitive damages plus interest and costs, in such amount as a jury deems reasonable and just.

## COUNT IV

### Abnormal Bad Faith

39.     Manifold and Jack adopt and incorporate by reference the allegations set forth in paragraphs 1 through 38 of their Counterclaim as if the same were set forth fully herein.

40.     Plaintiff issued to Manifold and Jack a liability insurance policy bearing policy number BKO (05) 52 93 09 06 with a coverage period of June 7, 2004, to June 7, 2005 (hereinafter the "Policy").

41.     Pursuant to said Policy, Plaintiff is required to perform certain duties when the insured is faced with a lawsuit.  Such duties include, but are not limited to, an enhanced obligation of good faith; the providing of a competent defense; paying all amounts the insured becomes legally obligated to pay; settlement of claims within the policy limits; and, if an appeal is taken, to post a supersedeas bond to protect the assets of the insured.

42.     Plaintiff intentionally failed to perform its duties under the Policy.  Furthermore, Plaintiff refused and/or failed to properly investigate the claims in Whittelsey's lawsuit or to subject the results of the investigation, if any, to a cognitive evaluation and review.

43.     Plaintiff's failure to perform its duties under the Policy was not based upon any reasonably legitimate, arguable or debatable reason.

44.     Plaintiff had actual knowledge that there was no reasonably legitimate, arguable or debatable reason for its failure to perform its duties under the Policy.

45.     Plaintiff acted in bad faith in failing to perform its duties under the Policy.

46.     As a direct result of the Plaintiff's bad faith, Manifold and Jack were caused to:

   (a)     Lose substantial sums of money in the form of premiums paid to Plaintiff
           for said Policy from which Manifold and Jack received no benefit;

     (b)    Incur a substantial judgment which negatively affected the credit rating of both Manifold and Jack;

     (c)    Lose substantial sums of money and free and clear title to property due to the substantial judgment entered against Manifold and Jack; and

     (d)    Suffer severe mental anguish and emotional distress, by Jack individually.

47.    Due to the willful and intentional or gross and reckless nature of the Plaintiff's actions, Manifold and Jack claim punitive damages of the Plaintiff.

WHEREFORE, Manifold and Jack demand judgment against Plaintiff for compensatory and punitive damages plus interest and costs, in such amount as a jury deems reasonable and just.

## COUNT V

### Negligence

48.    Manifold and Jack adopt and incorporate by reference the allegations set forth in paragraphs 1 through 47 of their Counterclaim as if the same were set forth fully herein.

49.    Plaintiff negligently administered and handled the claims made pursuant to the Policy; negligently advised and counseled Manifold and Jack regarding the Policy; negligently failed to adjust the claims made pursuant to the Policy; negligently failed to properly investigate the claims in Whittelsey's lawsuit or to subject the results of the investigation, if any, to a cognitive evaluation and review; and negligently failed to settle said claims within the policy limits of the Policy.

50.    As a direct result of the Plaintiff's negligence, Manifold and Jack were caused to:

     (a)    Lose substantial sums of money in the form of premiums paid to Plaintiff for said Policy from which Manifold and Jack received no benefit;

(b)     Incur a substantial judgment which negatively affected the credit rating of both Manifold and Jack;

(c)     Lose substantial sums of money and free and clear title to property due to the substantial judgment entered against Manifold and Jack; and

(d)     Suffer severe mental anguish and emotional distress, by Jack individually.

WHEREFORE, Manifold and Jack demand judgment against Plaintiff for compensatory damages plus interest and costs, in such amount as a jury deems reasonable and just.

## COUNT VI

### Wantonness

51.     Manifold and Jack adopt and incorporate by reference the allegations set forth in paragraphs 1 through 50 of their Counterclaim as if the same were set forth fully herein.

52.     Plaintiff wantonly administered and handled the claims made pursuant to the Policy; wantonly advised and counseled Manifold and Jack regarding the Policy; wantonly failed to adjust the claims made pursuant to the Policy; wantonly failed to properly investigate the claims in Whittelsey's lawsuit or to subject the results of the investigation, if any, to a cognitive evaluation and review; and wantonly failed to settle said claims within the policy limits of the Policy.

53.     As a direct result of the Plaintiff's wantonness, Manifold and Jack were caused to:

(a)     Lose substantial sums of money in the form of premiums paid to Plaintiff for said Policy from which Manifold and Jack received no benefit;

(b)     Incur a substantial judgment which negatively affected the credit rating of both Manifold and Jack;

(c)    Lose of substantial sums of money and free and clear title to property due to the substantial judgment entered against Manifold and Jack; and

(d)    Suffer severe mental anguish and emotional distress, by Jack individually.

54.    Due to the Plaintiff's wanton acts, Manifold and Jack claim punitive damages of the Plaintiff.

WHEREFORE, Manifold and Jack demand judgment against Plaintiff for compensatory and punitive damages plus interest and costs, in such amount as a jury deems reasonable and just.

## JURY DEMAND

55.    Manifold and Jack demand trial by jury as to all claims asserted in this counterclaim.

Respectfully submitted this the 26th day of July 2007.

DAVIS & MCLAUGHLIN

_____/s/ James D. McLaughlin_____
BY:    James D. McLaughlin  (MCL027)
        E-mail: jmclaughlin@dmlawoffice.com
        Attorneys for Defendants
        324 East Magnolia Avenue
        Auburn, AL  36830
        Tel.:    (334) 821-1908
        Fax:    (334) 821-6335

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that I have served a copy of the foregoing document on the parties listed below electronically or by placing a copy of the same in the United States mail, postage prepaid, to their correct address on this the 26th day of July, 2007.

Christopher Lyle McIlwain
HUBBARD, SMITH, MCILWAIN, BAKERFILED & BROWDER, P.C.
Post Office Box 2427
Tuscaloosa, Alabama 35403

Bradley J. Smith
CLARK, DOLAN, MORSE, ONCALE & HAIR, P.C.
800 Shades Creek Parkway
Suite 850
Birmingham, Alabama 35209

Davis B. Whittelsey
Robert G. Poole
WHITTELSEY, WHITTELSEY & POOLE, P.C.
Post Office Box 106
Opelika, Alabama 36803-0106

                /s/ James D. McLaughlin
                JAMES D. MCLAUGHLIN