IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:06-cv-977-MEF |
| | ) | |
| MANIFOLD CONSTRUCTION, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY ALL PROCEEDINGS OR, IN THE SECOND ALTERNATIVE, MOTION FOR PROTECTIVE ORDER OR, IN THE THIRD ALTERNATIVE, MOTION FOR DISCOVERY CONFERENCE

COME NOW the Defendants, Whittelsey Properties, Inc. and C.S. Whittelsey, IV (collectively referred to herein sometimes as "Whittelsey"), and files this brief in support of Whittelsey's motion to dismiss the present case or, in the alternative, to stay all proceedings in the present case placing it on the administrative docket until completion of mediation or, in the second alternative, issue a protective order to suspend discovery until after the mediation of the underlying state court action or, in the third alternative, set a discovery conference so that various issues raised by Plaintiff may be properly addressed.

## INTRODUCTION

On the 31st day of October, 2006, Plaintiff, Ohio Casualty Insurance Company (hereinafter "Ohio Casualty") filed its complaint for declaratory judgment to determine the rights and obligations of Ohio Casualty under a policy of insurance it issued to Manifold Construction, LLC (hereinafter referred to as "Manifold") and Jack Manifold (referred to herein as "Jack"), the co-defendants in the present case. (Doc. #1). On the 4th day of December, 2006, Whittelsey, by and through their attorneys, accepted service of Ohio Casualty's complaint. (Doc. #7).

On the 4th day of December, 2006, Whittelsey filed their motion to dismiss Ohio Casualty's complaint and brief in support thereof. (Docs. #10 and #11). On the 20th day of December, 2006, Ohio Casualty filed its response to Whittelsey's motion to dismiss. (Doc. #13). On the 28th day of December, 2006, Whittelsey filed its reply to Ohio Casualty's response. (Doc. #14). On the 12th day of July, 2007, this Honorable Court denied Whittelsey's motion to dismiss. (Doc. #21).

On the 25th day of July, 2007, Whittelsey filed their answer. (Doc. #23). On the same day, Whittelsey served Ohio Casualty with requests for production. On or about the 27th day of July, Ohio Casualty served all Defendants with interrogatories and requests for production.

On the 3rd day of August, 2007, this Honorable Court issued its Uniform Scheduling Order setting the present case for trial during the term of court commencing August 11, 2008. (Doc. #29).

On or about the 16th day of August, 2007, the parties exchanged initial disclosures. On the 28th day of August, 2007, Whittelsey responded to Ohio Casualty's discovery by asserting numerous objections, and directing Plaintiff to the documents requested. On the 28th day of August, 2007, Ohio Casualty filed its motion for extension of time to respond to Whittelsey's discovery requests. (Doc. #31). In support of its motion, Ohio Casualty alleged Whittelsey's discovery requests were overly broad and unduly burdensome; however, Whittelsey's request is limited to any and all documents associated with the underlying state court action. (See Exhibit A to Doc. #31). Late in the afternoon of August 28, 2007, four days after responses were due, Whittelsey received Ohio Casualty's responses to Whittelsey's discovery requests. Ohio Casualty failed to produce any documents citing the pending underlying state court action as grounds for it objection.

Whittelsey has attempted to resolve this discovery dispute without the assistance of the Court.

The parties will engage in mediation on the 2nd day of October, 2007.  The scope of said mediation will be global covering the present case and pending state cases.

## STATEMENT OF FACTS

Manifold was engaged in the business of general contractor in site preparation work. Manifold was located in Auburn, Lee County, Alabama.  Jack and his wife Melissa Manifold were the owners of Manifold.  Jack and Melissa Manifold are residents of Auburn, Lee County, Alabama.  On or about the 7th day of June, 2004, Ohio Casualty issued policies of insurance to Manifold.  Said policies of insurance provided liability insurance coverage to Manifold and Jack in the operation of Manifold.

In or about May, 2004, Manifold entered into a contract with Whittelsey Properties and Sheldon for site preparation work on Sanders Creek Subdivision, Phase II, located in Opelika, Lee County, Alabama.  (Doc. #11, Exhibit A).

On or about the 24th day of February, 2005, Whittelsey Properties, Sheldon and Whit filed suit against Manifold and Jack in the Circuit Court of Lee County, Alabama, in civil action number CV-05-137 (hereinafter referred to as "Lee County Case") relating to the site preparation work on Sanders Creek Subdivision, Phase II.  (Doc. #11, Exhibit A).  Melissa Manifold was initially a named defendant, but she was later dismissed from the case.  The Lee County Case included claims for innocent fraud, reckless fraud, negligence and wantonness.  (Doc. #11, Exhibit A).

On or about the 13th day of March, 2006, Ohio Casualty filed its motion for limited intervention in the Lee County Case, seeking to intervene for "the limited purpose of procuring

the [trial] Court to submit interrogatories to the jury relevant to the issue of its duties under two

liability insurance policies issued to [Manifold and Jack]."  (Doc. #11, Exhibit B).  Plaintiff's

motion for limited intervention was filed to allow Ohio Casualty to submit post-verdict

interrogatories to the jury, as the answers would be "necessary to determine [Ohio Casualty's]

obligations under the Policies [of insurance issued to Manifold and Jack]" (Doc. #11, Exhibit B,

p. 2, ¶ 6), and the present action requests "the Court determine the rights and obligations of the

parties under the policy of insurance as they relate to the underlying lawsuit;…"  (Doc. #1, p. 2, ¶

1).  In further support of is motion for limited intervention, Ohio Casualty addressed the trial

judge in a letter brief dated April 20, 2006, stating:  "[Y]ou will be the final arbiter on what

interrogatories are propounded to the jury, and that answers to those interrogatories will

effectively determine whether the Plaintiffs will actually receive and compensation, I submit that

intervention is an absolute necessity."  (Doc. #14, Exhibit E, pp. 2-3).  The trial court in the Lee

County Case reserved ruling on Ohio Casualty's motion.

On the 30th day of October, 2006, Whittelsey Properties, Sheldon and Whit proceeded to

trial against Manifold and Jack in the Lee County Case.  On the 1st day of November, 2006, the

trial court granted judgments as a matter of law in favor of Whittelsey Properties and Sheldon on

their claims of innocent fraud, reckless fraud and negligence.  The trial court further granted a

motion for judgment as a matter of law as to Whit's claims in favor of Manifold and Jack.  When

the case went to the jury, the jury was given a verdict form and instructed to (1) decide whether it

found Manifold and/or Jack guilty of wantonness; (2) assess the compensatory damages of

Whittelsey Properties and Sheldon, as the trial court had already found liability for innocent

fraud, reckless fraud and negligence; and (3) if they so chose to assess punitive damages against

Manifold and/or Jack.  On the 2nd day of November, 2006, the jury returned a verdict against

Manifold and Jack which (1) found both Manifold and Jack guilty of wantonness; (2) assessed compensatory damages of $275,000.00; and (3) assessed punitive damages against Manifold in the amount of $1,500,000.00 and Jack in the amount of $1,000,000.00. (Doc. #11, Exhibit C).

When Whittelsey proceeded to trial against Manifold and Jack in the Lee County Case, Ohio Casualty's attorney in the present action, Christopher McIllwain (hereinafter "McIllwain"), was present at each and every stage of the trial. After the jury was excused to return to the jury deliberation room, the trial court asked McIlwain if he would like to be heard on Ohio Casualty's motion. (Doc. #14, Exhibit D, p. 59-60). McIlwain announced on the record that he wished to withdraw Ohio Casualty's motion for limited intervention. (Doc. #14, Exhibit D, p. 60). Defendant's offered no objection to Ohio Casualty's motion at trial. (Doc. #14, Exhibit D, p. 60-61). Defendant's were not aware Ohio Casualty had filed the present action. Although Ohio Casualty's complaint is stamped filed October 31, 2006, the summons directed to Sheldon is dated November 7, 2006.

## STANDARD OF REVIEW

### I.    Dismissal.

"The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.' It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11thCir. 2005) (citations omitted).* The dismissal of a declaratory judgment action is reviewed for abuse of discretion. *Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995).*

II.    **Supervison of Litigation.**

"[I]ssues involving what can broadly be labeled 'supervision of litigation,'…" are to be reviewed for abuse-of-discretion.  *Pierce v. Underwood, 487 U.S. 552, 558 FN1 (1988) (citations omitted).*

## ARGUMENT

In their motion to dismiss and brief in support of said motion, Whittelsey cited *Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11thCir. 2005).*  In *Ameritas*, the Court adopted several factors to be considered by the district court in determining whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts. This Honorable Court chose not to abstain from exercising jurisdiction in the present case, and now Plaintiff is seeking to hide behind the state court action to avoid producing documents in response to discovery in the present case.  This Honorable Court should not allow Plaintiff to have it both ways.  Ohio Casualty chose this forum, and over the objections of Whittelsey, this Honorable Court allowed Ohio Casualty to remain in this forum.  If Ohio Casualty is not willing to produce necessary documents while the state court action is pending, then this Honorable Court should reconsider the factors enumerated in *Ameritas* and dismiss the present case allowing the pending state court actions to proceed to conclusion.

In the alternative, this Honorable Court should stay all proceedings in the present case placing it on the administrative docket until completion of mediation or, in the second alternative, issue a protective order to suspend discovery until after the mediation of the underlying state court action or, in the third alternative set a discovery conference so that various issues raised by Plaintiff may be properly addressed.

WHEREFORE, Whittelsey prays this Honorable Court will take one of four actions:

- 6 -

(1)     Dismiss the present case and allow the pending state court actions to proceed to conclusion;

(2)     Stay all proceedings in the present case placing it on the administrative docket until after the mediation of the underlying state court action;

(3)     Issue a protective order to suspend discovery until after the mediation of the underlying state court action; or

(4)     Set a discovery conference so that various issues raised by Plaintiff's objections may be properly addressed.

Respectfully submitted this the 10th day of September, 2007.

WHITTELSEY, WHITTELSEY & POOLE, P.C.

                    /s/ Davis B. Whittelsey
BY:    DAVIS B. WHITTELSEY (WHI067)
            E-mail:dwhittelsey@wwp-law.com

                    /s/ Robert G. Poole
BY:    ROBERT G. POOLE (POO014)
            E-mail:bpoole@wwp-law.com
            Attorneys for Defendants
            Post Office Box 106
            Opelika, Alabama 36803-0106
            Tel.:   (334) 745-7766
            Fax:   (334) 745-7666

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the parties listed below electronically or by placing a copy of the same in the United States mail, postage prepaid, to their correct address on this the 10th day of September, 2007.

Christopher Lyle McIlwain
HUBBARD, SMITH, MCILWAIN, BAKERFILED & BROWDER, P.C.
Post Office Box 2427
Tuscaloosa, Alabama 35403

Bradley J. Smith
CLARK, DOLAN, MORSE, ONCALE & HAIR, P.C.
800 Shades Creek Parkway, Suite 850
Birmingham, Alabama 35209

James D. McLaughlin
DAVIS & MCLAUGHLIN
324 East Magnolia Avenue
Auburn, Alabama 36830

/s/ Davis B. Whittelsey
DAVIS B. WHITTELSEY