IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 3:06CV977-MEF |
| | ) | |
| MANIFOLD CONSTRUCTION, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

**MOTION TO COMPEL**

Comes now the Plaintiff, Ohio Casualty Insurance Company, and moves the Court for an order compelling Defendants Whittelsey Properties, Inc., and C.S. Whittelsey, IV, to provide more complete answers to interrogatories, and to produce documents requested by the Plaintiff, and as grounds therefore the Plaintiff states as follows:

1. On July 26, 2007, the Plaintiff served said Defendants with "Interrogatories and Requests for Production to Defendants" (Exhibit A);

2. On August 27, 2007, said Defendants served their "Defendant's Responses to Plaintiff's Interrogatories and Requests for Production" (Exhibit B);

3. By letter dated August 31, 2007 (Exhibit C), counsel for the Plaintiff notified counsel for the Defendant of several deficiencies in those responses, as well as

the lack of merit of several objections to the production of documents. That letter is incorporated herein by reference.

4. Since that time, counsel for the parties have conferred by telephone and by electronic mail in an effort to resolve these differences. Although counsel for the Whittelsey Defendants has agreed to, at some unspecified point in time, produce some documents at his office, he has refused to withdraw his objections and has not served any responses supplementing his initial responses or a privilege log.

5. Instead, said Defendants have attempted yet again to have this case dismissed, despite the Court's earlier ruling to the contrary, and to stay discovery. As a result, even documents that the said Defendants agreed to produce at some time in the future have not been produced.

                                                 /s/ *Christopher Lyle McIlwain, Sr.*
                                                 Christopher Lyle McIlwain, Sr.
                                                 Attorney Code: MCILC 3043
                                                 State Code: MCI-002
                                                 Attorney for Plaintiff
                                                 Ohio Casualty Insurance Company

**OF COUNSEL:**

HUBBARD, SMITH, McILWAIN,
 & BRAKEFIELD, P. C.
808 Lurleen Wallace Blvd., N.
P. O. Box 2427
Tuscaloosa, AL  35403
Telephone: (205) 345-6789


## CERTIFICATE OF SERVICE

      I hereby certify that on September 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.

                                                 s/ *Christopher Lyle McIlwain, Sr.*
                                                 Of Counsel

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MANIFOLD CONSTRUCTION, LLC, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:06CV977-MEF |

## INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANTS

Comes now the Plaintiff and propounds the following to each Defendant *separately* and *severally*. All requested documents are to be produced at the office of counsel for the Plaintiff.

1. State your full name.

2. Produce all documents, tangible things and electronically stored information (including e-mail) reflecting or referrable to communications between any of the following:

    (a) the Defendants herein individually or through their representatives or attorneys;

    (b) the attorneys for the Defendants herein regarding insurance, Sanders

Creek Subdivision, the underlying lawsuit, and/or settlement;

    (c)    the Plaintiff and any Defendant hereto (including but expressly *not* limited to all cancellation and other notices relating to insurance policies);

    (d)    any Defendant herein and the Plaintiff;

    (e)    any Defendant herein and Aronov Insurance Incorporated;

    (f)    All exhibits and demonstrative aids or evidence utilized by either Defendant in the trial of the underlying lawsuit.

3.    With regard to the jury verdict entered in Case No. CV-of-137, Circuit Court of Lee County, Alabama (referred to as "the Underlying Lawsuit"):

    (a)    state the amount, if any, awarded by the jury for economic loss.

        (a1)    Describe in detail how you calculated that amount.

        (a2)    Produce all documents supporting that calculation.

    (b)    state the amount, if any, awarded by the jury for bodily injury.

        (b1)    Describe in detail how you calculated that amount.

        (b2)    Produce all documents supporting that calculation.

    (c)    state the amount, if any, awarded by the jury for property damage.

        (c1)    Describe in detail how you calculated that amount.

        (c2)    Produce all documents supporting that calculation.

    (d)    state the amount, if any, awarded by the jury for any other elements of

damage.

(d1)   State the element of damage.

(d2)   Describe in detail how you calculated the amount.

(d3)   Produce all documents supporting that calculation.

4.   Separately and severally with regard to each of your affirmative defenses or counterclaims:

(a)   state each fact on which it is based in chronological order;

(b)   produce all documents, tangible things and electronically stored information which you contend supports those allegations.

/s/ Christopher Lyle McIlwain, Sr.
Christopher Lyle McIlwain, Sr.
MCIL 3043
Attorney for Plaintiff
Ohio Casualty Insurance Company

**OF COUNSEL:**

HUBBARD, SMITH, McILWAIN,
 BRAKEFIELD & BROWDER, P. C.
808 Lurleen Wallace Blvd., N.
P. O. Box 2427
Tuscaloosa, AL  35403
Telephone: (205) 345-6789

# CERTIFICATE OF SERVICE

I hereby certify that on _____, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.

*s/ Christopher Lyle McIlwain, Sr.*

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MANIFOLD CONSTRUCTION, LLC, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 3:06-cv-977-MEF |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

COME NOW the Defendants, Whittelsey Properties, Inc. and C.S. Whittelsey, IV (collectively referred to herein sometimes as "Whittelsey"), by and through the undersigned attorneys, and provide the following responses and objections to Plaintiff's Interrogatories and Requests for Production as follows:

## GENERAL OBJECTIONS

1. Whittelsey reserves the right to supplement or alter these responses and objections. Defendant also reserves the right to rely, at the time of trial or in other proceedings in this action, upon documents and evidence in addition to the responses provided herein regardless of whether, inter alia, any such responses are based on newly-discovered evidence.

2. Counsel for Whittelsey will be prepared to discuss the objections presented herein with counsel for Plaintiff for the purpose of resolving any disputes that may arise without need for intervention by the Court.

3. Whittelsey objects generally to the Request on the ground that it is overbroad and unduly burdensome relative to the nature of Plaintiff's claims.

4. Whittelsey objects generally to the Request to the extent it seeks confidential information or information protected by Alabama's work product privilege, attorney-client

- 1 -

privilege, or any other relevant privilege. To the extent any document that is properly the subject of the work product privilege or attorney-client privilege is inadvertently produced, such production is not to be construed as a waiver of the applicable protection, and such document(s) and all copies thereof should be returned to counsel for Whittelsey. Whittelsey will produce documents responsive to the Request after the parties enter a stipulation for the exchange of confidential information.

5. Whittelsey objects generally to the Request to the extent it seeks to impose obligations and duties beyond those required under the Federal Rules of Civil Procedure.

6. Whittelsey expressly reserves all objections as to relevance, authenticity, or admissibility of any documents or responses.

7. Whittelsey objects generally to the Request to the extent it seeks production of documents that would be of little or no relevance to the issues raised in the Complaint, is overly broad and would subject Whittelsey to unreasonable, oppressive, and undue burden and expense relative to Plaintiff's claims, and is not reasonably calculated to lead to the discovery of admissible evidence.

8. Whittelsey objects to the Request to the extent it seeks documents that do not exist.

9. None of Whittelsey's responses or objections admit or imply that any responsive documents exist.

10. Whittelsey's search for documents responsive to this request remains ongoing. Defendant reserves the right to supplement or alter this initial response. Defendant also reserves the right to rely, at the time of trial or in other proceedings in this action, upon documents and evidence in addition to the responses provided herein regardless of whether, inter alia, any such documents and evidence are newly discovered or are currently in existence.

Without waiving said general objections, but strictly insisting thereon, Whittelsey responds as follows:

1. State your full name.

    **RESPONSE: C. Sheldon Whittelsey, IV**

    **Whittelsey Properties, Inc.**

2. Produce all documents, tangible things and electronically stored information (including e-mail) reflecting or referrable to communications between any of the following:

    (a) the Defendants herein individually or through their representatives or attorneys;

    (b) the attorneys for the Defendants herein regarding insurance, Sanders Creek Subdivision, the underlying lawsuit, and/or settlement;

    (c) the Plaintiff and any Defendant hereto (including but expressly *not* limited to all cancellation and other notices relating to insurance policies);

    (d) any Defendant herein and the Plaintiff;

    (e) any Defendant herein and Aronov Insurance Incorporated;

    (f) All exhibits and demonstrative aids or evidence utilized by either Defendant in the trial of the underlying lawsuit.

**RESPONSE:**

(a) Whittelsey objects to producing any documents pursuant to this request on the grounds that it a) invades the attorney/client privilege; b) invades the attorney/work product doctrine; c) is overly broad, unduly burdensome, unreasonably vague, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving all objections previously set forth herein, Whittelsey states as follows: Plaintiff should have these documents in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action.

(b) Whittelsey objects to producing any documents pursuant to this request on the grounds that it a) invades the attorney/client privilege; b) invades the attorney/work product doctrine; c) is overly broad, unduly burdensome, unreasonably vague, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving all objections previously set forth herein, Whittelsey states as follows: Plaintiff should have these documents

in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action.

  (c) Without waiving all objections previously set forth herein, Whittelsey states as follows: Plaintiff should have these documents in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action.

  (d) Without waiving all objections previously set forth herein, Whittelsey states as follows: Plaintiff should have these documents in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action.

  (e) Whittelsey objects on the grounds that this interrogatory is overly broad, unreasonably vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving all objections previously set forth herein, Whittelsey states as follows: Plaintiff should have these documents in its possession as it seeks documents in the possession of its agent.

  (f) Without waiving all objections previously set forth herein, Whittelsey states as follows: Plaintiff should have these documents in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action. Furthermore, Plaintiff can obtain the record of the state court proceedings from the Circuit Court of Lee County, Alabama.

3. With regard to the jury verdict entered in Case No. CV-of-137, Circuit Court of Lee County, Alabama (referred to as "the Underlying Lawsuit")"

  (a) state the amount, if any, awarded by the jury for economic loss.

    (a1) Describe in detail how you calculated that amount.

    (a2) Produce all documents supporting that calculation.

  (b) state the amount, if any, awarded by the jury for bodily injury.

    (b1) Describe in detail how you calculated that amount.

    (b2) Produce all documents supporting that calculation.

  (c) state the amount, if any, awarded by the jury for property damage.

      (c1)    Describe in detail how you calculated that amount.

      (c2)    Produce all documents supporting that calculation.

(d)    state the amount, if any, awarded by the jury for any other elements of damage.

      (d1)    State the element of damage.

      (d2)    Describe in detail how you calculated the amount.

      (d3)    Produce all documents supporting that calculation.

**RESPONSE:**

Without waiving all objections previously set forth herein, Whittelsey states as follows:

**Interrogatory Portion:** Whittelsey cannot respond to theses interrogatories as they seek information from the jury in the state court proceedings. After returning its verdict, the trial court instructed the jury to return to the jury deliberation room while the court took up some further matters. After the jury was excused to return to the jury deliberation room, the trial court asked counsel for Ohio Casualty, Christopher Lyle McIlwain (hereinafter "McIlwain"), if he would like to be heard on Ohio Casualty's motion to intervene to submit interrogatories to the jury. McIlwain announced on the record that he wished to withdraw Ohio Casualty's motion for limited intervention. Whittelsey further objects to any such interrogatories as Plaintiff passed on its opportunity to retrieve the information it now seeks from the jury that possessed any such information.

**Request Portion:** To the extent that any such documents in response to this request exist, Plaintiff should have these documents in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action. Furthermore, Plaintiff can obtain the record of the state court proceedings from the Circuit Court of Lee County, Alabama.

4.    Separately and severally with regard to each of your affirmative defenses or counterclaims:

    (a)    state each fact on which it is based in chronological order;

(b)     produce all documents, tangible things and electronically stored information which you contend supports those allegations.

**RESPONSE:**

(a)     See Whittelsey's affirmative defenses as set forth in the Answer to Plaintiff's complaint.

(b)     Whittelsey objects to producing any documents pursuant to this request on the grounds that it a) invades the attorney/client privilege; b) invades the attorney/work product doctrine; c) is overly, unduly burdensome, unreasonably vague, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving all objections previously set forth herein, Whittelsey states as follows: Plaintiff should have these documents in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action. Furthermore, Plaintiff can obtain the record of the state court proceedings from the Circuit Court of Lee County, Alabama.

Respectfully submitted this the 27th day of August, 2007.

_____
C. SHELDON WHITTELSEY, IV
Individually and as Secretary of Whittelsey Properties, Inc.

STATE OF ALABAMA    )
                    :
COUNTY OF LEE       )

I, the undersigned authority, a Notary Public in and for said State at Large, hereby certify that C. Sheldon Whittelsey, IV, individually and as Secretary of Whittelsey Properties, Inc., whose name is signed to the foregoing document, and who is known to me, acknowledged before me on this day that each and every response to Defendant's First Interrogatories to Plaintiff contained within said document is true and correct to the best of his information knowledge and belief and that he executed the same voluntarily on the day the same bears date.

GIVEN under my hand and official seal this the 27th day of August, 2007.

_____
NOTARY PUBLIC

LORI E. KING
My Commission Expires October 18, 2010

        WHITTELSEY, WHITTELSEY & POOLE, P.C.

BY:   /s/ Davis B. Whittelsey
      DAVIS B. WHITTELSEY (WHI067)
      E-mail: dwhittelsey@wwp-law.com

BY:   /s/ Robert G. Poole
      ROBERT G. POOLE (POO014)
      E-mail: bpoole@wwp-law.com
      Attorneys for Defendants
      Post Office Box 106
      Opelika, Alabama 36803-0106
      Tel.: (334) 745-7766
      Fax: (334) 745-7666

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the parties listed below electronically or by placing a copy of the same in the United States mail, postage prepaid, to their correct address on this the 27th day of August, 2007.

Christopher Lyle McIlwain
HUBBARD, SMITH, MCILWAIN, BAKERFILED & BROWDER, P.C.
Post Office Box 2427
Tuscaloosa, Alabama 35403

Bradley J. Smith
CLARK, DOLAN, MORSE, ONCALE & HAIR, P.C.
800 Shades Creek Parkway
Suite 850
Birmingham, Alabama 35209

James D. McLaughlin
DAVIS & MCLAUGHLIN
324 East Magnolia Avenue
Auburn, Alabama 36830

      /s/ Davis B. Whittelsey
      DAVIS B. WHITTELSEY
      ROBERT G. POOLE

# EXHIBIT "C"

HUBBARD, SMITH, McILWAIN & BRAKEFIELD, P.C.
ATTORNEYS AT LAW
808 LURLEEN WALLACE BLVD., NORTH
P.O. BOX 2427
TUSCALOOSA, ALABAMA 35403-2427

MICHAEL D. SMITH
CHRISTOPHER L. MCILWAIN, SR.
W. MARCUS BRAKEFIELD
ROBERT M. SPENCE
KRISTOFOR D. SODERGREN

PERRY HUBBARD
1921-1991

Writer's E-Mail Address:
cmcilwain@hsmbb.com

TELEPHONE
(205) 345-6789

TELECOPY
(205) 759-1195

August 31, 2007

Davis B. Whittelsey
Whittelsey, Whittelsey & Poole, P.C.
P. O. Box 106
Opelika, AL 36803-0106

**VIA E-MAIL AND
U.S. MAIL**

RE: *Whittelsey Properties, Inc., et al. v Manifold Construction, LLC, et al.*
Case No.: CV-05-137
Our File: 36618

Dear Davis:

I am in receipt of your clients' responses to my interrogatories and requests for production in this case.

Please forward to me the documents and other items you indicate are available for view at your office. I will be happy to reimburse you for the photocopy charges (excluding labor).

I also would like to attempt to work out several issues relating to those responses.

First, in your response to 2(a) and 2(b), involving communications between you and/or your clients on the one hand, and the Plaintiffs in the underlying case or their attorneys on the other, you have raised the objections of attorney/client privilege and the work product doctrine. However, because the communicating parties were adverse to each other throughout the underlying litigation, and in any event were represented by different legal counsel, neither of those doctrines would apply.

Davis B. Whittelsey
August 31, 2007
Page 2

---

Second, in response to several requests and interrogatories, 2(a), 2(b), 2(c), 2(d), 2(e), 2(f), and 4(b), your clients assert that the documents are available elsewhere. This is not a legally sufficient response.

Third, pursuant to FRCP 26(b)(5), please forward a privilege log identifying separately each item for which you are asserting a privilege or the work product doctrine.

Please let me know within ten days whether your clients will provide the requested information and documents without the necessity of a motion.

Sincerely,

/s/ Christopher Lyle McIlwain, Sr.

Christopher Lyle McIlwain, Sr.

CLM/brs

# Chris Mcilwain

**Subject:** FW: Manifold Construction Matter

**Attachments:** Whittelsey.08-31-07.wpd

---

**From:** Bonnie Sutton
**Sent:** Friday, August 31, 2007 2:52 PM
**To:** Davis Whittelsey (dwhittelsey@wwp-law.com)
**Cc:** Chris Mcilwain
**Subject:** Manifold Construction Matter

Whittelsey
-07.wpd (1

*Bonnie Sutton*
Secretary to Christopher Lyle McIlwain
Hubbard, Smith, McIlwain, Brakefield & Browder, P.C.
P. O. Box 2427
Tuscaloosa, AL 35403
Phone: (205) 345-6789 x 51
Fax: (205) 759-1195
bsutton@hsmbb.com

1