IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:06CV977-MEF |
| MANIFOLD CONSTRUCTION, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY MEMORANDUM
AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL**

The Whittelsey Defendants' thinly veiled effort to obtain a second bite at the apple on the Court's prior ruling denying said Defendants' Motion to Dismiss (Doc. 21) and the Magistrate Judge Moorer's decision granting the Plaintiff's Motion of Extension of time to respond to discovery (Doc. 33) is not only without merit, but is part and parcel of said Defendant's continuing resistance to a prompt resolution of the insurance coverage issues made the subject of this declaratory judgment action.

In their Motion, the Whittelsey Defendants first allege that Plaintiff has "failed to produce any documents, citing the pending underlying state court action as grounds for its objection." However, this is misleading. By virtue of Magistrate Judge Moorer's order dated August 30, 2007 (Doc. 33), the Plaintiff was given thirty

additional days to respond to Defendant Whittelsey's discovery request (Doc. 31, Exhibit A).  That thirty-day period has not expired.[1]  In any event, because the Plaintiff correctly assumed that counsel for the Whittelsey Defendants would not agree to the thirty-day extension, the Plaintiff had in conjunction with its Motion for Extension, filed a response entitled "*Preliminary* Responses of Plaintiff to Request for Production (Exhibit 1 hereto) in which it preserved its objections to several clearly objectionable requests but also made clear that it was planning to produce several categories of information relating to policy applications, insurance policies, policy renewal statements, premium payment records and records regarding the cancellation of a policy.

The Plaintiff's formal response to the Request, including the FRCP 26(b)(5) privilege log, is being prepared and will be filed on a timely basis.  If, after reviewing this log, and the other documents made available for review, the Whittelsey Defendants wish to make an issue regarding the discoverability of particular matter, they can do so.  However, the Plaintiff submits that there will be no good faith issue in this regard, and in any event it is premature to address the issue.

Even if the Court chooses to address the discovery issues before the Plaintiff

---

[1]Plaintiff would also note that the Whittelsey Defendants prematurely served this document request by mail on July 25, 2007, *before* the Parties Planning Meeting on July 26.  In any event, by virtue of FRCP 6(e), the Plaintiff initially had thirty three days from the date of service to file a response.

serves its formal discovery response and privilege log, the Plaintiff submits that the Whittelsey Defendants' arguments are without merit.

As the Whittelsey Defendants concede, their lawsuit against the Manifold Defendants resulted in a judgment against the Manifold Defendants. That judgment is now on appeal. The Plaintiff provided a defense in that litigation to the Manifold Defendants, and now what the Whittelsey Defendants want is access to the Plaintiff's claims file consisting almost exclusively of irrelevant matter protected by the work product doctrine and the attorney client privilege which is clearly not discoverable by the Whittelseys through this litigation *or* that State court litigation at this time or at any point in the future.[2]

Thus, the Whittelsey Defendants' contention that "Plaintiff is seeking to hide behind the State court action to avoid producing documents in response to discovery in the present case" (Doc. 34, para. 10) is simply incorrect. The Plaintiff will be producing documents for review in this case, but it certainly intends to protect the Manifold Defendants and the integrity of its own claim file from the prying eyes of claimants seeking recovery against the Manifold Defendants.

If any party is "hiding behind" the State court action to avoid producing

---

[2]Contrary to the assertion of the Whittelsey Defendants that "Plaintiff is not willing to produce necessary documents while the State court action is pending" (Doc. 34, para. 13), these documents would be protected by these doctrines regardless of whether the State court litigation was currently pending or not. Once protected, they are always protected.

documents in response to discovery in this case it is actually the Whittelsey Defendants.  On August 27, 2007, the Whittelsey Defendants served their response (Exhibit 2 hereto) to the Plaintiff's Interrogatories and Requests for Production.  By letter dated August 31, 2007 (Exhibit 3 hereto), counsel for the Plaintiff informed counsel for the Whittelsey Defendants of several deficiencies in regard to those responses, including that the Whittelsey Defendants had improperly claimed work product and attorney client protection for communications between them on the one hand and their presumed adversary, the Manifolds, on the other.  In addition, a privilege log was requested.  However, despite communications by phone and email, each of these problems have not been resolved and the consistent theme from counsel for the Whittelsey Defendants has been the same as in their current motion – that their further response should not be required until after the conclusion of the upcoming State court appellate mediation.

Seeking to entice the Court to dismiss or at least stay this action, the Whittelsey Defendants point out that the mediation will occur on October 2 and assert that "the scope of said mediation will be global covering the present case and pending State cases." (Doc. 34, para. 12).  As counsel for the Whittelsey Defendants well know, Plaintiff Ohio Casualty is *not* a party to the State court action or to that mediation, and that mediation will *not* resolve any issue in the instant case.  Moreover, as he also well knows, the State court action has been mediated on *many* separate occasions, each

time unsuccessfully.  One of the fundamental problems is that there is no coverage under the Plaintiff's liability insurance policy for the claims made by the Whittelsey Defendants against the Manifolds.  Therefore, dismissing or staying this litigation will not result in a successful mediation because the Whittelseys will continue to make unrealistic settlement demands until the coverage issues are judicially resolved.

For these reasons, the Plaintiff submits that the Defendants' Motion is due to be denied, and that the Plaintiff's Motion to Compel filed contemporaneously herewith be granted.

*/s/ Christopher Lyle McIlwain, Sr.*

Christopher Lyle McIlwain, Sr.
Attorney Code: MCILC 3043
State Code: MCI-002
Attorney for Plaintiff
Ohio Casualty Insurance Company

**OF COUNSEL:**

HUBBARD, SMITH, McILWAIN,
  BRAKEFIELD & BROWDER, P. C.
808 Lurleen Wallace Blvd., N.
P. O. Box 2427
Tuscaloosa, AL  35403
Telephone: (205) 345-6789

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.


s/ Christopher Lyle McIlwain, Sr.
Of Counsel

# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

OHIO CASUALTY )
INSURANCE COMPANY, )
 )
                    Plaintiff, )
 )
v. )                          CIVIL ACTION NO. 3:06CV977-MEF
 )
MANIFOLD CONSTRUCTION, )
LLC, et al., )
 )
                    Defendants. )

## PRELIMINARY RESPONSES OF PLAINTIFF
## TO REQUEST FOR PRODUCTION

Comes now the Plaintiff Ohio Casualty Insurance Company ("Ohio Casualty")
and makes this preliminary response to the Request for Production by Defendants
Whittelsey Properties, Inc., and C.S. Whittelsey, IV:

1.    It objects to the production of the documents described in paragraphs 1, 2, 5,
7, 8, 9, 10 and 11 of the Request, on the ground that those documents all
involve the State court litigation which remains pending and is currently on
appeal, and that each item is protected from discovery by the work product
doctrine and the attorney-client privilege.  Providing access to Defendants
Whittelsey Properties, Inc., and C.S. Whittelsey, IV, who are the Plaintiffs in
the State court litigation, would undermine and jeopardize Ohio Casualty's
continuing defense of Defendants Manifold Construction, LLC and Jack

Manifold. Pursuant to FRCP 26(b)(5)(A), a privilege log will be submitted in due course.

2.    Without waiving those objections, Plaintiff is planning to produce at the office of its undersigned legal counsel, policy applications, policies of insurance (including declaration pages), policy renewal statements, premium billing/payment records and records regarding cancellation.

3.    Plaintiff objects to production of the documents described in paragraph 3 and 4 of the Request on the grounds that they are not relevant or calculated to lead to the discovery of relevant, admissible evidence, and because they contain sensitive, proprietary information which cannot be produced absent the entry of an appropriate protective order.

4.    Plaintiff further objects to the production of the documents described in paragraph 5 of the Request to the extent it includes information regarding claims of "any other persons" on the ground that such information is not relevant or calculated to lead to the discovery of relevant admissible evidence.

5.    Plaintiff reserves the right to interpose additional objections following completion of its detailed review of those requested materials.

Christopher Lyle McIlwain, Sr.
Attorney Code: MCILC 3043
State Code: MCI-002
Attorney for Plaintiff
Ohio Casualty Insurance Company

**OF COUNSEL:**

HUBBARD, SMITH, McILWAIN,
  BRAKEFIELD & BROWDER, P. C.
808 Lurleen Wallace Blvd., N.
P. O. Box 2427
Tuscaloosa, AL  35403
Telephone: (205) 345-6789

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon the following counsel, by depositing same in the United States Mail with adequate postage prepaid thereon and properly addressed to them.

Davis B. Whittelsey
Bobby Poole
Whittelsey, Whittelsey & Poole, P.C.
P. O. Box 106
Opelika, AL 36803-0106

James Don McLaughlin
Davis & McLaughlin
324 E. Magnolia Avenue
Auburn, AL 36830

This the 28th day of August, 2007.

Of Counsel

# EXHIBIT "2"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

OHIO CASUALTY INSURANCE COMPANY,       )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )       Civil Action No. 3:06-cv-977-MEF
                                       )
MANIFOLD CONSTRUCTION, LLC, et al.,    )
                                       )
        Defendants.                    )

## DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

COME NOW the Defendants, Whittelsey Properties, Inc. and C.S. Whittelsey, IV (collectively referred to herein sometimes as "Whittelsey"), by and through the undersigned attorneys, and provide the following responses and objections to Plaintiff's Interrogatories and Requests for Production as follows:

### GENERAL OBJECTIONS

1.      Whittelsey reserves the right to supplement or alter these responses and objections. Defendant also reserves the right to rely, at the time of trial or in other proceedings in this action, upon documents and evidence in addition to the responses provided herein regardless of whether, inter alia, any such responses are based on newly-discovered evidence.

2.      Counsel for Whittelsey will be prepared to discuss the objections presented herein with counsel for Plaintiff for the purpose of resolving any disputes that may arise without need for intervention by the Court.

3.      Whittelsey objects generally to the Request on the ground that it is overbroad and unduly burdensome relative to the nature of Plaintiff's claims.

4.      Whittelsey objects generally to the Request to the extent it seeks confidential information or information protected by Alabama's work product privilege, attorney-client

- 1 -

privilege, or any other relevant privilege. To the extent any document that is properly the subject of the work product privilege or attorney-client privilege is inadvertently produced, such production is not to be construed as a waiver of the applicable protection, and such document(s) and all copies thereof should be returned to counsel for Whittelsey. Whittelsey will produce documents responsive to the Request after the parties enter a stipulation for the exchange of confidential information.

5.     Whittelsey objects generally to the Request to the extent it seeks to impose obligations and duties beyond those required under the Federal Rules of Civil Procedure.

6.     Whittelsey expressly reserves all objections as to relevance, authenticity, or admissibility of any documents or responses.

7.     Whittelsey objects generally to the Request to the extent it seeks production of documents that would be of little or no relevance to the issues raised in the Complaint, is overly broad and would subject Whittelsey to unreasonable, oppressive, and undue burden and expense relative to Plaintiff's claims, and is not reasonably calculated to lead to the discovery of admissible evidence.

8.     Whittelsey objects to the Request to the extent it seeks documents that do not exist.

9.     None of Whittelsey's responses or objections admit or imply that any responsive documents exist.

10.     Whittelsey's search for documents responsive to this request remains ongoing. Defendant reserves the right to supplement or alter this initial response. Defendant also reserves the right to rely, at the time of trial or in other proceedings in this action, upon documents and evidence in addition to the responses provided herein regardless of whether, inter alia, any such documents and evidence are newly discovered or are currently in existence.

Without waiving said general objections, but strictly insisting thereon, Whittelsey responds as follows:

1.     State your full name.

**RESPONSE: C. Sheldon Whittelsey, IV**

**Whittelsey Properties, Inc.**

2.     Produce all documents, tangible things and electronically stored information (including e-mail) reflecting or referrable to communications between any of the following:

    (a)     the Defendants herein individually or through their representatives or attorneys;

    (b)     the attorneys for the Defendants herein regarding insurance, Sanders Creek Subdivision, the underlying lawsuit, and/or settlement;

    (c)     the Plaintiff and any Defendant hereto (including but expressly *not* limited to all cancellation and other notices relating to insurance policies);

    (d)     any Defendant herein and the Plaintiff;

    (e)     any Defendant herein and Aronov Insurance Incorporated;

    (f)     All exhibits and demonstrative aids or evidence utilized by either Defendant in the trial of the underlying lawsuit.

**RESPONSE:**

    (a)     Whittelsey objects to producing any documents pursuant to this request on the grounds that it a) invades the attorney/client privilege; b) invades the attorney/work product doctrine; c) is overly broad, unduly burdensome, unreasonably vague, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving all objections previously set forth herein, Whittelsey states as follows:  Plaintiff should have these documents in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action.

    (b)     Whittelsey objects to producing any documents pursuant to this request on the grounds that it a) invades the attorney/client privilege; b) invades the attorney/work product doctrine; c) is overly broad, unduly burdensome, unreasonably vague, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving all objections previously set forth herein, Whittelsey states as follows:  Plaintiff should have these documents

in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action.

(c)     Without waiving all objections previously set forth herein, Whittelsey states as follows: Plaintiff should have these documents in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action.

(d)     Without waiving all objections previously set forth herein, Whittelsey states as follows: Plaintiff should have these documents in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action.

(e)     Whittelsey objects on the grounds that this interrogatory is overly broad, unreasonably vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving all objections previously set forth herein, Whittelsey states as follows: Plaintiff should have these documents in its possession as it seeks documents in the possession of its agent.

(f)     Without waiving all objections previously set forth herein, Whittelsey states as follows: Plaintiff should have these documents in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action. Furthermore, Plaintiff can obtain the record of the state court proceedings from the Circuit Court of Lee County, Alabama.

3.   With regard to the jury verdict entered in Case No. CV-of-137, Circuit Court of Lee County, Alabama (referred to as "the Underlying Lawsuit")"

   (a)     state the amount, if any, awarded by the jury for economic loss.

      (a1)     Describe in detail how you calculated that amount.

      (a2)     Produce all documents supporting that calculation.

   (b)     state the amount, if any, awarded by the jury for bodily injury.

      (b1)     Describe in detail how you calculated that amount.

      (b2)     Produce all documents supporting that calculation.

   (c)     state the amount, if any, awarded by the jury for property damage.

(c1)    Describe in detail how you calculated that amount.

(c2)    Produce all documents supporting that calculation.

(d)     state the amount, if any, awarded by the jury for any other elements of damage.

(d1)    State the element of damage.

(d2)    Describe in detail how you calculated the amount.

(d3)    Produce all documents supporting that calculation.

**RESPONSE:**

Without waiving all objections previously set forth herein, Whittelsey states as follows:

**Interrogatory Portion:** Whittelsey cannot respond to theses interrogatories as they seek information from the jury in the state court proceedings. After returning its verdict, the trial court instructed the jury to return to the jury deliberation room while the court took up some further matters. After the jury was excused to return to the jury deliberation room, the trial court asked counsel for Ohio Casualty, Christopher Lyle McIlwain (hereinafter "McIlwain"), if he would like to be heard on Ohio Casualty's motion to intervene to submit interrogatories to the jury. McIlwain announced on the record that he wished to withdraw Ohio Casualty's motion for limited intervention. Whittelsey further objects to any such interrogatories as Plaintiff passed on its opportunity to retrieve the information it now seeks from the jury that possessed any such information.

**Request Portion:** To the extent that any such documents in response to this request exist, Plaintiff should have these documents in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action. Furthermore, Plaintiff can obtain the record of the state court proceedings from the Circuit Court of Lee County, Alabama.

4.    Separately and severally with regard to each of your affirmative defenses or counterclaims:

(a)    state each fact on which it is based in chronological order;

(b)     produce all documents, tangible things and electronically stored information which you contend supports those allegations.

**RESPONSE:**

(a)     See Whittelsey's affirmative defenses as set forth in the Answer to Plaintiff's complaint.

(b)     Whittelsey objects to producing any documents pursuant to this request on the grounds that it a) invades the attorney/client privilege; b) invades the attorney/work product doctrine; c) is overly, unduly burdensome, unreasonably vague, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving all objections previously set forth herein, Whittelsey states as follows: Plaintiff should have these documents in its possession as it retained counsel for Defendants, Manifold Construction, LLC and Jack Manifold, in the state court action. Furthermore, Plaintiff can obtain the record of the state court proceedings from the Circuit Court of Lee County, Alabama.

Respectfully submitted this the 27th day of August, 2007.

_____
C. SHELDON WHITTELSEY, IV
Individually and as Secretary of Whittelsey Properties, Inc.

STATE OF ALABAMA     )
                                          :
COUNTY OF LEE          )

I, the undersigned authority, a Notary Public in and for said State at Large, hereby certify that C. Sheldon Whittelsey, IV, individually and as Secretary of Whittelsey Properties, Inc., whose name is signed to the foregoing document, and who is known to me, acknowledged before me on this day that each and every response to Defendant's First Interrogatories to Plaintiff contained within said document is true and correct to the best of his information knowledge and belief and that he executed the same voluntarily on the day the same bears date.

GIVEN under my hand and official seal this the 27th day of August, 2007.

_____
NOTARY PUBLIC

LORI E. KING
My Commission Expires October 18, 2010

- 6 -

WHITTELSEY, WHITTELSEY & POOLE, P.C.

/s/ Davis B. Whittelsey

BY:  DAVIS B. WHITTELSEY (WHI067)
E-mail:dwhittelsey@wwp-law.com

/s/ Robert G. Poole

BY:  ROBERT G. POOLE (POO014)
E-mail:bpoole@wwp-law.com
Attorneys for Defendants
Post Office Box 106
Opelika, Alabama 36803-0106
Tel.:  (334) 745-7766
Fax:   (334) 745-7666

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the parties listed below electronically or by placing a copy of the same in the United States mail, postage prepaid, to their correct address on this the 27th day of August, 2007.

Christopher Lyle McIlwain
HUBBARD, SMITH, MCILWAIN, BAKERFILED & BROWDER, P.C.
Post Office Box 2427
Tuscaloosa, Alabama 35403

Bradley J. Smith
CLARK, DOLAN, MORSE, ONCALE & HAIR, P.C.
800 Shades Creek Parkway
Suite 850
Birmingham, Alabama 35209

James D. McLaughlin
DAVIS & MCLAUGHLIN
324 East Magnolia Avenue
Auburn, Alabama 36830

/s/ Davis B. Whittelsey

DAVIS B. WHITTELSEY
ROBERT G. POOLE

# EXHIBIT "3"

HUBBARD, SMITH, McILWAIN & BRAKEFIELD, P.C.
ATTORNEYS AT LAW
808 LURLEEN WALLACE BLVD., NORTH
P.O. BOX 2427
TUSCALOOSA, ALABAMA 35403-2427

MICHAEL D. SMITH
CHRISTOPHER L. MCILWAIN, SR.
W. MARCUS BRAKEFIELD
ROBERT M. SPENCE
KRISTOFOR D. SODERGREN

PERRY HUBBARD
1921-1991

TELEPHONE
(205) 345-6789

Writer's E-Mail Address:
cmcilwain@hsmbb.com

TELECOPY
(205) 759-1195

August 31, 2007

Davis B. Whittelsey
Whittelsey, Whittelsey & Poole, P.C.
P. O. Box 106
Opelika, AL 36803-0106

**VIA E-MAIL AND
U.S. MAIL**

RE:  *Whittelsey Properties, Inc., et al. v Manifold Construction, LLC, et al.*
      Case No.:  CV-05-137
      Our File:  36618

Dear Davis:

I am in receipt of your clients' responses to my interrogatories and requests for production in this case.

Please forward to me the documents and other items you indicate are available for view at your office. I will be happy to reimburse you for the photocopy charges (excluding labor).

I also would like to attempt to work out several issues relating to those responses.

First, in your response to 2(a) and 2(b), involving communications between you and/or your clients on the one hand, and the Plaintiffs in the underlying case or their attorneys on the other, you have raised the objections of attorney/client privilege and the work product doctrine. However, because the communicating parties were adverse to each other throughout the underlying litigation, and in any event were represented by different legal counsel, neither of those doctrines would apply.

Davis B. Whittelsey
August 31, 2007
Page 2

_____

Second, in response to several requests and interrogatories, 2(a), 2(b), 2(c), 2(d), 2(e), 2(f), and 4(b), your clients assert that the documents are available elsewhere. This is not a legally sufficient response.

Third, pursuant to FRCP 26(b)(5), please forward a privilege log identifying separately each item for which you are asserting a privilege or the work product doctrine.

Please let me know within ten days whether your clients will provide the requested information and documents without the necessity of a motion.

Sincerely,

/s/ Christopher Lyle McIlwain, Sr.

Christopher Lyle McIlwain, Sr.

CLM/brs

## Chris Mcilwain

| | |
|---|---|
| **Subject:** | FW: Manifold Construction Matter |
| **Attachments:** | Whittelsey.08-31-07.wpd |

| | |
|---|---|
| **From:** | Bonnie Sutton |
| **Sent:** | Friday, August 31, 2007 2:52 PM |
| **To:** | Davis Whittelsey (dwhittelsey@wwp-law.com) |
| **Cc:** | Chris Mcilwain |
| **Subject:** | Manifold Construction Matter |

Whittelsey
-07.wpd (1

*Bonnie Sutton*
Secretary to Christopher Lyle Mcilwain
Hubbard, Smith, McIlwain, Brakefield & Browder, P.C.
P. O. Box 2427
Tuscaloosa, AL  35403
Phone:  (205) 345-6789 x 51
Fax:  (205) 759-1195
bsutton@hsmbb.com