IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MANIFOLD CONSTRUCTION, LLC, et al., )<br>)<br>Defendants. ) | Civil Action No. 3:06-cv-977-MEF |

**BRIEF IN REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY ALL PROCEEDINGS OR, IN THE SECOND ALTERNATIVE, MOTION FOR PROTECTIVE ORDER OR, IN THE THIRD ALTERNATIVE, MOTION FOR DISCOVERY CONFERENCE**

COME NOW the Defendants, Whittelsey Properties, Inc. and C.S. Whittelsey, IV (collectively referred to herein sometimes as "Whittelsey"), and file this reply brief to Plaintiff's response (Doc. #39) to Whittelsey's motion to dismiss… (Doc. #34).

**SUPPLEMENTAL INTRODUCTION**

On the 10th day of September, 2007, due to certain disputes arising over discovery, Defendants filed their motion to dismiss or, in the alternative, motion to stay proceedings or, in the second alternative, motion for protective order or, in the third alternative, motion to set discovery conference. (Doc. #34). On the 13th day of September, 2007, this Honorable Court issued its order (Doc. #36) directing Plaintiff to respond to Defendants' motion "on or before September 20, 2007." (Doc. #36, ¶ 1). Said order further allowed Defendants to file a reply on or before September 24, 2007.

On the 20th day of September, 2007, Plaintiff filed its motion to compel. (Doc. #37). On the 20th day of September, 2007, the Honorable Terry F. Moorer, United States Magistrate Judge,

- 1 -

issued an order (Doc. #38) directing Defendants to file a response to Plaintiff's motion to compel (Doc. #37) by September 27, 2007.

On the 21st day of September, 2007, Plaintiff filed its reply memorandum and memorandum in support of motion to compel. (Doc. #39).

## ARGUMENT

Plaintiff in its reply memorandum does not substantively address matters raised by Whittelsey's motion (Doc. #34). Plaintiff simply attacks Whittelsey and their counsel.

**I.     Resistance to Prompt Resolution.**

First, Plaintiff accuses Whittelsey of resistance in the prompt resolution of this matter; however, Plaintiff fails to recall the 2nd day of November, 2006, when it was given the opportunity to resolve all issues raised in the present proceeding. When Plaintiff was given the opportunity to proceed in the Lee County Case (Doc. #14, Exhibit D, p. 59-60), Plaintiff withdrew its motion for limited intervention. (Doc. #14, Exhibit D, p. 60). Plaintiff would have this Court believe that Whittelsey did everything to stop Plaintiff's intervention; however, Whittelsey offered no objection to Ohio Casualty's motion at trial. (Doc. #14, Exhibit D, p. 60-61).

**II.    Protection of Manifold Defendants in Underlying Litigation.**

Plaintiff next argues that it was given an extension of time to respond to discovery; however, in its preliminary response, Plaintiff does cite the pending underlying state court action as grounds for its objection to the production of various documents requested by Whittelsey. (Doc. #39, Exhibit "1", ¶ 1). Although Plaintiff considers such documents to be "irrelevant" (Doc. #39, p. 3), Whittelsey's request is limited to the issues raised by Plaintiff's complaint, any and all of Plaintiff's documents associated with the underlying state court action including the

claims, adjusters', coverage and underwriting files . (Doc. #31, Exhibit "A"). Plaintiff cites the protection of the Manifold Defendants in further support of its refusal to produce documents related to its insurance policy and the Lee County Case; however, Plaintiff and the Manifold Defendants are completely at odds. (See Doc. #25). Plaintiff is only trying to protect Plaintiff's interest, not that of their insured.

### III.    Lack of Insurance Coverage.

Lastly, Plaintiff argues that the mediation scheduled for October 2, 2007, will be unsuccessful because Whittelsey is not realistic and "there is no coverage under the Plaintiff's liability insurance policy for the claims made by the Whittelsey Defendants against the Manifolds." (Doc. #39, p.5). This argument is interesting for two reasons: (1) Plaintiff has offered to settle the Lee County Case for substantial sums of money and (2) Plaintiff has represented to the Alabama Supreme Court that it would participate in the mediation scheduled for October 2, 2007, in good faith.

### IV.    Request for Relief.

Although Plaintiff's reply memorandum offers nothing in the way of a substantive reply to Whittelsey's motion, it does shine a glaring light on why this Court should reconsider the factors enumerated in *Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11thCir. 2005)* and dismiss the present case allowing the pending state court actions to proceed to conclusion. This present case has everything to do with the Lee County Case. All of the issues raised by Plaintiff in its complaint and objections to production should be addressed where they arose, the Circuit Court of Lee County, Alabama. In the alternative, this Honorable Court should stay all proceedings in the present case placing it on the administrative docket until completion of mediation or, in the second alternative, issue a protective order to suspend discovery until after

the mediation of the underlying state court action or, in the third alternative set a discovery conference so that various issues raised by Plaintiff may be properly addressed.

WHEREFORE, Whittelsey prays this Honorable Court will take one of four actions:

(1)     Dismiss the present case and allow the pending state court actions to proceed to conclusion;

(2)     Stay all proceedings in the present case placing it on the administrative docket until after the mediation of the underlying state court action;

(3)     Issue a protective order to suspend discovery until after the mediation of the underlying state court action; or

(4)     Set a discovery conference so that various issues raised by Plaintiff's objections may be properly addressed.

Respectfully submitted this the 24th day of September, 2007.

WHITTELSEY, WHITTELSEY & POOLE, P.C.

/s/ Davis B. Whittelsey
BY:     DAVIS B. WHITTELSEY (WHI067)
        E-mail:dwhittelsey@wwp-law.com

/s/ Robert G. Poole
BY:     ROBERT G. POOLE (POO014)
        E-mail:bpoole@wwp-law.com
        Attorneys for Defendants
        Post Office Box 106
        Opelika, Alabama 36803-0106
        Tel.:   (334) 745-7766
        Fax:    (334) 745-7666

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document on the parties listed below electronically or by placing a copy of the same in the United States mail, postage prepaid, to their correct address on this the 24th day of September, 2007.

Christopher Lyle McIlwain
HUBBARD, SMITH, MCILWAIN, BAKERFILED & BROWDER, P.C.
Post Office Box 2427
Tuscaloosa, Alabama 35403

Bradley J. Smith
CLARK, DOLAN, MORSE, ONCALE & HAIR, P.C.
800 Shades Creek Parkway, Suite 850
Birmingham, Alabama 35209

James D. McLaughlin
DAVIS & MCLAUGHLIN
324 East Magnolia Avenue
Auburn, Alabama 36830

                                            /s/ Davis B. Whittelsey
                                            DAVIS B. WHITTELSEY