IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| OHIO CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 3:06CV977-MEF |
| ) | |
| MANIFOLD CONSTRUCTION, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO REPLY BRIEF
OF WHITTELSEY DEFENDANTS**

Comes now the Plaintiff and, in response to the Brief In Reply of the Whittelsey Defendants (Doc. 40) regarding their Motion to Dismiss, etc. (Doc. 34), states as follows:

1.	On September 24, 2007, Plaintiff served by mail its response to the Whittelsey Defendants' Request for Production, along with a privilege log describing the documents subject to the attorney client privilege and the work product doctrine.

2.	Among the hundreds of documents Plaintiff has agreed to produce is a communication from counsel for the Whittelsey Defendants to defense counsel for the Manifold Defendants dated May 18, 2007 (copy attached hereto as "Exhibit A") demonstrating the fallacy of the Whittelsey Defendants' current position that this

declaratory judgment action should be dismissed or stayed.

3.  As counsel for the Defendants indicates in that communication, a prompt resolution of the serious coverage issues will actually facilitate a resolution of the underlying lawsuit. Thus, the Manifold Defendants' continuing[1] efforts to frustrate such a resolution is explainable only by their counsel's concern that the coverage issues will be resolved in favor of the Plaintiff.

4.  In any event, although it is *not* a party to the appellate mediation, the Plaintiff will attend that mediation and will continue to act in good faith. However, the recent responses of the Defendants herein to the Plaintiff's interrogatories add further support to the conclusion that no coverage exists for the verdict against the Manifold Defendants.

---

[1] In its response at page 2, counsel for the Whittelseys asserts that he "offered no objection to Ohio Casualty's motion [for limited intervention] at trial" and asserts that the Plaintiff was "given the opportunity to proceed" in the Lee County case on November 2. (Doc. 40 at page 2). This is very misleading. What counsel fails to mention is that neither he nor James McLaughlin, corporate counsel for the Manifold Defendants, ever withdrew their objections to intervention, and that the Plaintiff filed this action before November 2. He also fails to mention that on November 1 in his closing argument he sought a large award of compensatory damages for non-covered economic loss, and that on November 2, and at his behest, the trial judge submitted to the jury a verdict form (attached hereto as Exhibit B) which addressed the principal issue about which the Plaintiff sought limited intervention – to determine what amount of the verdict was for punitive damages. The jury returned its verdict and answered that question. In any event, as previously discussed, the trial court never granted the Plaintiff's motion to intervene and it was withdrawn because it was no longer necessary to the Plaintiff's position in this litigation. Moreover, even if that motion had been granted and the Plaintiff permitted to submit interrogatories to the trial court for submission to the jury, this declaratory judgment action would still be necessary by virtue of ARCP 18(c).

/s/ Christopher Lyle McIlwain, Sr.
Christopher Lyle McIlwain, Sr.
Attorney Code: MCILC 3043
State Code: MCI-002
Attorney for Plaintiff
Ohio Casualty Insurance Company

**OF COUNSEL:**

HUBBARD, SMITH, McILWAIN,
 BRAKEFIELD & BROWDER, P. C.
808 Lurleen Wallace Blvd., N.
P. O. Box 2427
Tuscaloosa, AL  35403
Telephone: (205) 345-6789

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.

s/ Christopher Lyle McIlwain, Sr.
Of Counsel

# EXHIBIT "A"

OC1534

-----Original Message-----
From: davis whittelsey [ mailto:dmsde5@yahoo.com ]
Sent: Friday, May 18, 2007 8:54 AM
To: Bradley J. Smith
Cc: Jim Mclaughlin; Jim McLaughlin
Subject: Defendants' Reply to Plaintiffs' Amended Response to Motion for
New Trial

Brad,

In light of the position that you appear to be arguing
on behalf of your clients, that insurance should not

https://am1.ohio-casualty.com/inet21/mail/jdfl.nsf/($Inbox)/F8B2FCB5B09A0EF8852572...  5/18/2007

be considered for purposes of the Hammon/Green Oil & BMW hearing, it appears to me that it may be prudent to enter into another agreed on the record extension concerning rule 59.1 Ala. R. Civ Pro. for an initial period of 90 days, in order to get the federal court's ruling on the Dec. action. This would at least get us a ruling on the Motion to Dismiss pending in the Federal Court. If needed we can extend Rule 59.1 again to resolve the dec. action, once and for all. You will then know whether your clients have coverage.

Let me know please.

Davis

---

Got a little couch potato?
Check out fun summer activities for kids.
http://search.yahoo.com/search?fr=oni_on_mail&p=summer+activities+for+kids&cs=bz

# EXHIBIT "B"

## Verdict

_X_  We, the jury, find in favor of the plaintiffs and against the defendant, Manifold Construction, LLC, on plaintiffs' wantonness claim. Or...

___  We, the jury, find in favor of the defendant, Manifold Construction, LLC, on plaintiffs' wantonness claim.

(Mark an "X" in the appropriate blank above.)

_____
Foreperson

We the jury assess plaintiffs' compensatory damages at $ 275,000.

_____
Foreperson

We, the jury, find the plaintiffs have proven their claim for punitive damages against the following defendants:

_X_  Manifold Construction, LLC, and assess punitive damages at $ 1,500,000 ~~2,500,000~~

_X_  Jack Manifold, individually, and assess punitive damages at $ 1,000,000.

(Mark an "X" in the appropriate blank above.)

_____
Foreperson

We, the jury, find the plaintiffs have not proven their claim for punitive damages against the following defendants:

___  Manifold Construction, LLC

___  Jack Manifold, individually

(Mark an "X" in the appropriate blank above.)

_____
Foreperson

11/2/06 Judgment entered by the Court
[signature]

FILED
NOV 0 2 2006
IN OFFICE
CORINNE T. [...]