IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

OHIO CASUALTY  )
INSURANCE COMPANY,  )
            )
          Plaintiff,  )
v.  )       CIVIL ACTION NO. 3:06CV977-MEF
            )
MANIFOLD CONSTRUCTION,  )
LLC, et al.,  )
            )
          Defendants.  )

**PLAINTIFF'S REPLY TO THE
WHITTELSEY DEFENDANT'S
RESPONSE IN OPPOSITION TO
<u>PLAINTIFF'S MOTION TO COMPEL</u>**

Following communication with Judge Moorer's staff on October 4 wherein it was indicated that a reply to the Whittelsey Defendants' Response (Doc. 46) would be appropriate, the Plaintiff offers the following:

1. The opposition of the Whittelsey Defendants to the Plaintiffs' Motion to Compel is part and parcel of their longstanding strategy to avoid a judicial determination of the insurance coverage issues involved in this case by this Court.

2. As part of that strategy, the Whittelsey Defendants have filed not one but two baseless Motions seeking the dismissal of the case, both of which have been denied by Judge Fuller.

3.    Moreover, the undersigned learned on October 2 that, two days after filing their Answer in the instant case, the Whittelseys violated FRCP 13 by filing a spurious lawsuit against the Plaintiff in Lee County Circuit Court, a true, correct and authentic copy of which is attached hereto as Exhibit A.  Plaintiff currently is taking steps to have that lawsuit dismissed pursuant to long settled Alabama law.  *Ex parte Cincinnati Ins. Companies,* 806 So.2d 376 (Ala. 2001); *Ex parte Canal Ins. Co.*, 534 So.2d 582 (Ala. 1988); *Ala. Code* § 6-5-440 (1975).  See also Affidavit of Christopher Lyle McIlwain, Sr., attached hereto as Exhibit B.

4.    It is readily apparent that the Whittelsey Defendants are seeking to delay the prosecution in the instant case while pushing their State Court action with all deliberate speed.  With regard to their discovery responses, the Whittelsey Defendants first wanted to delay until the case was mediated on October 2, and the Court accommodated them.  Now they assert that the mediation remains "open for thirty (30) days in an attempt to resolve all matters" and they want to delay it again.  (Response, para. 18).  However, no such extension of the mediation was agreed to by the Plaintiff.[1]  Moreover, given the position of the Whittelsey Defendants, no settlement is in the offering.

---

[1] This case has been mediated on several occasions, each time unsuccessfully.  This lack of success is due to the fact that the coverage issues have not been adjudicated.

5.    The Whittelsey Defendants also assert that they have nothing to produce, but this is contrary to the assertions of counsel for the Whittelsey Defendants to the undersigned, and in any event the Court will notice that their discovery responses contradict their current assertion.  (Response, para. 19).

6.    Finally, the Whittelsey Defendants contend that "Plaintiff is not willing to produce necessary documents while the State Court action is pending." (Response, para,. 20).  This is not true.  As indicated by the Plaintiff's response to their Request for Production (Exhibit C), and Plaintiff's Privilege Log (Exhibit D), the Plaintiff has agreed to produce a large amount of documents and they have been available for review for some time.  No Motion to Compel the production of privileged items has been filed by the Whittelsey Defendants.

*/s/ Christopher Lyle McIlwain, Sr.*
Christopher Lyle McIlwain, Sr.
Attorney Code: MCILC 3043
State Code: MCI-002
Attorney for Plaintiff
Ohio Casualty Insurance Company

**OF COUNSEL:**

HUBBARD, SMITH, McILWAIN,
 & BRAKEFIELD, P. C.
808 Lurleen Wallace Blvd., N.
P. O. Box 2427
Tuscaloosa, AL  35403
Telephone: (205) 345-6789


## CERTIFICATE OF SERVICE

I hereby certify that on October 10th , 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.


_s/ Christopher Lyle McIlwain, Sr._
Of Counsel

# EXHIBIT "A"

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

**F I L E D**

**JUL 2 7 2007**

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

WHITTELSEY PROPERTIES, INC., an Alabama )
Corporation; and C.S. WHITTELSEY, IV, an )
Individual, )
           )
       Plaintiffs, )
           )
           )
v.            )   Civil Action No. CV-07-382
           )
MANIFOLD CONSTRUCTION, LLC, an Alabama )
Limited Liability Company; JACK MANIFOLD, an)
Individual; and OHIO CASUALTY INSURANCE )
COMPANY, an Ohio Corporation. )
           )
       Defendants. )

## COMPLAINT

COME NOW the Plaintiffs, Whittelsey Properties, Inc. and C.S. Whittelsey, III (collectively referred to herein sometimes as "Whittelsey"), and assert the following claim against the Defendants, Manifold Construction, LLC (referred to herein sometimes as "Manifold") Jack Manifold (referred to herein sometimes as "Jack") and Ohio Casualty Insurance Company (referred to herein sometimes as "Ohio Casualty").

     1.      Plaintiff, Whittelsey Properties, Inc., is a corporation, organized and existing under the laws of the State of Alabama, with its principal place of business in Lee County, Alabama.

     2.      Plaintiff, C.S. Whittelsey, IV, is an individual resident citizen of Opelika, Lee County, Alabama.

     3.      Manifold is a limited liability company, organized and existing under the laws of Alabama, with its principal place of business in Lee County, Alabama.

     4.      Jack is an individual resident citizen of Lee County, Alabama.

- 1 -

5.     Ohio Casualty is a corporation, organized and existing under the laws of the State of Ohio, and engaged in the business of issuing insurance policies.

6.     Ohio Casualty issued to Manifold and Jack a policy of general commercial liability insurance (GCL) which provides coverage of One Million and No/100ths Dollars ($1,000,000.00) per occurrence with an aggregate limit of Two Million and No/100ths Dollars ($2,000,000.00).

7.     On or about the 23rd day of February, 2005, Whittelsey filed suit against Manifold and Jack in the Circuit Court of Lee County, Alabama, Case No. CV-05-137, alleging various claims including negligence, wantonness and reckless fraud which occurred during the coverage period for the above said policy of insurance.

8.     On the 2nd day of November, 2006, the jury returned a verdict against Manifold and Jack (1) finding Manifold guilty of wantonness; (2) assessing compensatory damages of $275,000.00 against Manifold and Jack; and (3) assessing punitive damages against Manifold in the amount of $1,500,000.00 and Jack in the amount of $1,000,000.00.

9.     On or about the 29th day of May, 2007, the Circuit Court of Lee County, Alabama, in case number CV-05-137, issued a final judgment in Whittelsey's favor and against Manifold and Jack in the total amount of One Million Nine Hundred Twenty-Five Thousand and No/100ths Dollars ($1,925,000.00) plus interest and costs in the amount of Eight Thousand Three Hundred Three and 99/100ths Dollars ($8,303.99).

10.    On or about the 10th day of July, 2007, Manifold and Jack filed their notice of appeal from the above said judgment to the Alabama Supreme Court. At the time Manifold and Jack filed the above said notice of appeal, a supersedeas bond was not filed.

11.    Although Whittelsey has requested Manifold, Jack and Ohio Casualty to file a supersedeas bond or pay the judgment, Manifold, Jack and Ohio Casualty have done neither.

12.    Whittelsey asserts this complaint pursuant to Ala.Code 1975 § 27-23-2 ("Alabama's Direct Action Statute") to proceed against Manifold, Jack and Ohio Casualty to reach and apply the insurance policy in effect to the satisfaction of the judgment. In so doing, Whittelsey does not waive its right to pursue further action against Manifold and Jack to satisfy the above said judgment beyond the limits of insurance, if any.

WHEREFORE, Whittelsey demands judgment against Manifold, Jack and Plaintiff in the sum of One Million Nine Hundred Thirty-Three Thousand Three Hundred Three and 99/100ths Dollars ($1,933,303.99) plus interest from the date of verdict of November 2, 2006, and costs of the prosecution of this claim.

## JURY DEMAND

13.    Whittelsey demands trial by jury.

Respectfully submitted this the 26th day of July 2007.

WHITTELSEY, WHITTELSEY & POOLE, P.C.

BY:    DAVIS B. WHITTELSEY (WHI067)
ROBERT G. POOLE (POO014)
Attorneys for Plaintiffs
Post Office Box 106
Opelika, Alabama 36803-0106
Tel.:    (334) 745-7766
Fax:    (334) 745-7666
E-mail:dwhittelsey@wwp-law.com
E-mail:bpoole@wwp-law.com

**PLAINTIFFS DEMAND TRIAL BY JURY**

DAVIS B. WHITTELSEY
ROBERT G. POOLE

- 3 -

| State of Alabama Unified Judicial System | SUMMONS -CIVIL- | Case Number |
|---|---|---|
| Form C-34     Rev 6/88 | | CV-07- 382 |

IN THE _____ Circuit _____ COURT OF _____ Lee _____ COUNTY

Plaintiff _____ Whittelsey Properties, Inc. et al _____ v. Defendant  Manifold Construction, LLC, Jack
_____ Manifold & Ohio Casualty, et al

NOTICE TO _____ The Ohio Casualty Insurance Company c/o Superintendent of Insurance
_____ Post Office Box 1470, Ridgeland, MS 39158-1470

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF
YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Davis D. Whittelsey _____ WHOSE
ADDRESS IS _____ 600 Ave A, Opelika, Al 36801

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ 30 _____ DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✓] Service by certified mail of this summons is initiated upon the written request of _____
pursuant to the Alabama Rules of Civil Procedure.

Date _7/27/07_            _Corinne T Hurst_        By: _B_
                          Clerk/Register

[✓] Certified Mail is hereby requested.        _____
                                               Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____
                                                                 (Date)
[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____
            (Date)

Date _____                          Server's Signature _____

Address of Server _____             Type of Process Server _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-07- 352 |
|---|---|---|

IN THE _____ Circuit _____ COURT OF _____ Lee _____ COUNTY

Plaintiff ___ Whittelsey Properties, Inc, et al ___ v. Defendant ___ Manifold Construction, LLC, Jack
_____    Manifold & Ohio Casualty, et al

NOTICE TO _____ Jack Manifold _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF
YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY ___ Davis B. Whittelsey ___ WHOSE
ADDRESS IS _____ 600 Ave A, Opelika, Al 36801 _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___ 30 ___ DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

[✓]  You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

[ ]  Service by certified mail of this summons is initiated upon the written request of _____
pursuant to the Alabama Rules of Civil Procedure.

Date ___ 7/27/07 ___    _Corinne T Hurst_ By: _B_
                                                Clerk/Register

[ ]  Certified Mail is hereby requested.

                                        Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ]  Return receipt of certified mail received in this office on _____

[ ]  I certify that I personally delivered a copy of the Summons and Complaint to _____
                                                                        (Date)
Alabama on _____ in _____ County,
              (Date)

| | |
|---|---|
| Date | |
| | Server's Signature |
| Address of Server | |
| | Type of Process Server |

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-07- 382 |
|---|---|---|

IN THE _____ Circuit _____ COURT OF _____ Lee _____ COUNTY

Plaintiff ___ Whittelsey Properties, Inc, et al ___ v. Defendant ___ Manifold Construction, LLC, Jack
_____ Manifold & Ohio Casualty, et al

NOTICE TO _____ Manifold Construction, LLC

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF
YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Davis B. Whittelsey _____ WHOSE
ADDRESS IS _____ 600 Ave A, Opelika, Al 36801 _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

[✓] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____
pursuant to the Alabama Rules of Civil Procedure.

Date ___ 7/27/07 ___        _Corinne Hurst_ By: _B_
                              Clerk/Register

[ ] Certified Mail is hereby requested.

                              Plaintiff's/Attorney's Signature _____

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
                                                                          (Date)
_____ in _____ County,
Alabama on _____
         (Date)

Date _____        Server's Signature _____

Address of Server _____        Type of Process Server _____

# EXHIBIT "B"

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| WHITTELSEY PROPERTIES, INC., et al., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION: CV-07-382 |
| MANIFOLD CONSTRUCTION, LLC, et al., | § § § | |
| Defendants. | § § | |

## **AFFIDAVIT OF CHRISTOPHER LYLE McILWAIN, SR.**

My name is Christopher Lyle McIlwain, Sr., and I am counsel of record for Ohio Casualty Insurance Company, Inc. ("Ohio Casualty") in connection with this matter.

On October 31, 2006, I filed suit on behalf of Ohio Casualty in the United States District Court for the Middle District of Alabama ("the Federal Court action") seeking, *inter alia*, a declaratory judgment regarding Ohio Casualty's obligations to Jack Manifold, Manifold Construction, L.L.C. ("the Manifolds"), C.S. Whittelsey, IV and Whittelsey Properties, Inc. ("the Whittelseys") with regard to the action filed by the Whittelseys against the Manifolds in the Circuit Court of Lee County, CV-05-137 ("the State Court action").

On December 4, 2006, the Whittelseys filed an Acceptance and Waiver of Service of Summons and a Motion to Dismiss in the Federal Court action. On July

25, 2007, after their Motion to Dismiss had been denied on July 12, 2007, the Whittelsey's filed their Answer. All of the parties to that litigation have actively litigated the issues and the Whittelseys have propounded discovery requests to Ohio Casualty. (See Exhibit 1 hereto).

By virtue of FRCP 13, any action by the Whittelseys against Ohio Casualty relating to the Whittelseys' claims against the Manifolds would constitute a compulsory counterclaim to the Federal Court action. *Ex parte Cincinnati Ins. Companies,* 806 So.2d 376 (Ala. 2001); *Ex parte Canal Ins. Co.,* 534 So.2d 582 (Ala. 1988). Moreover, given the pendency of the Federal Court action, Alabama law forbade the Whittelseys from filing a separate action in State court against Ohio Casualty. See *Ala. Code* § 6-5-440 (1975).

Nonetheless, without informing the undersigned, the Whittelseys apparently filed the instant case on or about July 27, 2007, just two days after filing their Answer in the Federal Court action. The undersigned first became aware of the instant case on the afternoon of October 2, 2007, during an appellate mediation of the original State Court action (CV-05-137) in Birmingham, Alabama. When counsel for the Whittelseys was confronted, he represented that no default judgment had been entered. However, a review of the court system docket sheet for the instant case on October 3 by me revealed that a default judgment had already been entered against Ohio Casualty on September 28, 2007.

In addition to FRCP 13, *Ala. Code* § 6-5-440 (1975), res judicata, waiver, collateral estoppel, and other matters raised above, *Calhoun v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 676 So.2d 1332 (Ala. Civ. App. 1996), Ohio Casualty has numerous defenses to the Whittelsey's claims in the instant case relating to the absence of coverage under its liability policies for the verdict against the Manifolds. For example, subject to exclusions, those policies provide for indemnity only for (i) bodily injury and (ii) property damage occurring during the policy period and (iii) caused by an occurrence (defined as an accident). Proving that the verdict meets these requirements is the burden of the Manifolds, and under the direct action statute, the Whittelseys. *Employers Mut. Cas. Co. v. Mallard*, 309 F.3d 1305, 1307 (11th Cir. 2002). However, the verdict is general and does not specify whether it includes awards for bodily injury or property damage during Ohio Casualty's policy periods and, if so, how much. In addition, there is substantial evidence that the jury concluded that there was no "occurrence" as defined in the policies. Finally, the evidence is undisputed that, if there was an award for property damage as opposed to merely non-covered economic loss, exclusions (a), (j), (k), (l) and (m) would apply.

The Plaintiffs will not be unfairly prejudiced if the default judgment is set aside. In fact, to leave the default judgment in place under the circumstances would be a manifest injustice and would result in an undeserved windfall to the Whittelseys.

After diligent investigation, Ohio Casualty has been unable to determine what

happened to the suit papers in the instant case after service by certified mail was attempted by the Plaintiff upon an address in Ridgeland, Mississippi. If suit papers of this nature are received by an Ohio Casualty office, the standard procedure is for them to be forwarded by mail to Ohio Casualty's Lexington, Kentucky, claims office and then assigned for defense. However, the Lexington claims office has no record of receiving these suit papers, and it is possible that they were lost in the mail. As demonstrated by the filing and prosecution of the Federal Court action, the Whittelseys well know that their efforts to establish coverage under Ohio Casualty's policies are contested by Ohio Casualty and, in any event, the default judgment was accidental, not the result of culpable conduct by Ohio Casualty. Instead, it was the result of the Plaintiffs' blatant attempt to forum shop and intentional failure to comply with FRCP 13 and Alabama law.

Each of the allegations and exhibits to the Motion to Set Aside Default Judgment are incorporated herein by reference. All exhibits are true, correct and authentic copies.


_____

Christopher Lyle McIlwain, Sr.

Sworn to and subscribed before me on this the 4th day of October, 2007.

_Bonnie Sutton_
Notary Public

[Seal]

My Commission Expires:
_6-18-2010_

# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

OHIO CASUALTY INSURANCE COMPANY,    )

    Plaintiff,    )
                           )

v.    )    Civil Action No. 3:06-cv-977-MEF

MANIFOLD CONSTRUCTION, LLC, et al.,    )

    Defendants.    )

## REQUEST FOR PRODUCTION OF DOCUMENTS

Comes now the Defendants, Whittelsey Properties, Inc. and C.S. Whittelsey, IV (collectively referred to herein sometimes as "Whittelsey"), by and through their undersigned attorneys of record, and request the Plaintiff to produce the following documents, items and/or things to the law offices of Whittelsey, Whittelsey & Poole P.C., 600 Avenue A, Opelika, Alabama 36801, within the time permitted by law.

1.    **Your entire claims file, adjuster's file, coverage file and/or underwriting file, including, but not limited to a copy of the policy and/or policies of insurance at issue in your complaint,** application(s) for the policy and/or policies of insurance, underwriting, issuance and/or renewal of that policy and/or policies of insurance involved in the above described cause of action, payment records, billing records, correspondences, fax transmittals, declaration sheets, policies, cancellation notices, notices of intent to cancel and/or any and all other documents which in any manner whatsoever concern, relate, and/or refer to the application for, underwriting of and/or issuance of said policies and/or renewals thereof together with any and all billing records, payment records and/or correspondences concerning the issuance, renewal, and/or billing or payments for said policy and/or policies.

2.   **Your entire claims file, adjuster's file, coverage file and/or underwriting file,** which in any manner whatsoever concerns, relates to or references the adjusting and/or investigation of the claim submitted by Manifold to the Plaintiff as a result of the lawsuit filed in the Circuit Court of Lee County, Alabama, in Case No. CV-05-137. The production of said documents, items and/or things are to include but not limited to, any and all appraisals, estimates, photographs, video tapes, statements, tape recordings, correspondences, e-mails, reports, memorandums, letters, bills, computer printouts, time-lines and/or written instrumentalities concerning, in any manner whatsoever, the adjusting and/or investigation of the claim submitted by Manifold to Plaintiff as a result of the lawsuit filed in the Circuit Court of Lee County, Alabama, in Case No. CV-05-137 which claim is involved in this cause of action.

3.   True and correct copies of Plaintiff's adjusting guidelines, manual(s), pamphlets, brochures and/or documents which govern, relate to, provide guidelines and/or procedures for adjusting and/or investigating legal claims filed against insureds pursuant to insurance policies issued by Plaintiff or otherwise.

4.   True and correct copies of Plaintiff's adjusting guidelines, manual(s), pamphlets, brochures and/or documents which govern, relate to, provide guidelines and/or procedures for adjusting and/or investigating the type of lawsuits, such as the underlying lawsuit filed in the Circuit Court of Lee County, Alabama, in Case No. CV-05-137 involved in this cause of action.

5.   **Your entire claims file, adjuster's file, coverage file and/or underwriting file,** which in any manner whatsoever concerns, relates to or references any claims and/or the payment or refusal to pay any claims submitted by the Manifold, **or any other persons**, to Plaintiff as a result of the underlying lawsuit filed in the Circuit Court of Lee County, Alabama, in Case No. CV-05-137 involved in this cause of action, including but not limited to all claim

forms, check stubs, payment records, correspondences, e-mails, reports, canceled checks and/or any other written instrumentalities of any sort whatsoever.

6.     All documents, computer printouts, bills, invoices, records, etc. reflecting Manifold's payment history for the purchase and payment of the insurance policy involved in this cause of action together with the respective dates of the purchase of said policies.

7.     **Your entire claims file, adjuster's file, coverage file and/or underwriting file,** and all documents contained therein, concerning the claim and/or claims involved in the underlying lawsuit filed in the Circuit Court of Lee County, Alabama, in Case No. CV-05-137 involved in this cause of action, including, but not limited to, the adjustment of said claim, the investigation of said claim and any payments made pursuant to said claim.

8.     Any and all documents, computer printouts, bills, invoices, records, etc. evidencing Plaintiff's investigation of the claims involved in the underlying lawsuit filed in the Circuit Court of Lee County, Alabama, in Case No. CV-05-137.

9.     Any and all documents, computer printouts, bills, invoices, records, etc. evidencing Plaintiff's retention of competent defense counsel for Manifold in defense of the claims involved in the underlying lawsuit filed in the Circuit Court of Lee County, Alabama, in Case No. CV-05-137.

10.     Any and all documents, computer printouts, bills, invoices, records, etc. evidencing Plaintiff's correspondence whether written or oral with Manifold regarding the claims involved in the underlying lawsuit filed in the Circuit Court of Lee County, Alabama, in Case No. CV-05-137.

11.     Any and all documents, computer printouts, bills, invoices, records, etc. evidencing Plaintiff's correspondence (electronic or otherwise) with defense counsel it retained

for Manifold in defense of the claims involved in the underlying lawsuit filed in the Circuit Court of Lee County, Alabama, in Case No. CV-05-137.

Respectfully submitted this the 25th day of July 2007.

WHITTELSEY, WHITTELSEY & POOLE, P.C.

/s/ Davis B. Whittelsey

BY:    DAVIS B. WHITTELSEY (WHI067)
       E-mail: dwhittelsey@wwp-law.com

/s/ Robert G. Poole

BY:    ROBERT G. POOLE (POO014)
       E-mail: bpoole@wwp-law.com
       Attorneys for Defendants
       Post Office Box 106
       Opelika, Alabama 36803-0106
       Tel.:   (334) 745-7766
       Fax:    (334) 745-7666

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the parties listed below electronically or by placing a copy of the same in the United States mail, postage prepaid, to their correct address on this the 25th day of July, 2007.

Christopher Lyle McIlwain
HUBBARD, SMITH, MCILWAIN, BAKERFILED & BROWDER, P.C.
Post Office Box 2427
Tuscaloosa, Alabama 35403

Bradley J. Smith
CLARK, DOLAN, MORSE, ONCALE & HAIR, P.C.
800 Shades Creek Parkway, Suite 850
Birmingham, Alabama 35209

James D. McLaughlin
DAVIS & MCLAUGHLIN
324 East Magnolia Avenue
Auburn, Alabama 36830

/s/ Davis B. Whittelsey
DAVIS B. WHITTELSEY

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

OHIO CASUALTY                          )
INSURANCE COMPANY,                     )
                                       )
                     Plaintiff,        )
                                       )
v.                                     )      CIVIL ACTION NO. 3:06CV977-MEF
                                       )
MANIFOLD CONSTRUCTION,                 )
LLC, et al.,                           )
                                       )
                     Defendants.       )

## RESPONSES OF PLAINTIFF
## TO REQUEST FOR PRODUCTION

Comes now the Plaintiff Ohio Casualty Insurance Company ("Ohio Casualty")

and makes this response to the Request for Production by Defendants Whittelsey

Properties, Inc., and C.S. Whittelsey, IV:

1.    It objects to the production of the documents described in paragraphs 1, 2, 5,

7, 8, 9, 10 and 11 of the Request, on the ground that those documents all

involve the State court litigation which remains pending and is currently on

appeal, and that each item is protected from discovery by the work product

doctrine and the attorney-client privilege.  Providing access to Defendants

Whittelsey Properties, Inc., and C.S. Whittelsey, IV, who are the Plaintiffs in

the State court litigation, would undermine and jeopardize Ohio Casualty's

continuing defense of Defendants Manifold Construction, LLC and Jack

Manifold. Pursuant to FRCP 26(b)(5)(A), a privilege log is attached hereto.

2.    Without waiving those objections, Plaintiff will, to the extend they exist produce at the office of its undersigned legal counsel, the requested policy applications, policies of insurance (including declaration pages), policy renewal statements, premium billing/payment records and records regarding cancellation, as unprotected documents from its claims file regarding the State court litigation.

3.    Plaintiff objects to production of the documents described in paragraph 3 and 4 of the Request on the grounds that they are not relevant or calculated to lead to the discovery of relevant, admissible evidence, and because they contain sensitive, proprietary information.    The Plaintiff's claims against the Whittelsey Defendants are restricted to the issue of whether the Plaintiff has any duty to indemnify the Manifold Defendants with regard to the judgment entered against the Manifold Defendants in the underlying litigation.    The resolution of that issue will be dependant on whether the judgment fits within the coverage provisions of the insurance policy and whether any exclusions apply.  The requested data has no relevance to that issue.

4.    Plaintiff further objects to the production of the documents described in paragraph 5 of the Request to the extent it includes information regarding claims of "any other persons" on the ground that such information is not

relevant or calculated to lead to the discovery of relevant admissible evidence.

See paragraph 3 above regarding the issues between the Plaintiff and the

Whittelsey Defendants.

_____

Christopher Lyle McIlwain, Sr.
Attorney Code: MCILC 3043
State Code: MCI-002
Attorney for Plaintiff
Ohio Casualty Insurance Company

**OF COUNSEL:**

HUBBARD, SMITH, McILWAIN,
  BRAKEFIELD & BROWDER, P. C.
808 Lurleen Wallace Blvd., N.
P. O. Box 2427
Tuscaloosa, AL  35403
Telephone: (205) 345-6789

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon the following counsel, by depositing same in the United States Mail with adequate postage prepaid thereon and properly addressed to them.

Davis B. Whittelsey
Bobby Poole
Whittelsey, Whittelsey & Poole, P.C.
P. O. Box 106
Opelika, AL 36803-0106

James Don McLaughlin
Davis & McLaughlin
324 E. Magnolia Avenue
Auburn, AL 36830

This the 24th day of September, 2007.

_____
Of Counsel

# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

OHIO CASUALTY
INSURANCE COMPANY,            )
                              )
                              )
            Plaintiff,        )
                              )
v.                            )        CIVIL ACTION NO. 3:06CV977-MEF
                              )
MANIFOLD CONSTRUCTION,        )
LLC, et al.,                  )
                              )
            Defendants.       )

**PLAINTIFF'S FRCP 26(b)(5)(A)
PRIVILEGE LOG**

Plaintiff claims the following described documents to be protected by the

attorney-client privilege and/or the work product doctrine:

| Document No. | Date | Description |
|---|---|---|
| OC0001 to OC0014 | 4/18/05 | Letter from Attorney Chris McIlwain[1] to Ohio Casualty |
| OC0015 to OC0018 | 4/12/05 | Letter from Attorney Brad Smith[2] to Ohio Casualty |
| OC0019 to OC0020 | 4/5/05 | Letter from Ohio Casualty to Attorney Jim McLaughlin[3] |

---

[1] Chris McIlwain was engaged by Ohio Casualty to serve as coverage counsel relating to the underlying litigation. Attorney Rick Kremnick also provided input in this regard to Ohio Casualty.

[2] Brad Smith, Eric Bonner and their law firm served as defense counsel for the Manifold Defendants in the underlying litigation. Ohio Casualty funded the defense under a reservation of rights.

[3] Jim McLaughlin was and is corporate counsel for the Manifold Defendants

1

| Document No. | Date | Description |
|---|---|---|
| OC0021 | 4/5/05 | Letter from Ohio Casualty to Attorney Chris McIlwain |
| OC0022 | 3/30/05 | Letter from Attorney Jim McLaughlin to Ohio Casualty |
| OC0023 | 3/18/05 | Letter from Attorney Jim McLaughlin to Ohio Casualty |
| OC0075-OC0076 | 3/16/05 | Letter from Attorney Jim McLaughlin to Ohio Casualty |
| OC0123 | 3/23/05 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC124 | 3/23/05 | Facsimile from Ohio Casualty to Attorney Chris McIlwain |
| OC0125 | 3/23/05 | Facsimile from Ohio Casualty to Attorney Chris McIlwain |
| OC133 | 3/22/05 | Letter from Attorney Chris McIlwain to Ohio Casualty |
| OC0134 to OC0135 | 3/18/05 | Facsimile from Attorney Jim McLaughlin to Ohio Casualty |
| OC0138 | 3/17/05 | Letter from Ohio Casualty to Attorney Chris McIlwain |
| OC0139 | | File Notes of Ohio Casualty |
| OC0140 to OC141 | 3/16/05 | Letter from Attorney Jim McLaughlin to Ohio Casualty |
| OC0320 to OC0328 | | Claims Notes by Ohio Casualty |
| OC0333 | | Claims Notes by Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC0365 | 6/7/04 | Policy Information Sheet |
| OC0683 | 10/24/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0690 | | Note by Ohio Casualty |
| OC0691 | 10/23/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0712 | 10/23/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0716 | 10/20/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC0717 | 10/20/06 | Partial email from Attorney Brad Smith to Ohio Casualty |
| OC0720 | 10/20/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC0721 | 10/20/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0726 to OC0727 | 10/20/06 | Email letter from Attorney Eric Bonner to Ohio Casualty |
| OC0728 to OC0731 | (attachment to above ltr) | Deposition Summary of Sheldon "Whit" Whittelsey IV Taken on October 12, 2006 |
| OC0732 to OC0734 | " | Deposition Summary of Davis Bartlett Taken on October 12, 2006 |
| OC0735 to OC0737 | " | Factual Time Line from 5/14/04 to 7/2/05 |
| OC0738 to OC-750 | " | Calculation and Assessment of Plaintiffs Claimed Contractual Damages |

| Document No. | Date | Description |
|---|---|---|
| OC0751 to OC0753 | " | Exhibit B – Lien Amounts Claimed as Damage for Unpaid Manifold Liens |
| OC0754 | 10/18/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC0755 | 10/16/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0778 | 10/16/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0779 | 10/16/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0780 | 10/16/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0790 to OC0793 | | Trial Evaluation Form |
| OC0797 to OC0802 | 9/30/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC0803 | 10/6/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0816 to OC0817 | 10/11/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC0818 | 10/11/06 | Internal Ohio Casualty Email |
| OC0819 to OC0830 | 10/6/06 | Letter from Attorney Chris McIlwain to Ohio Casualty |
| OC0831 | 9/28/06 | Email from Attorney Brad Smith to Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC0835 | 9/19/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC0836 | 9/19/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC0837 | 9/18/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC0838 | 9/13/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0839 | 9/6/06 | Email from Ohio Casualty to Attorney Jim McLaughlin |
| OC0840 | 9/7/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC841 to OC0842 | 9/1/06 | Letter from Attorney Chris McIlwain to Ohio Casualty |
| OC0843 | 10/30/04 | Ohio Casualty Statement of Notices Mailed |
| OC0844 | 8/12/06 | Internal Ohio Casualty Memo |
| OC0845 | 9/6/06 | Email from Ohio Casualty to Attorney Jim McLaughlin |
| OC0846 | 8/31/06 | Letter from Attorney Jim McLaughlin to Ohio Casualty |
| OC0854 | 8/23/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC0855 | 8/23/06 | Email from Attorney Chris McIlwain to Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC0856 | 8/23/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC0862 | 8/23/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC0864 | 8/22/06 | Letter from Ohio Casualty to Attorney Chris McIlwain |
| OC0885 | 8/22/06 | Email from Ohio Casualty to Attorney Brad Smith |
| OC0886 | 8/17/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0887 | 8/7/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0888 | 8/7/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC0889 to OC0895 | 7/12/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC0896 | 8/3/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC0897 | 8/3/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC0898 | 8/2/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0902 | 7/31/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC0903 | 7/25/06 | Email from Ohio Casualty to Attorney Brad Smith |

6

| Document No. | Date | Description |
|---|---|---|
| OC0907 to OC0909 | 7/25/06 | Letter from Attorney Chris McIlwain to Ohio Casualty |
| OC0913 | 7/24/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC0923 | 7/24/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC0929 | 7/21/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0932 | 7/20/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC0933 to OC0941 | 7/19/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0942 | 7/14/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC0952 | 7/11/06 | Letter from Alana Duke (assistant to Attorney Brad Smith) to Ohio Casualty |
| OC0954 | 7/11/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0955 | 6/28/06 | Email from Ohio Casualty to Attorney Brad Smith |
| OC0956 to OC0957 | 6/28/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC0958 | 6/28/06 | Email from Ohio Casualty to Attorney Brad Smith |
| OC0959 | 6/26/06 | Letter from Attorney Chris McIlwain to Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC0960 | 6/26/06 | Email from Ohio Casualty to Attorney Brad Smith |
| OC0961 | 6/22/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC0962 | 6/7/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC0963 to OC0966 | " | Summary of Deposition Testimony of Jack Manifold |
| OC0967 to OC0968 | 5/24/06 | Letter from Attorney Chris McIlwain to Ohio Casualty |
| OC0971 to OC0972 | 4/28/06 | Letter from Attorney Chris McIlwain to Ohio Casualty |
| OC0973 | 4/27/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC0974 TO OC0978 | " | Deposition Summary of Phillip Kendrick |
| OC0979 to OC0980 | " | Deposition Summary of John Fuller |
| OC0981 to OC0982 | " | Deposition Summary of Maurice Patton |
| OC0983 to OC0986 | " | Deposition Summary of Jesse Cason |
| OC1004 | 4/6/06 | Letter from Attorney Chris McIlwain to Ohio Casualty |
| OC1006 | 3/29/06 | Letter from Alana Duke (legal assistant to Attorney Brad Smith) to Ohio Casualty |
| OC1008 | 3/27/06 | Letter from Attorney Chris McIlwain to Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC1031 | 3/22/06 | Letter from Alana Duke (legal assistant to Attorney Brad Smith) to Ohio Casualty |
| OC1033 | 3/8/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1043 | 3/13/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1044 | 3/13/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1045 | 3/13/06 | Letter from Ohio Casualty to Attorney Chris McIlwain |
| OC1046 to OC1047 | 2/28/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1049 | 2/21/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1050 to OC1055 | | Deposition Summary of Testimony of Sheldon Whittelsey, IV |
| OC1056 | 2/16/06 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1057 | 2/16/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1227 | 2/8/06 | Letter from Alana Duke (legal assistant to Attorney Brad Smith) to Ohio Casualty |
| OC1231 | 1/31/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1232 | 1/31/06 | Email from Ohio Casualty to Attorney Chris McIlwain |

| Document No. | Date | Description |
|---|---|---|
| OC1238 | 1/30/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1239 | 1/3/06 | Payment to law firm by Ohio Casualty |
| OC1240 to OC1042 | 12/19/05 | Law firm invoice |
| OC1243 | 12/21/05 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1244 | 12/21/05 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1245 | 12/21/05 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1246 | 11/29/05 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1247 to OC1248, and OC1255 | 11/15/05 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1272 | 10/26/05 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1273 and OC1274 | 9/19/05 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1275 | 9/23/05 | Payment to law firm by Ohio Casualty |
| OC1276 | 9/19/05 | Letter from Alana Duke (legal assistant to Attorney Brad Smith) to Ohio Casualty |
| OC1277 | 7/26/05 | Letter from Attorney Jim McLaughlin to Attorney Brad Smith |
| OC1278 | 9/1/05 | Letter from Attorney Brad Smith to Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC1279 | 8/26/05 | Letter from Attorney Chris McIlwain to Ohio Casualty |
| OC1280 | 7/21/05 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1282 | 7/13/05 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1283 | 7/11/05 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1284 | 7/7/05 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1285 | 7/1/05 | Letter from Attorney Chris McIlwain to Ohio Casualty |
| OC1286 | 7/5/05 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1287 | 6/29/05 | Letter from Attorney Brad Smith to Jack Manifold |
| OC1288 | 6/14/05 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1289 | 6/13/05 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1290 | 6/8/05 | Letter from Attorney Brad Smith to Jack Manifold |
| OC1292 to OC1293 | 5/25/05 | Claim Assessment |
| OC1294 | 5/17/05 | Letter from Attorney Brad Smith to Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC1295 | 5/16/05 | Letter from Attorney Jim McLaughlin to Ohio Casualty |
| OC1296 | 5/11/05 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1297 | | Signature page to Attorney Brad Smith letter |
| OC1300 | 5/10/05 | Facsimile from Ohio Casualty to Attorney Chris McIlwain |
| OC1301 | 5/11/05 | Tymetrix print out of assignment |
| OC1302 | 5/10/05 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1303 | 5/10/05 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1304 | 5/5/05 | Letter from Attorney Brad Smith to Jack Manifold |
| OC1322 | 5/3/05 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1323 | 5/2/05 | Letter from Ohio Casualty to Attorney Chris McIlwain |
| OC1324 to OC1325 | 4/28/05 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1338 | 12/1/04 | Ohio Casualty SCHU File Sheet |
| OC1340 | 12/6/04 | Ohio Casualty Group Loss Notice |
| OC1350 | 5/18/05 | Letter from Attorney Brad Smith to Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC1354 | 5/17/05 | Ohio Casualty payment to law firm |
| OC1355 | 4/21/05 | Letter from Attorney Jim McLaughlin to Ohio Casualty |
| OC1356 to OC1357 | 5/11/05 | Invoice from Davis & McLaughlin in the amount of $3,989.25 |
| OC1359 to OC1363 | | Ohio Casualty File Notes |
| OC1364 to OC1365 | | Hand-written note to Ohio Casualty from Attorney |
| OC1366 | 7/26/07 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1387 | 7/25/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1388 | 7/25/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1389 | 7/25/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1390 to OC1392 | 7/23/07 | Letter from Attorney Chris McIlwain to Attorney Jim McLaughlin |
| OC1393 | 7/24/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1394 | 7/23/07 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1395 | 7/17/07 | Letter from Attorney Jim McLaughlin to Attorney Chris McIlwain |

| Document No. | Date | Description |
|---|---|---|
| OC1396 | 7/17/07 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1397 | 7/17/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1400 to OC1401 | 7/13/07 | Letter from Attorney Chris McIlwain to Ohio Casualty |
| OC1404 | 7/12/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1405 | 7/11/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1406 to OC1408 | 7/11/07 | Letter to Attorney Jim McLaughlin from Attorney Chris McIlwain |
| OC1409 | 7/11/07 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1410 | 7/11/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1411 | 7/11/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1414 to OC1415 | 7/9/07 | Letter from Attorney Chris McIlwain to Attorney Jim McLaughlin |
| OC1416 | 7/10/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1421 | 7/9/07 | Letter from Alana Duke (legal assistant to Attorney Brad Smith) to Ohio Casualty |
| OC1424 | 7/9/07 | Email from Cynthia Williams (legal assistant to Attorney Brad Smith) to Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC1425 | 7/9/07 | Email from Cynthia Williams (legal assistant to Attorney Brad Smith) to Ohio Casualty |
| OC1426 | 7/9/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1427 | 7/9/07 | Email from Cynthia Williams (legal assistant to Attorney Brad Smith) to Ohio Casualty |
| OC1428 to OC1429 | 7/5/07 | Letter from Attorney Brad Smith to Jack Manifold |
| OC1430 | 7/9/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1437 | 7/6/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1438 | 7/5/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1439 | 7/2/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1440 | 6/29/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1441 | 6/29/07 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1442 | 6/29/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1443 | 6/29/07 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1444 | 6/28/07 | Email from Ohio Casualty to Attorney Brad Smith |

| Document No. | Date | Description |
|---|---|---|
| OC1445 | 6/26/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1446 | 6/21/07 | Letter from Attorney Jim McLaughlin to Attorney Brad Smith and Ohio Casualty |
| OC1449 | 6/21/07 | Letter from Alana Duke (legal assistant to Attorney Brad Smith) to Ohio Casualty |
| OC1451 | 6/20/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1452 to OC1453 | 6/11/07 | Letter from Attorney Rick Kremnick of the law firm of Blank Rome, LLP to Ohio Casualty |
| OC1454 to OC1456 | | Addendum to Attorney Engagement Letter |
| OC1457 to OC1458 | 6/6/07 | Email from Ohio Casualty to Attorney Rick Kremnick |
| OC1459 | 6/7/07 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1460 | 6/5/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1461 to OC1462 | 5/31/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1463 | 5/30/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1464 | 5/30/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1465 | 5/29/07 | Email from Attorney Chris McIlwain from Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC1467 | 5/29/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1477 | 5/29/07 | Email from Bonnie Sutton (legal assistant to Attorney Chris McIlwain) to Ohio Casualty |
| OC1478 | 5/24/07 | Letter from Attorney Jim McLaughlin to Attorney Chris McIlwain |
| OC1479 to OC1480 | 5/30/07 | Letter from Attorney Chris McIlwain to Ohio Casualty |
| OC1481 | 10/16/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1504 | 5/22/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1505 to OC1506 | 5/22/07 | Letter from Attorney Eric Bonner to Ohio Casualty |
| OC1507 to OC1508 | 5/17/07 | Deposition Summary of Jayne Gunter, CPA |
| OC1509 | 5/24/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1512 | 5/23/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1534 | 5/18/07 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1536 | 5/18/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1538 | 5/17/07 | Email from Bonnie Sutton (legal assistant to Attorney Chris McIlwain) to Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC1544 | 5/18/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1545 | 5/18/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1563 to OC1565 | 5/14/07 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1566 | 5/14/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1572 | 5/9/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1573 | 5/9/07 | Email from Attorney Brad Smith to Ohio Casualty (with hand written notes) |
| OC1578 to OC1579 | 5/10/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1580 | 5/10/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1585 | 5/9/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1587 | 4/19/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1588 | 4/19/07 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1589 | 4/3/07 | Letter from Attorney Jim McLaughlin to Ohio Casualty |
| OC1590 | 4/4/07 | Email from Ohio Casualty to Attorney Chris McIlwain |

| Document No. | Date | Description |
|---|---|---|
| OC1591 | 4/3/07 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1594 | 3/19/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1595 | 3/19/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1599 | 3/19/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1600 | 3/19/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1603 | 3/15/07 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1605 | 2/27/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1607 to OC1608 | 2/21/07 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1609 | 2/22/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1610 to OC1611 | 2/21/07 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1623 | 2/8/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1624 | 2/7/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1625 | 2/7/07 | Email from Attorney Brad Smith to Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC1626 | 2/7/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1627 | 2/5/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1628 | 2/5/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1629 | 1/25/07 | Email from Attorney Brad Smith to Attorney Davis Whittelsey |
| OC1631 | 1/24/07 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1632 | 1/23/07 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1635 | 1/23/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1636 | 1/23/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1640 | 1/18/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1641 to OC1642 | 1/18/07 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1643 to OC1644 | 1/18/07 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1645 | 1/18/07 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1648 | 10/5/06 | Letter from Alana Duke (legal assistant to Attorney Brad Smith) to Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC1652 | 12/28/06 | Letter from Alana Duke (legal assistant to Attorney Brad Smith) to Ohio Casualty |
| OC1654 | 12/19/06 | Letter from Ohio Casualty to Alana Duke (legal assistant to Attorney Brad Smith) |
| OC1657 | 12/12/06 | Letter from Alana Duke (legal assistant to Attorney Brad Smith) to Ohio Casualty |
| OC1661 | 12/12/06 | Letter from Alana Duke (legal assistant to Attorney Brad Smith) to Ohio Casualty |
| OC1663 | 12/18/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1666 | 12/12/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1667 | 12/12/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1726 | 12/12/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1727 | 12/11/06 | Email to Ohio Casualty |
| OC1729 | 12/11/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1737 to OC1739 | 12/6/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1740 | 12/5/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1759 | 11/30/06 | Email from Attorney Brad Smith to Ohio Casualty |

| Document No. | Date | Description |
|---|---|---|
| OC1770 | 11/20/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1771 | 11/20/06 | Letter from Ohio Casualty to Attorney Chris McIlwain |
| OC1772 | 11/20/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1774 | 11/20/06 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1775 | 11/15/06 | Letter from Rachael Perry (legal assistant to Attorney Brad Smith) to Ohio Casualty |
| OC1776 | 11/15/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1777 | 11/14/06 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1778 | 11/14/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1779 to OC1782 | 11/7/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1785 | 11/7/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1786 | 11/7/06 | Email from Ohio Casualty to Attorney Brad Smith |
| OC1787 to OC1793 | 11/3/06 | Letter from Attorney Chris McIlwain to Ohio Casualty |
| OC1800 | 11/2/06 | Email from Ohio Casualty to Bruce Frederick |

22

| Document No. | Date | Description |
|---|---|---|
| OC1801 | 11/1/06 | Email from Ohio Casualty to Bruce Frederick |
| OC1802 | 10/31/06 | Email from Ohio Casualty to Bruce Frederick |
| OC1803 | | Handwritten notes by Ohio Casualty |
| OC1805 | 10/27/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1809 | 10/23/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1810 | 10/26/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1811 to OC1812 | 10/26/06 | Letter from Attorney Eric Bonner to Ohio Casualty |
| OC1813 to OC1815 | 10/26/06 | Letter from Attorney Brad Smith to Ohio Casualty |
| OC1816 | 10/26/06 | Email from Attorney Chris McIlwain to Ohio Casualty |
| OC1817 | 10/26/06 | Email from Attorney Brad Smith to Ohio Casualty |
| OC1826 | 10/25/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1827 | 10/25/06 | Email from Ohio Casualty to Attorney Chris McIlwain |
| OC1925 to OC1933 | 7/24/07 | Claim Notes by Ohio Casualty |

Christopher Lyle McIlwain, Sr.
Attorney Code: MCILC 3043
State Code: MCI-002
Attorney for Plaintiff
Ohio Casualty Insurance Company

**OF COUNSEL:**

HUBBARD, SMITH, McILWAIN,
  BRAKEFIELD & BROWDER, P. C.
808 Lurleen Wallace Blvd., N.
P. O. Box 2427
Tuscaloosa, AL  35403
Telephone: (205) 345-6789

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon the following counsel, by depositing same in the United States Mail with adequate postage prepaid thereon and properly addressed to them.

Davis B. Whittelsey
Bobby Poole
Whittelsey, Whittelsey & Poole, P.C.
P. O. Box 106
Opelika, AL 36803-0106

James Don McLaughlin
Davis & McLaughlin
324 E. Magnolia Avenue
Auburn, AL  36830

This the 21st day of September, 2007.

Of Counsel